UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DARLENE McDAY, individually and as Executrix
of the Estate of DANTE TAYLOR, and TEMPLE
McDAY,

                              Plaintiffs,

            – against –

STEWART ECKERT, Superintendent, Wende
Correctional Facility, et al.,

                              Defendants.

**No. 1:20-cv-00233-JLS-JJM**

**MEMORANDUM IN OPPOSITION TO DEFENDANTS'**
**MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE MOVE**

## PRELIMINARY STATEMENT

This is a civil rights action brought by Plaintiffs Darlene McDay and Temple McDay arising from the horrific death of Darlene's son, and Temple's grandson, Dante Taylor. On October 7, 2017, the day after he was beaten by correction officers almost beyond recognition, Dante was found unresponsive in a keeplock unit in Wende Correctional Facility. He was pronounced deceased from an apparent suicide shortly thereafter. Since that day, Plaintiffs have been seeking accountability for Dante's death. This case should proceed now without undue delay. On that basis, Plaintiffs oppose the June 29, 2020 motion for extension of time to file an answer or otherwise move filed on behalf of the ten non-moving Defendants. *See* ECF No. 25.

## FACTUAL BACKGROUND

Plaintiffs filed this action on February 24, 2020. ECF No. 1 (Complaint). In the months that followed, counsel for Plaintiffs, the Office of the Attorney General ("OAG"), DOCCS Counsel's Office, and counsel for the Office of Mental Health worked together to effect service on all Defendants even in the midst of the Covid-19 pandemic.

On April 15, 2020, counsel for Plaintiffs conferred with the OAG via telephone regarding the deadline for responsive pleadings in this case. On that call, OAG counsel stated that it was still in the process of completing conflict checks with regard to the individual Defendants in this case. Plaintiff agreed to an extension of the deadline for responsive pleadings to May 29, 2020, with the understanding that the OAG would diligently continue to make representation decisions for the individual Defendants.

In the days leading up to the May 29, 2020 filing deadline, OAG counsel again reached out to counsel for Plaintiffs and stated that their conflict check was not yet complete. Counsel for Plaintiffs and OAG counsel again conferred via telephone on May 29, 2020. Plaintiffs agreed to

an additional 31-day extension, to June 29, 2020. Plaintiffs advised OAG counsel that by that date, it would then have had four months to make representation decisions and Plaintiff would not be able to consent to any further extensions.

On June 29, 2020, the day on which all Defendants' responses were due, OAG counsel moved on behalf of the 10 non-moving Defendants for a 45-day extension of their deadline to answer or otherwise move in response to the Complaint. This extension would be in addition to the two months of extensions already afforded OAG counsel as a matter of professional courtesy to resolve their conflict check.

## ARGUMENT

The OAG has not met its burden to justify the grant of an additional extension. Accordingly, Plaintiffs should not be made to wait an additional 45 days, with the possibility of future requests for extensions by any incoming counsel retained to represent any individuals, to move forward with their claims in this case.

Factors to be considered in granting an extension to file a pleading include "the danger of prejudice to the other party as well as the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Biton v. Palestinian Interim Self-Gov't Auth.*, 239 F.R.D. 1, 3 (D.D.C. 2006) (internal citation and quotation marks omitted). Here, the OAG has had ample time to complete a conflict check on the Defendants, make representation decisions, and determine whether certain Defendants will require the appointment of outside counsel. Indeed, from March 3, 2020—the date that Plaintiffs began to effect service in this action—to the most recent Answer deadline, the OAG has had 118 days, or roughly four months, to complete this process. OAG had the ability, resources, and time to complete this process, and

OAG has not given the Court or Plaintiff any indication as to why it has been unable to complete this process. While we appreciate that the coronavirus pandemic has posed challenges to litigants in some cases, here, the OAG's ability to confer with the Defendants and determine their representation position is not the type of activity that should have been hindered by the coronavirus restrictions.

Further, Plaintiffs will be prejudiced by ongoing extensions to Defendants' pleading deadline. Without a responsive pleading, Plaintiffs are unable to move forward with discovery or motion practice. It is clear that some of the individual defendants will retain outside counsel, all of whom will presumably request their own extensions once they appear. Therefore, a prompt shift to the commencement of discovery of this case is not only necessary for Plaintiffs to prove their claims, but also in both parties' interests in forming a complete record in this case.

## **CONCLUSION**

For the reasons stated above, Plaintiffs oppose Defendants' motion for an extension of time to file an answer or otherwise move, and ask that this Court deny the motion. In the alternative, Plaintiffs ask that the Court set a more limited extension of 21 days, or whatever more limited extension the Court sees fit to impose, and any other relief this Court deems appropriate.

Dated: July 7, 2020
      New York, New York

Respectfully submitted,

EMERY CELLI BRINCKERHOFF
& ABADY LLP

    /s/ Katherine Rosenfeld
Katherine Rosenfeld
Marissa R. Benavides
600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2020, a true and correct copy of the foregoing Memorandum in Opposition to Defendants' Motion for Extension of Time to Answer or Otherwise Move was filed with the Court and served on all counsel of record via operation of the Court's CM/ECF system.

/s/ Katherine Rosenfeld
Katherine Rosenfeld

*Attorney for Plaintiffs*