UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DARLENE McDAY, individually and as Executrix of the Estate of DANTE TAYLOR, and TEMPLE McDAY,

                Plaintiffs,

– against –

STEWART ECKERT, Superintendent, Wende Correctional Facility, et al.,

                Defendants.

No. 1:20-cv-00233-JLS-JJM

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS**

Emery Celli Brinckerhoff Abady LLP
600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000

TABLE OF CONTENTS

PAGE NO.

PRELIMINARY STATEMENT ...........................................................................................1

FACTUAL BACKGROUND...............................................................................................1

STANDARD OF REVIEW ..................................................................................................2

ARGUMENT.........................................................................................................................3

CONCLUSION......................................................................................................................4

TABLE OF AUTHORITIES

PAGE NO.

**Cases**

*CutCo Indus., Inc. v. Naughton*,
    806 F.2d 361 (2d Cir.1986).................................................................................................. 3

*DiFillippo v. Special Metals Corp.*,
    299 F.R.D. 348 (N.D.N.Y. 2014)........................................................................................... 3

*Feingold v. Hankin*,
    269 F.Supp.2d 268, 276 (S.D.N.Y.2003)............................................................................. 4

*In re Magnetic Audiotape Antitrust Lit.*,
    334 F.3d 204 (2d Cir. 2003)................................................................................................... 3

*Jackson v. City of N.Y.*,
    No. 14–CV–5755, 2015 WL 4470004 (S.D.N.Y. June 26, 2015) ...................................... 3

*Metro. Life Ins. Co. v. Robertson–Ceco Corp.*,
    84 F.3d 560 (2d Cir. 1996).................................................................................................... 3

*Osrecovery, Inc. v. One Grp. Int'l, Inc.*,
    234 F.R.D. 59 (S.D.N.Y. 2005) ............................................................................................ 3

*Soos v. Niagara County*,
    195 F. Supp. 3d 458 (W.D.N.Y. 2016) ................................................................................ 3

**Statutes & Rules**

Fed. R. Civ. P. 4 .................................................................................................................................. 3

Fed. R. Civ. P. 12 ..................................................................................................................... 2, 3, 4

## PRELIMINARY STATEMENT

The Court has been well appraised of the devastating events giving rise to this action. On October 7, 2017, Plaintiffs Darlene and Temple McDay forever lost their son and grandson, Dante Taylor, to an entirely preventable death. That morning, less than a day after Dante had been beaten by correction officers almost beyond recognition, he was found unresponsive in a keeplock unit in Wende Correctional Facility. He was pronounced deceased from an apparent suicide shortly thereafter. He was 22 years old.

Plaintiffs bring this suit against the individuals who each had a duty to care for Dante while he was incarcerated at Wende, and who failed in carrying out their duties despite the many opportunities to act to protect Dante's life. Defendants Baron and McDonald now seek to dismiss this suit in its entirety on purely procedural grounds. As set forth more fully below, Plaintiffs have made and continue to make good faith efforts to effect service on Defendants, have completed service on Defendant Baron, and will be able to complete service on Defendant McDonald in the near future. As such, Defendants' motion to dismiss should be denied.

## FACTUAL BACKGROUND

On February 24, 2020, Plaintiffs initiated this action with a Complaint containing claims against, *inter alia*, Defendants Baron and McDonald. *See* Dkt. 1. Plaintiffs immediately began efforts to serve all Defendants with the Summons and Complaint. *See* Decl. of M. Benavides, attached hereto as Exhibit A.

On March 6, 2020, Process Server Michael Hadden completed service of the Summons and Complaint on Wende Inmate Records Clerk Lynnette Bizub, who represented to Hadden that she was authorized to accept service of process for Defendants Baron and McDonald. *See* Dkt. 4 at 1, 7, attached hereto as Exhibit B. Plaintiffs duly filed proof of service with the Court for

these two Defendants. *Id.*

On Friday, June 26, 2020, Assistant Attorney General David Sleight sent an email to Plaintiffs' counsel advising that Defendant Baron had retired and was not available for service via a representative at Wende. *See* Dkt. 42-1 (Decl. of D. Sleight). Per Mr. Sleight's suggestion, Plaintiffs' counsel reached out to DOCCS counsel Charles Quackenbush the next Tuesday to solicit his assistance in completing service on Defendant Baron. Mr. Quackenbush confirmed that he would so assist. *See* June 30, 2020 Email Exchange between M. Benavides and C. Quackenbush, attached hereto as Exhibit C.

After Plaintiffs' counsel made repeated attempts to confirm with DOCCS counsel that Defendant Baron had been reached and had authorized DOCCS counsel to accept service on his behalf, DOCCS counsel Tina Ryan was finally able to confirm such on August 6, 2020. *See* Aug. 6, 2020 Email from T. Ryan to M. Benavides, attached hereto as Exhibit D. Plaintiffs immediately effected service on Defendant Baron by way of DOCCS counsel. Dkt. 51.

Separately, until receiving and reviewing the Declaration of Assistant Attorney General David Sleight at Dkt. 42-1, Plaintiffs' counsel was not at any point informed Defendant McDonald had left DOCCS employment as of the time the Complaint was filed, nor was Plaintiffs' counsel informed that Wende Inmate Records Clerk Lynnette Bizub was unable to accept service for Defendant McDonald. *See* Exhibit A. Plaintiffs' counsel accepts as true that the Attorney General's Office has received confirmation that private counsel Joseph LaTona will be entering an appearance on behalf of Defendant McDonald. *See* Dkt. 42-1.

## **STANDARD OF REVIEW**

On a Fed. R. Civ. P. 12(b)(2) motion to dismiss for lack of personal jurisdiction, "plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *In re*

2

*Magnetic Audiotape Antitrust Lit.,* 334 F.3d 204, 206 (2d Cir. 2003). "Prior to discovery, a plaintiff may survive a Rule 12(b)(2) motion to dismiss by pleading in good faith legally sufficient allegations of jurisdiction." *DiFillippo v. Special Metals Corp.*, 299 F.R.D. 348, 352 (N.D.N.Y. 2014) (citing *Metro. Life Ins. Co. v. Robertson–Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996)). "That is, where a court relies only upon the pleadings and supporting affidavits, a plaintiff need only make a prima facie showing of personal jurisdiction over a defendant." *Id.* (citing *CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 364 (2d Cir.1986))

"Objections to sufficiency of process under Fed. R. Civ. P. 12(b)(4) must identify substantive deficiencies in the summons, complaint or accompanying documentation." *DiFillippo*, 299 F.R.D. at 352–53 (citation omitted). A Rule 12(b)(4) motion is proper "only to challenge noncompliance with the provisions of Rule 4(b)1 or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons." *Jackson v. City of N.Y.*, No. 14–CV–5755, 2015 WL 4470004, at *4 (S.D.N.Y. June 26, 2015) (internal citation and quotation marks omitted). While "defects [in service] that are prejudicial to the defendant or show a flagrant disregard for the rule" may render service invalid, "minor or technical defects in a summons" do not. *Osrecovery, Inc. v. One Grp. Int'l, Inc.*, 234 F.R.D. 59, 60 (S.D.N.Y. 2005). Further, the Court has discretion to grant additional time to serve defendants under Fed. R. Civ. P. 4(m) for good cause shown, and even in some circumstances where good cause cannot be shown. *See, e.g.*, *Soos v. Niagara County*, 195 F. Supp. 3d 458, 464 (W.D.N.Y. 2016) (exercising discretion to grant further time to effect proper service despite plaintiff's failure to show good cause).

## **ARGUMENT**

Plaintiffs have demonstrated good cause for the insufficient process on both Defendants

and should be granted the opportunity to complete proper service within the next two weeks, or whatever time period the Court deems proper.

Defendants McDonald and Baron argue that the Complaint should be dismissed as against them due to lack of personal jurisdiction and insufficient process under Fed. R. Civ. P. 12(b)(2), 12(b)(4). A full dismissal of the complaint is not warranted here. Plaintiffs have demonstrated good cause for the insufficient process and the ability to cure the defect in a timely manner, and Defendant McDonald will not be prejudiced by an extension of time for Plaintiffs to properly effect service of the Summons and Complaint.

"Good cause . . . is evidenced . . . where the insufficiency of service results from circumstances beyond the plaintiff's control." *Feingold v. Hankin*, 269 F.Supp.2d 268, 276 (S.D.N.Y.2003). Here, Plaintiffs made every reasonable effort to effect service on Defendants Baron and McDonald and, until June 26, 2020 and July 24, 2020, respectively, believed they had properly effected service on both Defendants. Indeed, with regard to Defendant Baron, Plaintiffs have effected service of the Summons and Complaint as of August 6, 2020. With regard to Defendant McDonald, Plaintiffs are prepared to effect service on Defendant McDonald with the assistance of his counsel of record immediately upon said counsel entering a notice of appearance in this case.

Given that Defendant Baron has now been served and Defendant McDonald has, on information and belief, retained counsel in this matter such that service is likely to be effected in the near future, there remain no procedural issues regarding service of process on either Defendant.

## **CONCLUSION**

For the foregoing reasons, Defendants' partial motion to dismiss Plaintiffs' claims

pursuant to Rule 12(b)(2) and Rule 12(b)(4) should be denied.

Dated: August 7, 2020                                 Respectfully submitted,
     New York, New York

                                                         EMERY CELLI BRINCKERHOFF
                                                         & ABADY LLP

                                                           /s/ Katherine Rosenfeld
                                                        Katherine Rosenfeld
                                                        Marissa R. Benavides
                                                        600 Fifth Avenue, 10th Floor
                                                        New York, New York 10020
                                                        (212) 763-5000

                                                        *Attorneys for Plaintiffs Darlene and Temple*
                                                        *McDay*

## CERTIFICATE OF SERVICE

      I hereby certify that on August 7, 2020, a true and correct copy of the foregoing Memorandum in Opposition to Defendants' Motion to Dismiss was filed with the Court and served on all counsel of record via operation of the Court's CM/ECF system.

                                                /s/ Katherine Rosenfeld
                                                Katherine Rosenfeld

                                                *Attorney for Plaintiffs Darlene and Temple McDay*