UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────────────

DARLENE McDAY, Individually and as Executrix of the
Estate of DANTE TAYLOR, and
TEMPLE McDAY,
                                          Plaintiffs

        -v-                                                                      20-CV-00233

STEWART ECKERT, et al,

                              Defendants.
───────────────────────────────────────────────

## REPLY MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT SGT. LEWALSKI'S
## MOTION TO DISMISS COMPLAINT

Plaintiffs' excessive force and deliberate indifference claims arise under the 8th amendment since Mr. Taylor was a prisoner at the time of the events alleged; not, as asserted in the Amended Complaint under the 4th and 14th Amendments to the United States Constitution (pars. 11, 294 of Plaintiffs' Amended Complaint). *See Darnell v. Pineiro, 849 F.3d 17, 29 (2d Cir. 2017).* Sgt. Lewalski did not move to dismiss the Third Claim for Relief alleging excessive force. He does seek dismissal of the First Claim for Relief alleging deliberate indifference to serious medical needs.

The Amended Complaint alleges Sgt. Lewalski, responded to a medical situation involving Mr. Taylor's ingestion of K2 (synthetic marijuana) in his cell on October 6, 2017, the night before he killed himself.

1

Sgt. Lewalski and others, are alleged to have used excessive force in extracting Mr. Taylor from his cell causing him to sustain superficial facial and head injuries. The facts making up that excessive force claim form the basis for the Third Claim for Relief and are the only specific allegations of contact between Sgt. Lewalski and Mr. Taylor in the Amended Complaint. Nevertheless Plaintiffs conclude in the First Claim for Relief that he and all other defendants were somehow "aware" of Mr. Taylor's suicidal propensity and were "deliberately indifferent" to his serious medical needs the next day, October 7, 2017.

The Plaintiffs' Response to Defendant Lewalski's motion to dismiss the First Claim for Relief fails to address the argument that the same facts cannot form the basis of both Sgt. Lewalski's action in the Third claim for relief (using excessive force) and also his inaction in the First claim for relief (deliberate indifference to serious medical needs).

What the Plaintiffs seem to want to argue is that the excessive force and assault of Mr. Taylor alleged in the Third claim for Relief caused him to sustain certain physical injuries; and that same fact pattern involving Mr. Taylor being physically assaulted either caused a mental injury or further exacerbation of his pre-existing mental problems leading him to commit suicide. But that is not how the Complaint is pled.

The First cause of action does not allege the Sgt. Lewalski's "action" in assaulting Mr. Taylor was the reason he later committed suicide. Rather, it says his "<u>inaction</u>" is what constituted "deliberate indifference" to serious medical needs. (see par. 278 "The Officer Defendants were aware that their inaction made it foreseeable that Mr. Taylor would commit suicide, and they consciously disregarded that risk." )

There is an objective and a subjective prong to the test for "deliberate indifference". The Defense believes the plaintiffs fail to properly allege the latter.

To satisfy the first prong or objective element of a deliberate indifference to medical needs claim, plaintiffs must show that Mr. Taylor suffered from a serious medical condition, which is defined as "a condition of urgency, one that may produce death, degeneration, or extreme pain." *Johnson v. Wright*, 412 F.3d 398, 403 (2d Cir. 2005); *Darnell v. Pineiro*, 849 F.3d 17, 29, 30 (2d Cir. 2017); *Jabbar v. Fischer*, 683 F.3d 54, 57 (2d Cir. 2012); Hill v. Sharp, 2020 U.S. Dist. LEXIS 185894, *5.

The only plausible "serious medical condition" Sgt. Lewalski is alleged to have known about was Mr. Taylor's overdose from K2 in his cell or, giving plaintiffs every benefit, his medical condition after having been assaulted. However, Sgt. Lewalski responded to those "serious medical conditions" because Mr. Taylor was taken from the block to the medical unit for treatment. No delay or withholding of medical treatment for those conditions is alleged. Nor do Plaintiffs do allege that Mr. Taylor was suicidal on October 6, 2017 when Sgt. Lewalski encountered him or that his use of K2 was in fact a suicide attempt. Therefore, the term "serious medical condition", as it appears in the First Claim for Relief, must refer to Mr. Taylor's intention to commit suicide which is separate from any acts alleged in the Third Claim for Relief and constituting the use of excessive force by Sgt. Lewalski.

Assuming *arguendo* that Plaintiffs sufficiently allege in the First Claim for Relief that there were a combination of conditions, including the assault, that posed an unreasonable risk to Mr. Taylor's mental health, they fail to meet the second or subjective prong of the test.

> To meet the subjective element, the plaintiff must prove the defendant's deliberate indifference to "any objectively serious condition of confinement." *Darnell, 849 F.3d at 32*. The plaintiff must prove that the defendant "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id at 35*. This subjective element is defined objectively. *Ibid.*

This second requirement is that a prison official must have acted or failed to act with a "sufficiently culpable state of mind," *Farmer*, 511 U.S. at 834, 114 S. Ct. 1970; *see also Jabbar,* 683 F.3d at 57, i.e., with "deliberate indifference to inmate health or safety." *Farmer,* 511 U.S. at 834, 114 S. Ct. 1970; *see also Jabbar*, 683 F.3d at 57. "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835, 114 S. Ct. 1970;

Sgt. Lewalski is not alleged to have been personally aware of the inmate's "serious medical needs" i.e. suicidal tendency (or that the suicidal presentation of the inmate was so obvious he could be presumed to be aware). The only "serious medical needs" Sgt. Lewalski was aware of occurred before or during the cell extraction in relation to Mr. Taylor's drug use.

One cannot deliberately disregard something that is not known to him. Absent an allegation that he knew of Mr. Taylor's suicidal condition, the Defendant cannot be "personally" responsible for the constitutional violation. See *Hill v. Sharp,* 2020 U.S. Dist. LEXIS 185894, *1 (Oct. 7, 2020 Dist.CT) (court concluded the complaint should be served on one of the defendants but that plaintiff failed to allege sufficient facts against the remaining defendants to plausibly show that they personally violated his constitutional rights).

Here, the only medical condition Sgt. Lewalski allegedly knew about was Mr. Taylor's use of K2 in his cell. There is no other specific allegation made about Sgt. Lewalski in the complaint and conclusory allegations about what other defendants knew will not suffice for purposes of proceeding against Sgt. Lewalski. The plaintiffs make general statements in the Amended Complaint about the knowledge attributable to "defendants" without specifying that particular correctional officers knew or had responsibility for Mr. Taylor under circumstances in which it would be reasonable to infer their knowledge of his suicidal tendencies.

In Plaintiffs' Response to Defendant's motion they state: "Defendants knew of a substantial risk to Dante's health and safety" (p.12, subsection A) because he 1) suffered from "multiple mental health" 2) "and related substance abuse incidents" and 3) "numerous Wende CO's committed abusive acts against Dante 4) and some even knew of his "risk of suicide" [Sgt. Lewalski is not named] and 5) the CO's were "aware of the generally elevated risk of suicide at Wende. These generalized, conclusory statements are not sufficient to plead actual awareness on the part of Sgt. Lewalski.

To illustrate, there is no allegation that Sgt. Lewalski had prior contact with Mr. Taylor and he [Taylor] expressed an intent to harm himself or complained that harsh treatment by other officers was causing him to consider suicide. There is no allegation Mr. Taylor was on medication for depression and that Sgt. Lewalski was present on the block when the nurses administered it to him. Nor is it alleged that Sgt. Lewalski was present on any other occasion in that block (eg. or that block was his regular "bid") such that it could be inferred he may have witnessed other officers mistreat Mr. Taylor. While the Complaint states that plaintiffs called the

5

prison to complain, it does not allege that they spoke to Sgt Lewalski or any message was passed along to him.

"For claims arising under the Eighth Amendment, a plaintiff must show that the defendants knew of and disregarded an excessive risk to his or her health or safety by failing to take reasonable measures to avoid the harm. *Caiozzo*, 581 F.3d at 69.  The plaintiff must allege that the defendants were "aware of facts from which the inference could be drawn that a substantial risk of serious harm existed," and also that they drew the inference. *Farmer*, 511 U.S. at 837.

A defendant's knowledge of an excessive risk to the prisoner can be established through a showing that "the risk was obvious or otherwise must have been known to [the] defendant." *Brock v. Wright*, 315 F.3d 158, 164 (2d Cir. 2003)."  While Mr. Taylor's drug abuse was obvious to officers on October 6, 2017, they are not mental health professionals. If Mr. Taylor was suicidal at the time Sgt. Lewalski encountered him on October 6, 2017, a conclusion undercut by the fact he was treated and released from the Erie County Medical Center in the early hours of the next morning, there is no allegation to that effect contained in the Amended Complaint. Even if Mr. Taylor was suicidal,  Sgt. Lewalski was not personally aware of it and therefore is no viable claim against him for deliberately indifference.

## CONCLUSION

Since the Amended Complaint fails to state a cause of action in the First claim for Relief, Sgt. Lewalski respectfully requests that this Court issue an order dismissing it.

Sgt. Lewalski previously raised, and requests leave to join in the further arguments of other defendants on, the officers' entitlement to qualified immunity and the Complaint's failure to allege a viable loss of intimate association or substantive due process claim.

Dated:  Orchard Park, New York
        October 8, 2020

                                       Respectfully submitted,

                                       <u>s/ Cheryl Meyers Buth</u>
                                       Cheryl Meyers Buth, Esq.
                                       Meyers Buth Law Group
                                       Attorneys for Defendant Sergeant Lewalski
                                       21 Princeton Place
                                       Suite 105
                                       Orchard Park, New York  14127
                                       (716) 508-8598

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DARLENE McDAY, Individually and as Executrix of the
Estate of DANTE TAYLOR, and
TEMPLE McDAY,

                              Plaintiffs

    -v-                                                         20-CV-00233

STEWART ECKERT, et al,

                              Defendants.
_____

**CERTIFICATE OF SERVICE**

I hereby certify that on October 8, 2020, I electronically filed the foregoing Reply Memorandum with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

Katherine R. Rosenfeld
Emery Celli Brinckerhoff & Abady, LLP 600 Fifth Avenue
10th Floor
New York, NY 10020
212 763-5000
krosenfeld@ecbalaw.com

Marissa Benavides
Emery Celli Brinckerhoff & Abady, LLP 600 Fifth Avenue
10th Floor
New York, NY 10020
212 763-5000 mbenavides@ecbalaw.com

Daniel J. Henry, Jr.
Villarini & Henry, L.L.P.
16 Main Street
Hamburg, NY 14075
(716) 648-0510 dhenry@villariniandhenry.com

Brian Melber
Personius Melber LLP
2100 Main Place Tower
350 Main Street
Buffalo, NY 14202
(716) 855-1050 bmm@personiusmelber.com

Rodney O. Personius Personius Melber LLP
2100 Main Place Tower 350 Main Street
Buffalo, NY 14202
(716) 855-1050 rop@personiusmelber.com

Scott R. Hapeman Personius Melber LLP
2100 Main Place Tower 350 Main Street
Buffalo, NY 14202 716-855-1050 srh@personiusmelber.com

Eric Michael Soehnlein
Lippes Mathias Wexler Friedman LLP 50 Fountain Plaza
Suite 1700
Buffalo, NY 14202
716-853-5100
esoehnlein@lippes.com

Sean M O'Brien
Lippes Mathias Wexler Friedman LLP 50 Fountain Plaza
Suite 1700
Buffalo, NY 14202
716 853-5100
sobrien@lippes.com

Barry Nelson Covert
Lipsitz Green Scime Cambria LLP 42 Delaware Avenue
Suite 120
Buffalo, NY 14202
716-849-1333, ext. 365 bcovert@lglaw.com

Diane M. Perri Roberts
Lipsitz Green Scime Cambria LLP 42 Delaware Avenue
Suite 120
Buffalo, NY 14202
716-849-1333 Ext. 465 droberts@lglaw.com

Patrick James Mackey
Lipsitz Green Scime Cambria LLP 42 Delaware Avenue
Suite 120

Buffalo, NY 14202
716-849-1333 pmackey@lglaw.com

Joseph M. LaTona
403 Main Street
Suite 716
Buffalo, NY 14203 (716) 842-0416 sandyw@tomburton.com

                                                  <u>s/ Cheryl Meyers Buth</u>
                                                  Cheryl Meyers Buth, Esq.
                                                  Meyers Buth Law Group
                                                  Attorneys for Defendant Sergeant Lewalski
                                                  21 Princeton Place
                                                  Suite 105
                                                  Orchard Park, New York  14127
                                                  (716) 508-8598