UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DARLENE McDAY, individually and as
Executrix of the Estate of DANTE TAYLOR,
and TEMPLE McDAY

    PLAINTIFFS,


   v.               Case No. 1:20-cv-00233

STEWART ECKERT, Superintendent, Wende
Correctional Facility; MARGARET STIRK, Unit
Chief, Wende Correctional Facility, KRISTEN
MURATORE, Forensic Program Administrator,
Wende Correctional Facility, SERGEANT
TIMOTHY LEWALSKI; SERGEANT SCOTT
LAMBERT; CORRECTION OFFICER
McDONALD; CORRECTION OFFICER
FREEMAN; CORRECTION OFFICER THOMAS
WHITE; CORRECTION OFFICER J. HORBETT;
CORRECTION OFFICER D. JANIS; CORRECTION
OFFICER MELVIN MALDONADO; CORRECTION
OFFICER MARK COLLETT; CORRECTION
OFFICER GREIGHTON; CORRECTION OFFICER
THEAL; CORRECTION OFFICER BARON;
JILL OLIVIERI, R.N.; DEBRA STUBEAUSZ, M.D.;
ANJUM HAQUE, M.D.; BERTRAM BARALL, M.D.;
KELLY KONESKY, LCSW-R; DANA MANCINI,
SW2; JOHN and JANE DOES 1-10; and JOHN and
JANE SMITH 1-14,

    DEFENDANTS.

---

**DEFENDANT'S LEWALSKI'S REPLY TO PLAINTIFF'S CONSOLIDATED
MEMORANDUM OF LAW IN RESPONSE DEFENDANTS WHITE, HORBETT,
LEWALSKI, AND JANIS' OBJECTIONS TO THE JUNE 24, 2021 REPORT &
RECOMMENDATION**

Dated: Orchard Park, New York
   August 30, 2021

1

/s/Cheryl Meyers Buth
Cheryl Meyers Buth, Esq.
MEYERS BUTH LAW GROUP pllc
*Attorneys for Defendant Sergeant Timothy Lewalski*
21 Princeton Place, Suite 105
Orchard Park, New York 14127
(716) 662-4186
cmbuth@mblg.us

TO: Katherine R. Rosenfeld, Esq.
Marissa Benavides, Esq.
Emery Celli Brinckerhoff & Abady, LLP
*Attorneys for Plaintiffs Darlene McDay, individually and as Executrix of the Estate of Dante Taylor, and Temple McDay*
600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000
krosenfeld@ecbalaw.com
mbenavides@ecbalaw.com

CC: David J. Sleight, Esq.
Office of the Attorney General
*Attorneys for Margaret Stirk, Kristen Muratore, Sergeant Scott Lambert, C.O. Freeman, C.O. Mark Collett, C.O. Greighton, C.O. Theal, C.O. Baron, Jill Olivieri, R.N., Diane Dirienzo, R.N., Lisa Prishel, R.N., Debra Stubeusz, M.D., Anjum Haque, M.D., Bertram Barall, M.D., Kelly Konesky, LCSW-R, and Dana Mancini, SW2,*
Main Place Tower, Suite 300A
350 Main Street
Buffalo, New York 14202
(716) 852-6274
david.sleight@ag.ny.gov


Joseph M. LaTona, Esq.
*Attorney for C.O. McDonald*
403 Main Street, Suite 716
Buffalo, New York 14203
(716) 842-0416
sandyw@tomburton.com

2

Eric M. Soehnlein, Esq.
Sean M. O'Brien, Esq.
Lippes Mathias Wexler Friedman LLP
*Attorneys for C.O. Thomas White*
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
(716) 853-5100
esoehnlein@lippes.com
sobrien@lippes.com


Daniel J. Henry, Jr., Esq.
Villarini & Henry, L.L. P.
*Attorney for C.O. J. Horbett*
16 Main Street
Hamburg, New York 14075
(716) 648-0510
dhenry@villariniandhenry.com

Brian Melber, Esq.
Rodney O. Personius, Esq.
Scott R. Hapeman, Esq.
Personius Melber LLP
*Attorneys for C.O. D. Janis*
2100 Main Place Tower
350 Main Street
Buffalo, New York 14202
(716) 855-1050
bmm@personiusmelber.com
rop@personiusmelber.com
srh@personiusmelber.com

Barry N. Covert, Esq.
Diane M. Perri Roberts, Esq.
Patrick J. Mackey, Esq.
Lipsitz Green Scime Cambria LLP
*Attorneys for C.O. Melvin Maldonado*
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
(716) 849-1333
bcovert@lglaw.com
droberts@lglaw.com
pmackey@lglaw.com

**Reply to Plaintiff's characterization of the Magistrate Judge's Recommendation on the Intimate Association Claim (Second Claim for Relief)**

On page 5 of Plaintiff Darlene McDay's Response (dkt # 96) she indicates at footnote 1:

"Because Magistrate Judge McCarthy recommended dismissal of the single claim for loss of intimate association brought by Plaintiff Template [sic] McDay, and Plaintiff does not object to this recommendation, this response is filed solely on behalf of Plaintiff Darlene McDay."

To clarify, Judge McCarthy recommended dismissal of the loss of intimate association claim in total which was brought on behalf of Darlene McDay in her individual capacity (see Amended Complaint at dkt #57 at ¶287) and also on behalf of Temple McDay (¶288).

Magistrate McCarthy held:

"Without pleading the necessary element of intentional interference, Plaintiffs have failed to allege that they had a protected liberty interest in maintaining a relationship with their adult child/[grandchild]. Affording Plaintiffs 'a constitutional due process right to recover against the state in these circumstances would create the risk of constitutionalizing all torts against individuals who happen to have families.'" Campos v. Weissman, 2009 WL 7771872, *8 (N.D.N.Y. 2009), adopted, 2011 WL 1204839 (N.D.N.Y. 2011) (*quoting* Russ v. Watts, 414 F.3d 783, 790 (7th Cir. 2005)). Therefore, I recommend that this cause of action be dismissed. (Report & Recommendation, dkt# 84 at p.9).

If the Magistrate Judge's Recommendation is adopted, neither Darlene McDay's nor Temple McDay's claim for loss of intimate association survives. Therefore, the Response to Defendant Lewalski's objections was brought by Darlene McDay alone as Temple McDay would no longer be a plaintiff in this lawsuit if the District Court adopts the R & R. Darlene McDay, in her individual capacity and on behalf of the estate of Dante Taylor, would be the sole plaintiff as to the remaining claims in the first, third & fourth causes of action.

4

**Reply to Plaintiff's Response that the Amended Complaint States a Viable Cause of Action for Deliberate Indifference**

Plaintiff essentially responds to Defendant Lewalski's objections by repeating the allegations in the Amended Complaint from pages 7 to 15. Plaintiff alludes to defendant's participation in an excessive force event and implies that event led to the defendant's suicide hours later in the jail infirmary after he had been cleared and released from an outside hospital. But that cause and effect is not specifically pled; It is inferred by the Magistrate Judge and argued in Plaintiff's Response but Plaintiff does not explicitly state that the alleged excessive force incident caused Mr. Taylor to commit suicide or exacerbated his risk of doing so.

The bottom line is that Plaintiff adequately pled, and Defendant Lewalski did not move to dismiss, a claim for excessive force against him for removing Mr. Taylor from his cell. The plaintiff's excessive force claim as against Defendant Lewalski and other correctional officers will continue. However, Plaintiff is trying to use the same set of facts as the basis for a deliberate indifference claim:

> "As a separate matter, Defendant Lewalski's characterization of Dante's injuries as "superficial" is not only outside the bounds of his motion, it is a particularly cruel mischaracterization of the physical injuries Dante suffered at Defendant Lewalski's hands, <u>a beating so severe that it catalyzed Dante to take his own life the next day</u>."

Despite the Plaintiff's argument that the excessive force was the action that demonstrated his indifference and "catalyzed" Mr. Taylor to commit suicide, is not specifically pled in the Amended Complaint. Even if it had been so pled, it would not constitute deliberate indifference to Mr. Taylor's medical needs the next day when he actually committed suicide. Under plaintiff's theory, just being

5

in prison raises an inmate's risk of suicide such that any use of force by officers, whether justified or not, may "catalyze" an inmate's suicidal tendencies.

The plaintiff also conflates the accusation that officers delayed taking the inmate to the infirmary based on his overdose on K2 and getting treatment for his <u>physical</u> injuries with a delay or indifference in providing <u>mental</u> health care the next day. It is obviously desirable from plaintiff's point of view to blur the line between medical care for injuries the inmate sustained during or immediately after being removed from his cell and what Plaintiff claims is deficient mental health care after returning from the outside hospital. But plaintiff does not allege Defendant Lewalski was present in the infirmary at any time or otherwise could have provided the care or intervention necessary to prevent the inmate's suicide.

Plaintiff wholly fails to state a claim upon which relief may be granted as against Defendant Lewalski. Although Plaintiff seeks permission to amend in the event the District Court agrees with Defendant, an amendment would not rectify the deficiency. Defendant Lewalski had no contact with Mr. Taylor on the day he died.  For purposes of this motion, even accepting as true the assertion at par. 276 that "The Officer Defendants were aware that Mr. Taylor had numerous chronic and acute suicide risk factors" and even if the inmate "had requested mental health care", and Defendant Lewalski had been aware of it, that does not equate to Defendant Lewalski being deliberately indifferent to the inmate's medical needs <u>the next day</u>.

The Plaintiff does not address Defendant's argument that the risk of suicide must be "serious" and "imminent". In other words, there is a timing element necessary to plead a deliberate indifference claim. Rather, Plaintiff responds that:

> "Defendant Lewalski was aware that Dante needed immediate medical attention. In the face of this knowledge, Defendant Lewalski did not immediately call for medical personnel to be dispatched to Dante's cell, summon a stretcher to take Dante to the infirmary…"

6

Here Plaintiff is arguing that the deliberate indifference was the delay in summoning medical personnel on October 6, 2017, the day before Mr. Taylor commits suicide. Although Plaintiff alleged that Defendants "were aware that Mr. Taylor had numerous chronic and acute suicide risk factors that created a significant risk that he would commit suicide including being the victim of a violent assault the night before he died, and that he had requested mental health care," (Am. Compl. ¶ 276), Plaintiff does not plead that Mr. Taylor was suicidal on October 6, 2017 when Defendant Lewalski encountered him. Plaintiff also does not specifically plead any other act by Lewalski that could have adversely affected the ability of medical personnel to properly assess Mr. Taylor (for example, failing to report his use of K2).

## Conclusion

It is an unfortunate reality that inmates use drugs and that too many suffer from serious mental health conditions, including being at risk for suicide or other forms of self-harm. Other defendants, particularly the medical defendants, have not moved to dismiss the deliberate indifference cause of action, and so it will proceed against them. However, Plaintiff has not pled a cognizable claim of deliberate indifference against Defendant Lewalski and, as to him, it should be dismissed.

Dated: Orchard Park, New York
      August 30, 2021

/s/Cheryl Meyers Buth
Cheryl Meyers Buth, Esq.
MEYERS BUTH LAW GROUP pllc

*Attorneys for Defendant Sergeant Timothy Lewalski*
21 Princeton Place, Suite 105
Orchard Park, New York 14127
(716) 662-4186
cmbuth@mblg.us

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DARLENE McDAY, *et al.*,

                                                                                          **20-cv-233**

                                Plaintiff,

**vs.**

STEWARD ECKERT, *et al.,*

                                Defendants.
_____

### **CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2021, I electronically filed the foregoing Reply on behalf of Defendant Sergeant Timothy Lewalski with the Clerk of the District using its CM/ECF system and electronically served the following.

Katherine R. Rosenfeld, Esq.
Marissa Benavides, Esq.
Emery Celli Brinckerhoff & Abady, LLP
600 Fifth Avenue, 10th Floor
New York, New York 10020
krosenfeld@ecbalaw.com
mbenavides@ecbalaw.com

David J. Sleight, Esq.
Office of the Attorney General
Main Place Tower, Suite 300A
350 Main Street
Buffalo, New York 14202
david.sleight@ag.ny.gov

Joseph M. LaTona, Esq.
403 Main Street, Suite 716
Buffalo, New York 14203

sandyw@tomburton.com

Eric M. Soehnlein, Esq.
Sean M. O'Brien, Esq.
Lippes Mathias Wexler Friedman LLP
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
esoehnlein@lippes.com
sobrien@lippes.com

Daniel J. Henry, Jr., Esq.
Villarini & Henry, L.L. P.
16 Main Street
Hamburg, New York 14075
dhenry@villariniandhenry.com

9

Brian Melber, Esq.
Rodney O. Personius, Esq.
Scott R. Hapeman, Esq.
Personius Melber LLP
2100 Main Place Tower
350 Main Street
Buffalo, New York 14202
bmm@personiusmelber.com
rop@personiusmelber.com
srh@personiusmelber.com

Barry N. Covert, Esq.
Diane M. Perri Roberts, Esq.
Patrick J. Mackey, Esq.
Lipsitz Green Scime Cambria LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
bcovert@lglaw.com
droberts@lglaw.com
pmackey@lglaw.com

10

/s/ Cheryl Meyers Buth
Cheryl Meyers Buth