UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

DARLENE McDAY, Individually and as
Executrix of the Estate of Dante Taylor,
and
TEMPLE McDAY,

                     Plaintiff,

    v.

STEWART ECKERT, Superintendent
Wende Correctional Facility, *et al.*,

                     Defendant.

───────────────────────────────

20-cv-00233 (JLS) (JJM)

## DECISION AND ORDER

    Plaintiffs Darlene and Temple McDay commenced this action based on the suicide of Dante Taylor, Darlene's son and Temple's grandson, while he was incarcerated at Wende Correctional Facility. Plaintiffs allege Defendants caused Taylor's suicide, and bring claims pursuant to 42 U.S.C. § 1983, including deliberate indifference/substantive due process, loss of intimate association, and excessive force, and a state law medical malpractice claim. Dkt. 57. The Court referred this case to United States Magistrate Judge McCarthy for all pre-trial proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Dkt. 23. Pursuant to the referral order, Judge McCarthy was to hear and report upon dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). *Id.*

Several motions to dismiss were filed, specifically by the State Defendants[1], Dkt. 61; Melvin Maldonado, Dkt. 62; Dylan Janis, Dkt. 63; Thomas White, Dkt. 64; James Horbett, Dkt. 67; and Timothy Lewalski, Dkt. 69. Defendant Kelly McDonald also filed a motion to dismiss, and it included a motion to join the motions to dismiss filed by her co-defendants as they applied to her. Dkt. 68. However, she later withdrew her motion to dismiss and reiterated her joinder in the other motions to dismiss. Dkt. 75. Plaintiffs responded in opposition to the motions to dismiss, Dkt. 74, and the other Defendants filed reply briefs. Dkts. 77, 78, 80-83.

On June 25, 2021, Judge McCarthy issued an Amended Report and Recommendation (R&R), Dkt. 85, which recommends dismissing Plaintiffs' loss of intimate association claims because Plaintiffs failed to "allege that any of the individual [D]efendants specifically intended to target [their] familial relationship" with Taylor. *Id.* at 8 (internal quotations omitted). Additionally, because Plaintiffs pled a substantive due process claim alongside their Eighth Amendment deliberate indifference claim, the R&R recommends dismissing the substantive due process portion as being subsumed by the Eight Amendment claim. Otherwise, the R&R recommends allowing the rest of the Amended Complaint to survive.

---

[1] Collectively identifying Defendants Superintendent Stewart Eckert, Bertram Barall, Diane DiRienzo, R.N., Dana Manchini, Kelly Konesky, LCSW-R, Margaret Stirk, Kristen Muratore, Sergeant Scott Lambert, Lisa Prishel, R.N., Jill Olivieri, R.N., Debra Stubeusz, M.D., Anjum Haque, M.D., and Correction Officers Baron, Creighton, Freeman, Theal and Mark Collett.

Defendants White, Dkt. 88, Horbett, Dkt. 89, Lewalski, Dkt. 90, and Janis, Dkt. 91, all filed objections. The objections argue that Plaintiffs' allegations with respect to the deliberate indifference claims were too generalized and conclusory to establish such claims against the objecting Defendants individually, and that the R&R erred in concluding these allegations are sufficient. Additionally, Janis also challenges the R&R's recommendation to allow Plaintiffs' excessive force claim against him to survive, arguing that the Plaintiffs failed to plead specific facts regarding his involvement. Plaintiffs filed a response, Dkt. 96, and all four objecting Defendants filed replies. Dkts. 97-100.

A district judge may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district judge must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The Court has conducted a *de novo* review of the relevant record in this case, and studied the R&R and the parties' briefs. Based on that review, the Court accepts and adopts Judge McCarthy's recommendations.

## CONCLUSION

For the reasons stated above, and in the R&R, Defendants' motions to dismiss are GRANTED with respect to Plaintiffs' loss of intimate association and substantive due process claims. Those claims are DISMISSED.

SO ORDERED.

Dated:   September 24, 2021
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE