UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DARLENE McDAY, individually and as Executrix of the Estate of DANTE TAYLOR, and TEMPLE McDAY,

                      Plaintiffs,

v.

SERGEANT TIMOTHY LEWALSKI, et al.

                      Defendants.

**ANSWER TO AMENDED COMPLAINT**

**1:20-cv-00233**

      Defendant SERGEANT TIMOTHY LEWALSKI, by his attorney Cheryl Meyers Buth, Esq. of MEYERS BUTH LAW GROUP llp, as and for his Answer to Plaintiff's Amended Complaint [dkt. 57] ("the Complaint") herein alleges:

      1.    Answering Defendant ADMITS the allegations contained in paragraphs 283 and 294 of the Complaint.

      2.    Answering Defendant DENIES the allegations contained in paragraphs 178, 180, 181, 182, 183, 184, 185, 198, 292, 296, and 297 of the Complaint.

      3.    Answering Defendant DENIES KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraphs 14, 15, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 36, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 66, 67, 68, 70, 71, 72, 73, 75, 76, 78, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 96, 97, 99, 100, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 122, 123, 125, 126, 127, 128, 129, 130,

131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 175, 177, 179, 186, 187, 189, 190, 191, 192, 193, 194, 195, 196, 197, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 265, 266, 267, 270, 271, 272, 273, 274, 275, 276, 277, 278, 280, 281, 282, 284, and 293 of the Complaint.

4. Statements contained in paragraphs 1, 5, and 295 of the Complaint do not require a response from this Answering Defendant as they do not contain factual allegations and/or they state a legal conclusion; to the extent a response is deemed necessary, this Defendant DENIES the allegations that pertain to correction officers to the extent they are intended to refer to this defendant which are contained in those paragraphs of the Complaint.

5. Statements contained in paragraphs 2, 3, 4, 6, 7, 8, 9, 11, 12, 13, 38, 39, 65, 69, 74, 77, 79, 95, 98, 101, 102, 121, 124, 149, 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 259, 260, 261, 262, 263, 264, 285, 298, 300, 301, 302, 303, 304, 305, and 306 of the Complaint do not require a response from this Answering Defendant as they do not contain factual allegations and/or they state a legal conclusion; to the extent a response is deemed necessary, this Defendant DENIES KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of these statements.

6. Statements contained in paragraph 10 of the Complaint do not require a response from this Answering Defendant as they do not contain factual allegations and/or they state a legal conclusion; to the extent a response is deemed necessary, this Defendant DENIES the allegation he acted "contrary to law".

7. Statements contained in paragraphs 16 of the Complaint do not require a response from this Answering Defendant as Temple McDay's cause of action has been dismissed.

8. As to paragraph 35, Answering Defendant ADMITS that he was a "DOCCS officer working at Wende"; he DENIES KNOWLEDGE AND INFORMATION sufficient to form a belief as to the remainder of that paragraph in the Complaint.

9. As to paragraph 37, Answering Defendant ADMITS that he was "acting under color of state law"; he DENIES KNOWLEDGE AND INFORMATION sufficient to form a belief as to the remainder of that paragraph in the Complaint.

10. As to paragraph 174, Answering Defendant ADMITS that he "arrived at Mr. Taylor's cell"; he DENIES KNOWLEDGE AND INFORMATION sufficient to form a belief as to the remainder of that paragraph in the Complaint.

11. As to paragraph 176, Answering Defendant ADMITS that he "entered Mr. Taylor's cell"; he DENIES KNOWLEDGE AND INFORMATION sufficient to form a belief as to the remainder of that paragraph in the Complaint.

12. As to paragraph 188, Answering Defendant DENIES that he participated in or covered up a "vicious assault"; he DENIES KNOWLEDGE AND INFORMATION sufficient to form a belief as to the remainder of that paragraph in the Complaint.

13. With respect to paragraphs 268, 286, 291, and 299, this Answering Defendant repeats and realleges all prior responses as if fully set forth herein.

14. As to paragraph 269, Answering Defendant DENIES that he was "deliberately indifferent to Mr. Taylor's serious medical condition"; he DENIES KNOWLEDGE AND INFORMATION sufficient to form a belief as to the remainder of that paragraph in the Complaint.

15. As to paragraph 279, Answering Defendant DENIES his "actions and omissions

created a substantial risk of serious harm"; he DENIES KNOWLEDGE AND INFORMATION sufficient to form a belief as to the remainder of that paragraph in the Complaint.

16. Statements contained in paragraphs 287, 288, 289, and 290 of the Complaint do not require a response from this Answering Defendant as they do not contain factual allegations and/or they state a legal conclusion; further the cause of action for Loss of Intimate Association has been dismissed by the District Court.

## AS AND FOR THE FIRST AFFIRMATIVE DEFENSE

17. The Complaint fails to state a claim and/or cause of actions upon which relief can be granted.

## AS AND FOR THE SECOND AFFIRMATIVE DEFENSE

18. Plaintiff has failed to establish personal jurisdiction over this answering defendant.

## AS AND FOR THE THIRD AFFIRMATIVE DEFENSE

19. The Complaint is barred, in whole or in part, by the Eleventh Amendment doctrine of State Sovereign Immunity.

## AS AND FOR THE FOURTH AFFIRMATIVE DEFENSE

20. The Complaint is barred, in whole or in part, by the applicable Statute of Limitations.

## AS AND FOR THE FIFTH AFFIRMATIVE DEFENSE

21. During all relevant times herein, this Answering Defendant acted under the

reasonable belief that his conduct was in accordance with clearly established law. He is, therefore, protected under the doctrine of qualified immunity.

### AS AND FOR THE SIXTH AFFIRMATIVE DEFENSE

22. This Answering Defendant at no time acted willfully or maliciously in disregard of Plaintiff's constitutional rights. Plaintiff therefore is not entitled to punitive damages or other relief against him.

### AS AND FOR THE SEVENTH AFFIRMATIVE DEFENSE

23. No act or omission on the part of this Answering Defendant was the proximate cause of any injury suffered by the plaintiff.

### AS AND FOR THE EIGHTH AFFIRMATIVE DEFENSE

24. Any injuries suffered by any plaintiff resulted from the negligence, fault, duty or want of care of other individuals for whom this Answering Defendant is not responsible.

### AS AND FOR THE NINTH AFFIRMATIVE DEFENSE

25. Plaintiff lacks standing to bring this action..

### AS AND FOR THE TENTH AFFIRMATIVE DEFENSE

26. This Answering Defendant's actions were within the scope of his employment and he is entitled to be indemnified pursuant to the New York Public Officer's Law.

### AS AND FOR THE ELEVENTH AFFIRMATIVE DEFENSE

27.     Plaintiff's claims are barred under the doctrine of primary jurisdiction.

### AS AND FOR THE TWELFTH AFFIRMATIVE DEFENSE

28.     Plaintiff's claims are barred under the Rooker-Feldman doctrine which limits federal review of State Court decisions (*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)).

### AS AND FOR THE THIRTEENTH AFFIRMATIVE DEFENSE

29.     Plaintiff's claims, in whole or in part, are barred by the doctrine of res judicata and collateral estoppel.

**WHEREFORE**, Defendant Lewalski respectfully requests that the Court dismiss Plaintiff's Amended Complaint in its entirety, award attorney's fees and costs, and grant such other and further relief as the Court deems just and proper.

DATED:     Orchard Park, New York
           November 8, 2021

                          Respectfully submitted,

                          /s/Cheryl Meyers Buth
                          Cheryl Meyers Buth, Esq.
                          MEYERS BUTH LAW GROUP pllc
                          *Attorneys for Defendant Sergeant Timothy Lewalski*
                          21 Princeton Place, Ste. 105
                          Orchard Park, New York 14127
                          (716) 662-4186
                          cmbuth@mblg.us

TO: Katherine R. Rosenfeld, Esq.
Marissa Benavides, Esq.
Emery Celli Brinckerhoff & Abady, LLP
*Attorneys for Plaintiffs Darlene McDay,
individually and as Executrix of the Estate
of Dante Taylor, and Temple McDay*
600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000
krosenfeld@ecbalaw.com
mbenavides@ecbalaw.com

CC: David J. Sleight, Esq.
Office of the Attorney General
*Attorneys for Margaret Stirk, Kristen Muratore,
Sergeant Scott Lambert, C.O. Freeman,
C.O. Mark Collett, C.O. Greighton, C.O. Theal,
C.O. Baron, Jill Olivieri, R.N., Diane Dirienzo, R.N.,
Lisa Prishel, R.N., Debra Stubeusz, M.D., Anjum
Haque, M.D., Bertram Barall, M.D., Kelly Konesky,
LCSW-R, and Dana Mancini, SW2,*
Main Place Tower, Suite 300A
350 Main Street
Buffalo, New York 14202
(716) 852-6274
david.sleight@ag.ny.gov

Joseph M. LaTona, Esq.
*Attorney for C.O. McDonald*
403 Main Street, Suite 716
Buffalo, New York 14203
(716) 842-0416
sandyw@tomburton.com

Eric M. Soehnlein, Esq.
Sean M. O'Brien, Esq.
Lippes Mathias Wexler Friedman LLP
*Attorneys for C.O. Thomas White*
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
(716) 853-5100
esoehnlein@lippes.com
sobrien@lippes.com

Daniel J. Henry, Jr., Esq.
Villarini & Henry, L.L. P.
*Attorney for C.O. J. Horbett*
16 Main Street
Hamburg, New York 14075
(716) 648-0510
dhenry@villariniandhenry.com

Brian Melber, Esq.
Rodney O. Personius, Esq.
Scott R. Hapeman, Esq.
Personius Melber LLP
*Attorneys for C.O. D. Janis*
2100 Main Place Tower
350 Main Street
Buffalo, New York 14202
(716) 855-1050
bmm@personiusmelber.com
rop@personiusmelber.com
srh@personiusmelber.com

Barry N. Covert, Esq.
Diane M. Perri Roberts, Esq.
Patrick J. Mackey, Esq.
Lipsitz Green Scime Cambria LLP
*Attorneys for C.O. Melvin Maldonado*
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
(716) 849-1333
bcovert@lglaw.com
droberts@lglaw.com
pmackey@lglaw.com