# Emery Celli Brinckerhoff Abady Ward & Maazel LLP

Jonathan S. Abady
Matthew D. Brinckerhoff
Andrew G. Celli, Jr.
Richard D. Emery
Debra L. Greenberger
Daniel J. Kornstein
Hal R. Lieberman
Ilann M. Maazel
Katherine Rosenfeld
Zoe Salzman
Sam Shapiro
Earl S. Ward
O. Andrew F. Wilson

Attorneys At Law
600 Fifth Avenue at Rockefeller Center
10th Floor
New York, New York 10020

Tel: (212) 763-5000
Fax: (212) 763-5001
www.ecbawm.com

Diane L. Houk

Nairuby L. Beckles
Marissa Benavides
David Berman
Nick Bourland
Ananda Burra
Francesca Cocuzza
Emma L. Freeman
Andrew K. Jondahl
Scout Katovich
Noel R. León
Harvey Prager
Vivake Prasad
Max Selver

April 1, 2022

**By ECF**

Honorable Jeremiah J. McCarthy
United States Magistrate Judge
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, NY 14202

      Re:     *McDay v. Eckert, et al.*, No. 20-cv-233

Your Honor:

      This firm represents Plaintiff Darlene McDay.  Following the March 22, 2022 discovery conference with the Court, we write to request the Court's assistance in resolving one outstanding issue addressed at that conference.[1]  The parties have not succeeded in resolving the dispute regarding Plaintiff's request that six individual Defendants (Horbett, Janis, White, Maldonado, Lewalski, and McDonald) permit an independent vendor to conduct forensic searches of their email accounts, computers, cellphones and other devices for the purpose of collecting responsive electronically-stored information ("ESI") using designated search terms.

***Background of Dispute about Use of Independent Vendor to Collect ESI***

      Plaintiff's Request for Documents No. 15 asks for: **"All communications between you and any person concerning this lawsuit or the allegations therein, other than your counsel."** This request would include communications among Defendants, or between a Defendant and a

---

[1] The parties have made progress towards resolving two of the three disputes discussed at the March 22 conference involving (1) Defendants' production of their cell phone numbers and providers so Plaintiff may subpoena documents from those providers, and (2) identification of Defendants' social media sites for review by Defendants' counsel.  The specifics of these procedures are under discussion, but Plaintiff is hopeful that the parties will be able to resolve these final details.

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 2

non-party, about the events of October 5-7, 2017 involving Mr. Taylor, or about the subsequent investigations into the events.  The time period of this request is October 1, 2017 to date.

The individual Defendants responded as follows to Plaintiff's Request No. 15.

- Defendant Horbett stated: "Defendant Horbett has no documents responsive to this demand."  Ex. 1 (Defendant Horbett's Supplement [sic] Response to Plaintiff's First Set of Requests for Documents) at 4.
- Defendant Janis stated: "Defendant Dylan Janis has no documents responsive to this demand."  Ex. 2 (Defendant Dylan Janis' Response to Plaintiff's First Set of Document Requests) at 8.
- Defendant White stated: "Officer White is not in possession of any documents responsive to this Request."  Ex. 3 (Defendant Correction Officer Thomas White's Responses to Plaintiff's First Requests for Production) at 9.
- Defendant Maldonado stated: "Defendant objects to this request as being vague, ambiguous and overbroad. Without waiving those objections, Defendant states that he is not in possession of any documents responsive to this request."  Ex. 4 (Response of Defendant Melvin Maldonado to Plaintiff's First Set of Interrogatories and Request for Production of Documents at 15.
- Defendant Lewalski stated: "Defendant Lewalski objects to this interrogatory [sic] on the grounds set forth in the general objections, including, but not limited to, the grounds that this interrogatory seeks information that is not relevant nor reasonably calculated to lead to the discovery of evidence relevant to this lawsuit; the request is overly broad, unduly vague, and ambiguous."  Ex. 5 (Defendant Lewalski's Response to Plaintiff's First Set of Interrogatories and Request for Production of Documents) at 12.
- Defendant McDonald stated: "Defendant McDonald has no such documents."  Ex. 6 (Defendant Kelly McDonald's Answers to Plaintiffs' First Document Request) at 4.

After receiving these responses, Plaintiff requested that these Defendants consent to have an independent vendor forensically search their email accounts, cellphones, laptops, and other devices for responsive ESI for the time period of October 1, 2017 to date, with the proposed search terms: Dante, Taylor, "Dante Taylor," "DT," inmate, "October 6," "Oct 6," "October 7," "Oct 7," the separate first and last names of all co-Defendants named in this suit, suicide, hanged, K2, and OSI.  Defendants refused.  At Plaintiff's request, the parties discussed this issue with the Court at the March 22 conference.  After further discussion and correspondence, Defendants continue to object to Plaintiff's request to permit an independent vendor to search for responsive documents.  Defendants claim that the use of an independent vendor is unnecessarily "drastic," and Plaintiff is not entitled to "second guess" the responses they provided.

***The Use of Independent Vendors to Obtain ESI from Parties in Litigation is Routine***

On numerous occasions, our firm has used independent vendors to conduct forensic searches of the individual devices of key parties.  Knowledgeable forensic experts can obtain and retrieve ESI information in the most thorough, professional and expert manner.  For example,

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 3

these experts can often retrieve documents that were deleted or not retained. Depending on a given phone's settings, certain information on the phone such as text messages and iMessages may be stored in backup forms that can be accessed. Similarly, forensic experts may access metadata for certain documents that shows when it was sent or received. This type of forensic collection and analysis has become standard in discovery disputes when it comes to retrieving ESI from key parties. Vendors routinely collect and imagine parties' devices in order to conduct searches using agreed-upon search terms. Defendants are simply wrong when they claim it is rare or drastic step.

***These Six Individual Defendants Previously Submitted False Statements and Lied About Mr. Taylor's Assault***

As Your Honor is aware, one of Plaintiff's key allegations is that these six Defendants assaulted Dante Taylor and then lied about it to cover up their wrongdoing, falsely claiming that Mr. Taylor self-inflicted his disfiguring injuries by banging his own head on a surface rather than admitting that they had brutally beaten him in his cell or failed to intervene to stop it.

After Mr. Taylor died, the DOCCS Office of Special Investigations conducted an exhaustive investigation into the events leading to his death. In its concluding report, OSI substantiated that "official documents submitted to support Wende Correctional Facility Use of Force Report #17-030 contained false statements." Ex. 7 (OSI Report) at 7. The individuals who submitted the false reports are precisely the same Defendants who now seek to avoid having an independent expert forensically search their devices and emails for responsive ESI in their possession: Defendants Lewalski, Janis, White, and Horbett. The other two Defendants who oppose the use of an independent forensic expert (Maldonado and McDonald) are the same individuals who claim to have played no part in Mr. Taylor's bearing but OSI found were identified by multiple inmates as having participated in the use of force. *See id.* Plaintiff does not credit the self-serving "say so" of these six individuals that they have searched for responsive ESI.

Even assuming that these individuals' statements could be credited, they certainly lack the technical expertise or knowledge to conduct adequate searches of their electronic devices and emails. Indeed, these Defendants have no expertise employing search methodologies to search for ESI, and their responses that they located none are therefore not reliable.

***Defendants' Self-Collection of ESI in This Case Is Grossly Insufficient and Unreliable***

Defendants' unsupervised and undocumented self-collection of ESI is grossly insufficient to satisfy their duties to both identify and collect documents relevant to this case.

"[S]elf-collection" by ESI custodians "is strongly disfavored." *Thomas v. City of New York*, 336 F.R.D. 1, 5 (E.D.N.Y. 2020) (citing *Herman v. City of New York*, 334 F.R.D. 377, 386 (E.D.N.Y. 2020)). A party that opts not to have an expert conduct the ESI search does so at its peril, as "[s]election of the appropriate search and information retrieval technique requires

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 4

careful advance planning by persons qualified to design effective search methodology[,]" *William A. Gross Constr. Assocs., Inc. v. Am. Mfrs. Mut. Ins. Co.*, 256 F.R.D. 134, 135 (S.D.N.Y. 2009) (quoting *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 250 F.R.D. 251, 262 (D. Md. 2008)). Courts recognize "the perils" of "self-collection" of ESI by a party without "adequate supervision, knowledge, or participation by counsel." *See EEOC v. M1 5100 Corp.*, 19 Civ. 81320, 2020 WL 3581372, at *1 (S.D. Fla. July 2, 2020). Applicable case law counsels that "self collection by a layperson of information on an electronic device is highly problematic and raises a real risk that data could be destroyed or corrupted." *In re Abilify (Aripiprazole) Prod. Liab. Litig.*, No. 3:16-MD-2734, 2017 WL 9249652, at *3 (N.D. Fla. Dec. 7, 2017).

Self-collection is not an appropriate approach to ESI in this serious case for these key parties. Plaintiff seeks an order requiring these six Defendants to provide their electronic devices (current and old devices) and email accounts for forensic analysis by an independent vendor. Plaintiff will assume the cost of this procedure and there is no burden or obstacle to Defendants' participation in this straightforward discovery procedure.

***Conclusion***

At the March 22 conference, the Court requested that we inform Your Honor if the parties were unable to resolve their discovery disputes. At this time, we seek the Court's guidance on whether to file a formal motion to compel or if the Court prefers to instead convene a second informal discovery conference to address this dispute.

The Court's ongoing attention to this matter is appreciated.

Respectfully submitted,

/s/
Katherine Rosenfeld
Marissa Benavides

c. All counsel of record by ECF and email