# Exhibit 2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DARLENE McDAY, individually and as
Executrix of the Estate of DANTE
TAYOR, and TEMPLE McDAY,

                        Plaintiff,

vs.

STEWART ECKERT, et al.,

                        Defendants.
_____

**DEFENDANT DYLAN JANIS' RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Civ. No. 20-cv-233-JLS-JJM

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Dylan Janis, by and through his attorneys, Personius Melber LLP, responds to Plaintiff's First Set of Interrogatories as follows:

## GENERAL OBJECTIONS

1.    Defendant Dylan Janis objects to each Interrogatory to the extent it seeks disclosure of privileged or otherwise confidential documents or information.

2.    Defendant Dylan Janis objects to each Interrogatory to the extent it seeks disclosure of information which is inconsistent with or more burdensome than the requirements of the Federal Rules of Civil Procedure.

3.    Defendant Dylan Janis objects to each Interrogatory to the extent it is overly broad, oppressive, unduly burdensome or would otherwise require unreasonable expense and investigation on the part of Defendant Dylan Janis, or improperly calls for a narrative response more properly elicited through deposition.

4.    Defendant Dylan Janis objects to each Interrogatory to the extent it seeks information

which is not relevant nor reasonably calculated to lead to the discovery of evidence relevant to this lawsuit.

5. Defendant Dylan Janis submits these responses with the express reservation that Defendant Dylan Janis's response to any Interrogatory does not in any fashion concede the relevancy or materiality of the subject matter of the Interrogatory or the response, and does not waive Defendant Dylan Janis's right to object further discovery, or to object to the admissibility at trial of any information or evidence derived from information provided in any response hereto.

6. Defendant Dylan Janis reserves the right to amend, modify or supplement these responses in light of information which may be learned after the date of this response.

7. Defendant Dylan Janis objects to each Interrogatory it is unreasonably cumulative or duplicative.

8. Defendant Dylan Janis objects to each Interrogatory to the extent it or any portion thereof is compound or argumentative.

9. Defendant Dylan Janis objects to each Interrogatory to the extent it is vague, ambiguous and/or unintelligible.

Subject to and without waiving these objections, Defendant Dylan Janis responds to Plaintiff's First Set of Interrogatories as follows:

## INTERROGATORIES

1. Identify every person who has knowledge or information concerning the Incident.

**RESPONSE:** Defendant Dylan Janis objects to this interrogatory on the basis that it is

vague, overly broad, seeks information that is not reasonably calculated to lead to the discovery of evidence relevant to or admissible in this lawsuit. Subject to and without waiving these objections, Defendant Dylan Janis responds to this interrogatory by referencing all of those individuals identified in each of the parties Rule 26(a) Disclosure including the following individuals identified in Mr. Janis' initial disclosure:

> Sergeant T. Lewalski - Wende Correctional Faciltiy, 3040 Wende Road, Post Office Box 1187, Alden, New York 14004-1187.
>
> Officer T. White - Wende Correctional Faciltiy, 3040 Wende Road, Post Office Box 1187, Alden, New York 14004-1187.
>
> Officer J. Horbett - Wende Correctional Faciltiy, 3040 Wende Road, Post Office Box 1187, Alden, New York 14004-1187.
>
> Officer A. Domino - Wende Correctional Faciltiy, 3040 Wende Road, Post Office Box 1187, Alden, New York 14004-1187.
>
> Nurse D. Dirienzo - Wende Correctional Faciltiy, 3040 Wende Road, Post Office Box 1187, Alden, New York 14004-1187.

2. Identify every employee of the State of New York – other than those listed in response to Interrogatory No. 1 – who has knowledge or information concerning the Incident.

**RESPONSE:** Defendant Dylan Janis objects to this interrogatory on the basis that it is vague, overly broad and seeks information that is not reasonably calculated to lead to the discovery of evidence relevant to or admissible in this lawsuit. Subject to and without waiving these objections,

Defendant Dylan Janis is not in possession of any responsive information other than the information provided in response to interrogatory number 1.

3. Identify any and all DOCCS employees who used any type of physical force on Dante Taylor on October 6, 2017.

**RESPONSE:** Defendant Dylan Janis objects to this interrogatory on the basis that it is vague, overly broad and seeks information that is not reasonably calculated to lead to discovery of evidence relevant to or admissible in this lawsuit. Subject to and without waiving these objections, Defendant Dylan Janis refers Plaintiff to the use of force documents referenced in Defendant Janis' Rule 26(a) Disclosure.

4. Identify any and all DOCCS employees who witnessed any type of physical force on Dante Taylor on October 6, 2017.

**RESPONSE:** Defendant Dylan Janis objects to this interrogatory on the basis that it is vague, overly broad and seeks information that is not reasonably calculated to lead to discovery of evidence relevant to or admissible in this lawsuit. Subject to and without waiving these objections, Defendant Dylan Janis refers Plaintiff to the use of force documents referenced in Defendant Janis' Rule 26(a) Disclosure.

5. Identify any and all DOCCS employees who escorted or otherwise transported Dante Taylor from his cell to any other location on October 6, 2017 following the incident.

**RESPONSE**: Defendant Dylan Janis objects to this interrogatory on the basis that it is vague, overly broad and seeks information that is not reasonably calculated to lead to the discovery of evidence relevant to or admissible in this lawsuit. Subject to and without waiving these objections, Defendant Dylan Janis is not in possession of any information known to be responsive to this interrogatory other than the information provided in the use of force reports referenced in Defendant Dylan Janis' Rule 26(a) disclosure.

6. State your phone number(s) and carrier(s) for all cell phones that you utilized during the year 2017, 2018, 2019, 2020 and 2021.

**RESPONSE**: Defendant Dylan Janis objects to this interrogatory on the basis that it seeks information that is not reasonably calculated to lead to the discovery of evidence relevant to or admissible in this lawsuit and is vague, overly broad, unduly burdensome and seeks confidential personal information.

7. Identify each cell phone and/or text messaging and/or instant messaging service (e.g. AT&T, Facebook Messenger, T-Mobile, U.S. Cellular, Verizon, WhatsApp, etc.) of which you were a customer during the years of 2017 to the present. For each such service identified, include the name, address, email address and phone number of the account holder, your cell phone number or

username or avatar, and the dates during which you used the account.

**RESPONSE**: Defendant Dylan Janis objects to this interrogatory on the basis that it seeks information that is not reasonably calculated to lead to the discovery of evidence relevant to or admissible in this lawsuit and is vague, overly broad, unduly burdensome and seeks confidential personal information.

8. Identify any internet-based social media networking sites (e.g. Facebook, Snapchat, Tumblr, Twitter, Whatapp, Google+, Instagram, LinkedIn, etc.) of which you are currently a member and/or was a member during the years of 2017 to the present. For each such site identified, please include the name, address, email address and phone number of the account holder, your user name or avatar, the URL where the account was/is available, and the dates during which you used the account.

**RESPONSE**: Defendant Dylan Janis objects to this interrogatory on the basis that it seeks information that is not reasonably calculated to lead to the discovery of evidence relevant to or admissible in this lawsuit and is vague, overly broad, unduly burdensome and seeks confidential personal information.

9. Identify each occasion on which you have been arrested, including the date of the arrest, the charges for which you were arrested, and the amount of time that you spent incarcerated.

**RESPONSE**: Defendant Dylan Janis objects to this interrogatory on the basis that it seeks information that is not reasonably calculated to lead to the discovery of evidence relevant to or admissible in this lawsuit. It is vague, overly broad, unduly burdensome and seeks confidential, personal information.

10.  Identify each occasion in which you been convicted of a felony or misdemeanor, including the date of the conviction, the charges of which you convicted, and amount of time that you spent incarcerated as a result of each conviction.

**RESPONSE**: Defendant Dylan Janis is not in possession of any information responsive to this interrogatory.

11.  Identify each lawsuit to which you have been a party, including the court in which the matter was pending, the docket or index number, and the disposition of the matter.

**RESPONSE**: Defendant Dylan Janis is not in possession of any information responsive to this interrogatory.

12.  Identify each occasion on which you have given testimony or statements regarding the incident and the events alleged in the Amended Complaint.

**RESPONSE**: Defendant Dylan Janis objects to this interrogatory on the basis that it seeks

information that is not reasonably calculated to lead to the discovery of evidence relevant to or admissible in this lawsuit, seeks confidential and/or privileged information, and is overly broad. Subject to and without waiving these objections, Defendant provided information related to Dante Taylor within the use of force documents referenced in his Rule 26(a) Disclosure, the "Q&A" identified in the Rule 26(a) Disclosure and provided information to the committee of corrections.

13. Identify all documents prepared by you, or any other person, that relate to the incident, claims and subject matter of this litigation.

**RESPONSE**: Defendant Dylan Janis objects to this interrogatory on the basis that it seeks confidential and/or privileged information, information that is not reasonably calculated to lead to the discovery of evidence relevant to or admissible in this lawsuit and is vague, overly broad, and unduly burdensome. Subject to and without waiving these objections, Defendant Dylan Janis refers Plaintiff to his Rule 26(a) Disclosure and the Response to Plaintiff's Document Requests where all responsive documents are referenced.

Dated:   Buffalo, New York
         December 31, 2021

                                          **/s/ Scott R. Hapeman**
                                          Scott R. Hapeman, Esq
                                          Brian M. Melber, Esq
                                          Personius Melber LLP
                                          *Attorneys For Defendant*
                                          DYLAN JANIS
                                          2100 Main Place Tower
                                          Buffalo, NY  14202

srh@personiusmelber.com
bmm@personiusmelber.com

TO: Katherine Rosenfeld
    Marissa R. Benavides
    EMERY CELLI BRINCKERHOFF
    ABADY WARD & MAAZEL LLP
    *Attorneys for Plaintiffs*
    DARLENE McDAY, INDIVIDUALLY
    AND AS EXECUTRIX OF THE ESTATE
    OF DANTE TAYLOR, and
    TEMPLE McDAY
    600 Fifth Avenue, 10th Floor
    New York, NY 10020
    (212) 763-5000

STATE OF NEW YORK   )

COUNTY OF ERIE   ) SS.:   **INDIVIDUAL VERIFICATION**

Dylan Janis, being duly sworn, deposes and says that he is a defendant in the entitled action, that he has read the foregoing Response to Plaintiff's First Set of Interrogatories and knows the contents thereof, that the same is true to his own knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters, he believes the allegations to be true.

_____
Dylan Janis

Sworn to before me this
\_\_\_\_ day of December, 2021

_____
*Notary Public*