# Exhibit 3

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DARLENE McDAY, individually and as
Executrix of the Estate of DANTE TAYLOR,
and TEMPLE McDAY

        PLAINTIFFS,

  v.

STEWART ECKERT, Superintendent, Wende Correctional Facility; MARGARET STIRK, Unit Chief, Wende Correctional Facility, KRISTEN MURATORE, Forensic Program Administrator, Wende Correctional Facility, SERGEANT TIMOTHY LEWALSKI; SERGEANT SCOTT LAMBERT; CORRECTION OFFICER McDONALD; CORRECTION OFFICER FREEMAN; CORRECTION OFFICER THOMAS WHITE; CORRECTION OFFICER J. HORBETT; CORRECTION OFFICER D. JANIS; CORRECTION OFFICER MELVIN MALDONADO; CORRECTION OFFICER MARK COLLETT; CORRECTION OFFICER GREIGHTON; CORRECTION OFFICER THEAL; CORRECTION OFFICER BARON; JILL OLIVIERI, R.N.; DEBRA STUBEAUSZ, M.D.; ANJUM HAQUE, M.D.; BERTRAM BARALL, M.D.; KELLY KONESKY, LCSW-R; DANA MANCINI, SW2; JOHN and JANE DOES 1-10; and JOHN and JANE SMITH 1-14,

        DEFENDANTS.

_____

Case: 20-cv-00233

**DEFENDANT CORRECTION OFFICER THOMAS WHITE'S
RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

1

Defendant Correction Officer Thomas White ("Officer White"), by his attorneys, Lippes Mathias LLP, for a response to Plaintiff Darlene McDay's ("Plaintiff") first set of interrogatories, states as follows:

## PRELIMINARY STATEMENT

Officer White, individually and as a Correction Officer, does not generally have access to or custody of the documents maintained by the Department of Corrections and Community Supervision and requested by Plaintiff. Failure to object because of lack of custody of the documents requested for production by Plaintiff is not a waiver of any such objection to this or any future requests for production by Plaintiff in this case. Official documents prepared by New York State agencies and officials that have or will be disclosed by other defendants or State agencies are subject to the same objections that have or may be made by other defendants or State agencies, which, in addition to being restated below, are incorporated by reference. The production of these documents does not mean that Officer White has any personal knowledge of these documents, or that he has knowledge of these documents in his personal capacity. Officer White in fact may have no personal familiarity or knowledge of these documents. Officer White understands that a good faith effort has been made to gather the documents requested by Plaintiff, but since Officer White does not have custody of same, he cannot be held responsible if through inadvertence or oversight a document requested is not produced.

## GENERAL OBJECTIONS

1.   Officer White objects to the interrogatories to the extent that they are vague, ambiguous, overbroad, unduly burdensome and oppressive, seek information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and seek information beyond that permitted by the Federal Rules of Civil Procedure and Evidence. Officer White objects to the interrogatories to the extent that they contain words or phrases that are confusing or lacking in sufficient certainty to permit production or a precise answer.

2.   Officer White objects to the interrogatories to the extent that they seek personal information protected by the attorney-client privilege, work product, labor-relations privilege, Civil Rights Law 50-a, or any other applicable privilege, to include confidentially protected information pursuant to HIPAA.

3.   Officer White objects to the interrogatories to the extent that they seek information not relevant to the facts at issue in the Complaint and are not likely to lead to the discovery of admissible evidence.

4.   Officer White objects to the interrogatories to the extent that they seek information and documents regarding other defendants in this action that he does not have access to or custody of, nor personal information or knowledge related thereto.

5.   All responses given below incorporate and are subject to the General Objections above, and no response given by Officer White shall be deemed to

constitute a waiver of any of these objections, even where the general objections are not specifically cited.

## RESPONSES

1.     Identify every person who has knowledge or information concerning the Incident.

**Response**: Officer White has knowledge about the Incident. Officer White is not aware of every other person who also has knowledge, other than the individuals named as defendants in the lawsuit.

2.     Identify every employee of the State of New York—other than those listed in response to Interrogatory No. 1—who has knowledge or information concerning the Incident.

**Response**: Officer White does not know of anyone, other than those individuals listed in response to Interrogatory 1, who would have knowledge or information concerning the Incident.

3.     Identify any and all DOCCS employees who used any type of physical force on Dante Taylor on October 6, 2017.

**Response**: Officer White is not aware of every DOCCS employee, if any, used physical force of Dante Taylor on October 6, 2017.

4.     Identify any and all DOCCS employees who witnessed any type of physical force on Dante Taylor on October 6, 2017.

**Response**: Officer White is not aware of every DOCCS employee, if any, who witnessed the use of physical force of Dante Taylor on October 6, 2017.

5. Identify any and all DOCCS employees who escorted or otherwise transported Dante Taylor from his cell to any other location on October 6, 2017 following the Incident.

**Response**: Officer White is not aware of every DOCCS employee, if any, who transported Dante Taylor from his cell to any other location on October 6, 2017.

6. State your phone number(s) and carrier(s) for all cell phones that you utilized during the year 2017, 2018, 2019, 2020, and 2021.

**Response**: Officer White objects to this Interrogatory as overbroad and not reasonably related to the discovery of relevant information regarding and claim of defense raised in this lawsuit. Specifically, the demand for Officer White's phone numbers and phone carries from 2017 to present has no bearing on the allegations made by Plaintiffs in this lawsuit.

7. Identify each cell phone and/or text messaging and/or instant messaging service (e.g., AT&T, Facebook Messenger, T-Mobile, U.S. Cellular, Verizon, WhatsApp, etc.) of which you were a customer during the years of 2017 to present. For each such service identified, include the name, address, email address and phone number of the account holder, your cell phone number or username or avatar, and the dates during which you used the account.

**Response**: Officer White objects to this Interrogatory as overbroad and not reasonably related to the discovery of relevant information regarding and claim of defense raised in this lawsuit. Specifically, the demand for Officer White's cell phone,

5

text messaging, and/or instant messaging service from 2017 to present has no bearing on the allegations made by Plaintiffs in this lawsuit.

8.  Identify any internet-based social networking sites, (e.g. Facebook, Snapchat, Tumblr, Twitter, Whatsapp, Google+, Instagram, LinkedIn, etc.) of which you are currently a member and/or was a member during the years of 2017 to present. For each such site identified, please include the name, address, email address and phone number of the account holder, your user name or avatar, the URL where the account was/is available, and the dates during which you used the account.

**Response**: Officer White objects to this Interrogatory as overbroad and not reasonably related to the discovery of relevant information regarding and claim of defense raised in this lawsuit. Specifically, the demand for Officer White to identify all of his internet based social networking sites from 2017 to present has no bearing on the allegations made by Plaintiffs in this lawsuit.

9.  Identify each occasion on which you have been arrested, including the date of the arrest, the charges for which you were arrested, and the amount of time that you spent incarcerated.

**Response**: Officer White objects to this Interrogatory as overbroad and not reasonably related to the discovery of relevant information regarding and claim of defense raised in this lawsuit. Specifically, the demand for all prior arrests, without limitation of any kind, is beyond the scope of a discoverable request.

10. Identify each occasion in which you been convicted of a felony or misdemeanor, including the date of the conviction, the charges of which you

6

convicted, and amount of time that you spent incarcerated as a result of each conviction.

**Response**: Officer White objects to this Interrogatory as overbroad and not reasonably related to the discovery of relevant information regarding and claim of defense raised in this lawsuit. Specifically, the demand for all prior convictions, without limitation of any kind, is beyond the scope of a discoverable request. Notwithstanding, and without waiver of same, Officer White has never been convicted of a crime.

11.  Identify each lawsuit to which you have been a party, including the court in which the matter was pending, the docket or index number, and the disposition of the matter.

**Response**: Officer White objects to this Interrogatory as overbroad and not reasonably related to the discovery of relevant information regarding and claim of defense raised in this lawsuit. Specifically, the demand for all prior lawsuits, without limitation of any kind, is beyond the scope of a discoverable request.

12.  Identify each occasion on which you have given testimony or statement regarding the Incident and the events alleged in the Amended Complaint.

**Response**: Officer White testified on at least one occasion after the events alleged in the Amended Complaint with regard to a DOCCS investigation and subsequent arbitration hearing. Officer White does not recall the exact date(s) of his testimony.

13. Identify all documents prepared by you, or any other person, that relate to the Incident, claims and subject matter of this litigation.

**Response**: Officer White does not recall with specificity what other NYS-DOCCS documents, if any, he prepared with regard to the Incident. He believes he did prepare a use of force report.

DATED: January 3, 2022

**LIPPES MATHIAS LLP**

s/ Eric M. Soehnlein
Eric M. Soehnlein, Esq.
Sean M. O'Brien, Esq.
Attorneys for Defendant White
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
T: 716-853-5100
F: 716-853-5199
E: esoehnlein@lippes.com
E: sobrien@lippes.com

## VERIFICATION PAGE

Thomas White, first being duly sworn, deposes and states that he is a Defendant in the above-entitled action, that he has read the foregoing responses to Plaintiff's Interrogatories and knows the contents thereof, and that the statements of fact therein are true to the best of his knowledge, except as to those matters alleged upon information and belief, and that to those matters, he believes them to be true.

_____
Thomas White