# Exhibit 4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DARLENE McDAY, individually and as
Executrix of the Estate of DANTE TAYLOR

**RESPONSE OF DEFENDANT**
**MELVIN MALDONADO**
**TO PLAINTIFF'S FIRST SET OF**
**INTERROGATORIES AND**
**REQUEST FOR PRODUCTION**
**OF DOCUMENTS**

Plaintiff

Case No. 20-cv-00233(JLS)(JJM)

v.

STEWART ECKERT, et. al.

Defendants

Defendant **MELVIN MALDONADO** ("Defendant"), as and for his response to Plaintiff's

First Set of Interrogatories and Requests for Production of Documents, subject to entry by the

Court of the protective order which is currently in the process of being agreed upon by the parties,

responds as follows:

## PRELIMINARY STATEMENT

The following responses to Plaintiff's discovery requests are made based upon the

information available to Defendant as of the date of this discovery response.

The Requests contained herein are improperly made against Defendant, sued only in his

individual capacity, who is not in possession, custody, or control of the documents requested and

who has no ability to direct non-parties' retention, retrieval, or production policies or efforts.

Because non-party discovery is improperly directed at Defendant, he has no way of knowing the

scope of documents in such nonparties' possession and cannot identify nor  produce documents

requested, as stated in certain of the following responses.

Defendant reserves the right to supplement and/or amend these responses to provide other and further information, responses, and/or objections, which may become known through the course of discovery. By making the accompanying objections and responses, Defendant does not waive, and hereby expressly reserves, his right to assert any and all objections as to the discoverability and admissibility of such responses and objections into evidence, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Defendant makes the objections and responses herein without in any way implying that he considers the requests for production and inspection of documents and things or the responses thereto to be relevant or material to the subject matter of this action.

## **GENERAL OBJECTIONS**

Defendant makes the following general objections to Plaintiff's First Set of Interrogatories and Request for Production of Documents ( collectively, "demands") as follows:

1. Defendant objects to any and all of the demands to the extent that they would require the disclosure of information which comes within attorney-client privilege or any other privilege.

2. Defendant objects to any and all demands to the extent that they would require the disclosure of information which comes within the work-product protection, including information obtained as part of the preparation of this case, or in anticipation of Defendant asserting, pursuing and/or defending against the claims in this case or any other related case, and including actions taken for the purpose of preparing the answer for defending against the claims in this case or any other related case.

3. Defendant objects to any and all demands to the extent that they would require the disclosure of information which would identify any medical condition or claims, or other personal information relating to him.

4433788, 1, 067761.0001

4. Defendant objects to any and all demands to the extent that they would require the disclosure of information which is the subject of a non-disclosure agreement and/or a confidentiality agreement with a third-party.

5. Defendant objects to each demand propounded by plaintiff to the extent that the demand is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

6. Defendant objects to each demand propounded by plaintiff to the extent that the demand is vague, overly broad, harassing, burdensome, vexatious and/or oppressive.

7. All responses are made to plaintiff's demands without in any way waiving or intending to waive, but on the contrary, intending to preserve and preserving:

      a. All questions as to competency, relevance, materiality, privilege, and admissibility of evidence for any purpose in any subsequent proceeding or the trial of this or any other actions;

      b. The right to object on any ground to the use of any of these answers in any subsequent proceeding or the trial of this action;

      c. The right to object on any ground at any time to a demand for further response to these or any other demands or other discovery proceedings involving or relating to the subject matter of the demands herein answered; and

      d. The right to supplement and/or amend these responses based upon the recollection of persons presently available or the discovery of additional information.

All responses that may be made to the demands are subject to all of the foregoing

objections, and these objections are not waived by furnishing any information in response to plaintiff's demands. Moreover, the Defendant reserves the right to supplement and/or amend his response at a later date.

**INTERROGATORY RESPONSES**

**INTERROGATORY NO. 1:**

Identify every person who has knowledge or information concerning the Incident.

**ANSWER:**

Defendant objects to use of the defined term "Incident" as being vague, ambiguous and overbroad. Without waiving that objection, Defendant states that he has knowledge and information concerning his activities with respect to Dante Taylor on October 6, 2017, and those are limited in time to the period of following in a van, an ambulance which was transporting Dante Taylor to the hospital; remaining at the hospital while Dante Taylor was seen/treated; and transporting Dante Taylor in the van, back to the correctional facility from the hospital during the early morning hours. Defendant has no knowledge as to every person who has knowledge or information concerning the Incident as that term is defined by Plaintiff in the demands.

**INTERROGATORY NO. 2:**

Identify every employee of the State of New York—other than those listed in response to Interrogatory No. 1—who has knowledge or information concerning the Incident.

**ANSWER:**

Defendant objects to use of the defined term "Incident" as being ambiguous and overbroad. Without waiving that objection, Defendant states that a Sgt. Fountaine (sp.) (first name unknown) directed Defendant and two other Correction Officers, Officer Krebs and Officer Skalanka, to use a facility van to follow the ambulance transporting Dante Taylor to the hospital,

4

to remain at the hospital, and then transport Dante Taylor back to the Correctional Facility if he was discharged. Defendant has no knowledge as to every person who has knowledge or information concerning the Incident as that term is defined by Plaintiff in the demands.

**INTERROGATORY NO. 3:**

Identify any and all DOCCS employees who used any type of physical force on Dante Taylor on October 6, 2017.

**ANSWER:**

Defendant is not aware of every DOCCS employee, or if any, used physical force of Dante Taylor on October 6, 2017.

**INTERROGATORY NO. 4:**

Identify any and all DOCCS employees who witnessed any type of physical force on Dante Taylor on October 6, 2017.

**ANSWER:**

Defendant is not aware of every DOCCS employee, or if any, who witnessed the use of physical force of Dante Taylor on October 6, 2017.

**INTERROGATORY NO. 5:**

Identify any and all DOCCS employees who escorted or otherwise transported Dante Taylor from his cell to any other location on October 6, 2017 following the Incident.

**ANSWER:**

Defendant is not aware of every DOCCS employee, if any, who transported Dante Taylor from his cell to any other location on October 6, 2017, other as stated in response to Interrogatory Nos. 1 and 2 above.

**INTERROGATORY NO. 6:**

State your phone number(s) and carrier(s) for all cell phones that you utilized during the year 2017, 2018, 2019, 2020, and 2021.

5

**ANSWER:**

Defendant objects to this Interrogatory as overbroad and not reasonably related to the discovery of relevant information regarding any claim or defense raised in this lawsuit. Specifically, the demand for Defendant's phone number(s) and phone carrier(s) from 2017 to present has no bearing on the allegations made by Plaintiff in this lawsuit.

**INTERROGATORY NO. 7:**

Identify each cell phone and/or text messaging and/or instant messaging service (e.g., AT&T, Facebook Messenger, T-Mobile, U.S. Cellular, Verizon, WhatsApp, etc.) of which you were a customer during the years of 2017 to present. For each such service identified, include the name, address, email address and phone number of the account holder, your cell phone number or username or avatar, and the dates during which you used the account.

**ANSWER:**

Defendant objects to this Interrogatory as overbroad and not reasonably related to the discovery of relevant information regarding any claim or defense raised in this lawsuit. Specifically, the demand for Defendant's cell phone,  text messaging, and/or instant messaging service from 2017 to present has no bearing on the allegations made by Plaintiffs in this lawsuit.

**INTERROGATORY NO. 8:**

Identify any internet-based social networking sites, (e.g. Facebook, Snapchat, Tumblr, Twitter, Whatsapp, Google+, Instagram, LinkedIn, etc.) of which you are currently a member and/or was a member during the years of 2017 to present. For each such site identified, please include the name, address, email address and phone number of the account holder, your user name or avatar, the URL where the account was/is available, and the dates during which you used the account.

**ANSWER:**

Defendant objects to this Interrogatory as overbroad and not reasonably related to the

4433788, 1, 067761.0001

discovery of relevant information regarding any claim or defense raised in this lawsuit. Specifically, the demand for Defendant to identify all, if any, of his internet based social networking sites from 2017 to present has no bearing on the allegations made by Plaintiff in this lawsuit.

**INTERROGATORY NO. 9:**

Identify each occasion on which you have been arrested, including the date of the arrest, the charges for which you were arrested, and the amount of time that you spent incarcerated.

**ANSWER:**

Defendant objects to this Interrogatory as overbroad and not reasonably related to the discovery of relevant information regarding any claim or defense raised in this lawsuit. Specifically, the demand for all prior arrests, without limitation of any kind, is beyond the scope of a discoverable request.  Without waiving those objections, Defendant  responds that there are no such occasions.

**INTERROGATORY NO. 10:**

Identify each occasion in which you been convicted of a felony or misdemeanor, including the date of the conviction, the charges of which you convicted, and amount of time that you spent incarcerated as a result of each conviction.

**ANSWER:**

Defendant objects to this Interrogatory as overbroad and not related to the discovery of relevant information regarding and claim of defense raised in this lawsuit. Specifically, the demand for all prior convictions, without limitation of any kind, is beyond the scope of a discoverable request. Without waiving those objections, Defendant  has never been convicted of a crime.

**INTERROGATORY NO. 11:**

Identify each lawsuit to which you have been a party, including the court in which the matter was

pending, the docket or index number, and the disposition of the matter.

**ANSWER:**

Defendant objects to this Interrogatory as overbroad, vague, ambiguous, and not reasonably related to the discovery of relevant information regarding any claim or defense raised in this lawsuit. Specifically, the demand for all prior lawsuits, without limitation of any kind, is beyond the scope of a discoverable request.  Without waiving those objections, Defendant states that to his best recollection, sometime between 2005 and 2010 he was named a defendant in a lawsuit brought by an inmate; Defendant has no present recollection of the name of that plaintiff or the court in which the lawsuit was commenced, he was never deposed to his recollection, and he was not made aware of the resolution or other outcome of that lawsuit.

**INTERROGATORY NO. 12:**

Identify each occasion on which you have given testimony or statements regarding the Incident and the events alleged in the Amended Complaint.

**ANSWER:**

Defendant, to the best of his present recollection, has not given testimony nor made a statement regarding the Incident and events alleged in the Amended Complaint.

**INTERROGATORY NO. 13:**

Identify all documents prepared by you, or any other person, that relate to the Incident, claims and subject matter of this litigation.

**ANSWER:**

To the best of Defendant's present recollection, the only documents he ever prepared that relate to the Incident as defined herein, were forms related to use of the facility van used to drive back and forth to the hospital.

4433788, 1, 067761.0001

## DOCUMENT REQUEST RESPONSES

### DOCUMENT REQUEST NO. 1:

All documents concerning Dante Taylor.

### ANSWER:

Defendant objects to this Request as overbroad and not reasonably related to the discovery of

information regarding and claim of defense raised in this lawsuit. Specifically, the demand for all

documents concerning Dante Taylor, without limitation to items related to the claims in this

lawsuit, is beyond the scope of a discoverable request. Notwithstanding, and without waiver of

same, Defendant is not in possession of documents responsive to this Request.

### DOCUMENT REQUEST NO. 2:

All documents concerning the Incident.

### ANSWER:

Defendant objects to the definition of "Incident" as being vague, ambiguous and overbroad.

Defendant states that he is not in possession of any documents related to the Incident, but

believes those documents would be maintained by the Department of Corrections and

Community Supervision.

### DOCUMENT REQUEST NO. 3:

All documents concerning use of force incidents and unusual incidents, where you either (a)

prepared, either as participants or witnesses, the document(s) or (b) were identified as having

been present or involved.

### ANSWER:

Defendant objects to this Request as overbroad and not reasonably related to the discovery of

information regarding any claim or defense raised in this lawsuit. Specifically, the demand for all

9

documents concerning use of force incidents involving Defendant or witnessed by Defendant, without limitation, is beyond the scope of a discoverable request. Without waiving those objections, Defendant is not in possession of any documents related to the Incident.

**DOCUMENT REQUEST NO. 4:**

All documents concerning any incidents of alleged professional misconduct involving you, including all documents relating to any OSI investigations involving you.

**ANSWER:**

Defendant objects to this Request as overbroad and not reasonably related to the discovery of information regarding any claim or defense raised in this lawsuit. Specifically, the demand for all documents related to any incident of alleged professional misconduct, without limitation to items related to the claims in this lawsuit, is beyond the scope of a discoverable request. Without waiving those objections, Defendant is not in possession of documents responsive to this Request and to his knowledge at the present time, none exist.

**DOCUMENT REQUEST NO. 5:**

All Notices of Discipline issued to you at any time.

**ANSWER:**

Defendant objects to this Request as overbroad and not reasonably related to the discovery of information regarding any claim or defense raised in this lawsuit. Specifically, the demand for all documents related to Notices of Discipline issued to Defendant at any time, without limitation to items related to the claims in this lawsuit, is beyond the scope of a discoverable request. Without waiving those objections, Defendant is not in possession of documents responsive to this Request and to his knowledge at the present time, none exist or ever existed.

10

**DOCUMENT REQUEST NO. 6:**

All documents created by you concerning the events alleged in the Amended Complaint, including but not limited to (a) Incident Reports; (b) Use of Force memoranda; (c) Employee Accident/Injury Reports; and/or (d) statements to investigators.

**ANSWER:**

Defendant objects to the definition of the "Incident" as being vague, ambiguous and overbroad. Without waiving those objections, Defendant states that he did not create any such documents; that he only completed forms related to use of the transport van used to go to and from the hospital; that he is not in possession of any documents related to the Incident, and believes all such other documents, if they were created by anyone, would be maintained by the Department of Corrections and Community Supervision.

**DOCUMENT REQUEST NO. 7:**

All written statements made by or taken from you regarding the events alleged in the Amended Complaint.

**ANSWER:**

Defendant objects to this demand as being vague, ambiguous and overbroad. Without waiving those objections, Defendant states that to the best of his recollection, other than the forms he completed with respect to use of the transport van used to go to and from the hospital, Defendant did not make any written statements nor were any taken from him with respect to the events alleged in the Amended Complaint.

**DOCUMENT REQUEST NO. 8:**

All documents concerning your employment with DOCCS, including but not limited to documents sufficient to show whether you are currently employed by DOCCS and whether you

have at any time been suspended, terminated, or separated for any period of time from your employment with DOCCS.

**ANSWER:**

Defendant objects to this Request as overbroad and not reasonably related to the discovery of information regarding any claim or defense raised in this lawsuit. Specifically, the demand for all documentation concerning Defendant's employment with DOCCS, without limitation to items related to the claims in this lawsuit, is beyond the scope of a discoverable request. Upon information and belief, all of Defendant's personnel records are in the custody and control of DOCCS. Without waiving any of the foregoing, Defendant states that to his knowledge and understanding, there are no documents related to him for a suspension, termination or separation from employment for anything related to a suspension or termination or disciplinary action of some other type.

**DOCUMENT REQUEST NO. 9:**

Any and all documents evidencing your work performance, including but not limited to (a) training records; (b) evaluations; (c) recommendations for termination or promotion; (d) reports and records of counseling sessions and corrective interviews; and (e) disciplinary records.

**ANSWER:**

Defendant objects to this Request as overbroad and not reasonably related to the discovery of information regarding any claim or defense raised in this lawsuit. Specifically, the demand for all documentation concerning Defendant's employment with DOCCS, without limitation to items related to the claims in this lawsuit, is beyond the scope of a discoverable request. Upon information and belief, all of Defendant's personnel records are in the custody and control of DOCCS.  Without waiving any of the foregoing, Defendant states that to his knowledge and understanding, there are no records related to him of a disciplinary nature.

12

**DOCUMENT REQUEST NO. 10:**

All documents concerning any disciplinary, termination, suspension, arbitration or other

proceedings brought against you arising out of your employment with DOCCS.

**ANSWER:**

Defendant objects to this Request as overbroad and not reasonably related to the discovery of

information regarding any claim or defense raised in this lawsuit. Specifically, the demand for all

documentation concerning Defendant's employment with DOCCS, without limitation to items

related to the claims in this lawsuit, is beyond the scope of a discoverable request. Upon

information and belief,  all of Defendant's personnel records are in the custody and control of

DOCCS.  Without waiving any of the foregoing, Defendant states that to his knowledge and

understanding, there are no such documents or records related to him.

**DOCUMENT REQUEST NO. 11:**

All documents showing every job or position in which you have been employed from 2014 to

date.

**ANSWER:**

Defendant objects to this Request as overbroad and not reasonably related to the discovery of

information regarding any claim or defense raised in this lawsuit. Specifically, the demand for all

documentation concerning every job and position in which Defendant has been employed during

this broad time range, without limitation to items related to the claims in this lawsuit, is beyond

the scope of a discoverable request. Upon information and belief,  all of Defendant's personnel

records are in the custody and control of DOCCS.

4433788, 1, 067761.0001

**DOCUMENT REQUEST NO. 12:**

All documents concerning any complaints, lawsuits, claims, or charges lodged against you by any person arising from your conduct while you were employed at Wende or any other New York State prison or facility.

**ANSWER:**

Defendant refers to his response to Interrogatory No. 11, and states he has no responsive documents concerning that lawsuit.

**DOCUMENT REQUEST NO. 13:**

All communications between you and the United States Attorney's Office for the Western District of New York.

**ANSWER:**

Defendant objects to this Request as overbroad and not reasonably related to the discovery of information regarding any claim or defense raised in this lawsuit. Specifically, the demand for all communication between Defendant and

the United States Attorney's Officer for the Western District of New York, without

any limitation, is beyond the scope of a discoverable request to Defendant. Without waiving those objections, Defendant states that he has no responsive documents.

**DOCUMENT REQUEST NO. 14:**

All records of any criminal convictions, or of any pending criminal proceedings or investigations, against you.

**ANSWER:**

Defendant objects to this Request as overbroad and not reasonably related to the discovery of information regarding any claim or defense raised in this lawsuit. Specifically, the demand for all documents concerning Defendant's prior

4433788, 1, 067761.0001

14

convictions, if any, without any limitation, is beyond the scope of a discoverable request to

Defendant. Without waiving those objections, Defendant states that he has no responsive

documents and to his knowledge and belief, no such documents exist.


**DOCUMENT REQUEST NO. 15:**

All communications between you and any person concerning this lawsuit or the allegations

therein, other than your counsel.

**ANSWER:**

Defendant objects to this request as being vague, ambiguous and overbroad. Without waiving

those objections, Defendant states that he is not in possession of any documents responsive to

this request.



Dated: Buffalo, New York
      January 24, 2022

                       LIPSITZ GREEN SCIME CAMBRIA LLP

                       By:___/s/Diane M. Perri Roberts_____
                           Barry N. Covert, Esq.
                           Diane Perri Roberts, Esq.
                           Patrick J. Mackey, Esq.
                       Attorneys for Defendant Melvin Maldonado
                       42 Delaware Avenue, Suite 120
                       Buffalo, New York 14202
                       (716) 849-1333
                       droberts@lglaw.com
                       bcovert@lglaw.com
                       pmackey@lglaw.com

4433788, 1, 067761.0001

TO:    Katherine R. Rosenfeld, Esq.
          Marissa Benavides, Esq.
          Emery Celli Brinckerhoff  Abady Ward & Maazel, LLP
          600 Fifth Avenue
          10th Floor
          New York, NY 10020
          (212) 763-5000
          krosenfeld@ecbalaw.com
          mbenavides@ecbalaw.com


CC:    Cheryl Meyers Buth, Esq.
          Laurie A. Baker, Esq.
          Meyers Buth Law Group PLLC
          21 Princeton Place
          Orchard Park, NY 14127
          (716) 508-8598
          cmbuth@mblg.us
          labaker@mblg.us

          Daniel J. Henry, Jr., Esq.
          Villarini & Henry, L.L.P
          16 Main Street
          Hamburg, NY 14075
          (716) 648-0510
          dhenry@villariniandhenry.com

          Brian Melber, Esq.
          Rodney O. Personius, Esq.
          Scott R. Hapeman, Esq.
          Personius Melber LLP
          2100 Main Place Tower
          350 Main Street
          Buffalo, NY 14202
          (716) 855-1050
          bmm@personiusmelber.com
          rop@personiusmelber.com
          srh@personiusmelber.com


          Eric Michael Soehnlein, Esq.
          Sean M. O'Brien, Esq.
          Lippes Mathias Wexler Friedman LLP
          50 Fountain Plaza, Suite 1700

Buffalo, NY 14202
(716) 853-5100
esoehnlein@lippes.com
sobrien@lippes.com

Joseph M. LaTona, Esq.
403 Main Street, Suite 716
Buffalo, New York 14203
(716) 842-0416
sandyw@tomburton.com

David J. Sleight, Esq.
Office of the Attorney General
Main Place Tower, Suite 300A
350 Main Street
Buffalo, New York 14202
(716) 852-6274
david.sleight@ag.ny.gov

4433788, 1, 067761.0001

## **VERIFICATION**

STATE OF NEW YORK     )
                      )SS:
COUNTY OF ERIE        )


     MELVIN MALDONADO, being duly sworn, deposes and says that he is the Defendant in the above-referenced action; that he has read the foregoing **Response of Defendant Melvin Maldonado to Plaintiff's First Set Of Interrogatories and Request For Production Of Documents** and knows the contents thereof; that they are true and correct to his knowledge, except as to those matters alleged upon information and belief, and as to those matters, he believes them to be true.

                                      MELVIN MALDONADO

Sworn to this 24th
day of January, 2022

Notary Public

KATHLEEN A. BADDING NO. 01BA6077717
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN ERIE COUNTY
MY COMMISSION EXPIRES JULY 15, 20__22

4433788, 1, 067761.0001

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2022 I emailed a copy of the preceding document to the following:

**Katherine R. Rosenfeld, Esq.**
krosenfeld@ecbalaw.com

**Marissa Benavides, Esq.**
mbenavides@ecbalaw.com

**Defense Counsel**
Via email

_____
Rachel A. Scinta

19

4433788, 1, 067761.0001