# Exhibit 5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DARLENE McDAY, *et al.*,

                            Plaintiff,

vs.

                                  **20-cv-233**

STEWARD ECKERT, *et al.*,

                            Defendants.

---

## DEFENDANT LEWALSKI'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant **SERGEANT TIMOTHY LEWALSKI,** as and for his combined response to Plaintiff's First Set of Interrogatories and Requests for Production of Documents, subject a protective order to be agreed upon by the parties, responds as follows.

### I.    GENERAL OBJECTIONS

Defendant Lewalski makes the following general objections to Plaintiff's First Set of Interrogatories as follows:

1. Defendant objects to any and all interrogatories to the extent that they would requirethe disclosure of information which comes within attorney-client privilege.

2. Defendant objects to any and all interrogatories to the extent that they would require the disclosure of information which comes within the work-product protection, including information obtained as part of the preparation of this case, or in anticipation of defendant asserting, pursuing and/or defending against the claims in this case or any other related case, and including actions taken for the purpose of preparing the answer, defending against the claims in this case or any other related case.

3. Defendant objects to any and all interrogatories to the extent that they would requirethe disclosure of information which would identify the medical condition

4. Defendant objects to any and all interrogatories to the extent that they would requirethe disclosure of information which is the subject of a non-disclosure agreement and/or a confidentiality agreement with a third-party.

5. Defendant objects to each interrogatory propounded by plaintiff to the extent that theinterrogatory is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

6. Defendant objects to each interrogatory propounded by plaintiff to the extent that the interrogatory is vague, overly broad, harassing, burdensome, vexatious and/or oppressive.

7. All responses are made to plaintiff's interrogatories without in any way waiving orintending to waive, but on the contrary, intending to preserve and preserving:

a. All questions as to competency, relevance, materiality, privilege, and admissibility of evidence for any purpose in any subsequent proceeding or the trial of this or any other actions;

b. The right to object on any ground to the use of any of these answers in any subsequent proceeding or the trial of this action;

c. The right to object on any ground at any time to a demand for further response to these or any other interrogatories or other discovery proceedings

        involving or relating to the subject matter of the interrogatories herein answered; and

d.      The right to supplement and/or amend these responses based upon the recollection of persons presently available or the discovery of additionalinformation.

All responses that may be made to the interrogatories are subject to all of the foregoing objections, and these objections are not waived by furnishing any information in response to plaintiffs Interrogatories. Moreover, the responding party reserves the right to supplement and/or amend his response at a later date.

## II. INTERROGATORY RESPONSES

1.      Identify every person who has knowledge or information concerning the Incident.

**RESPONSE:**

See Defendant Lewalski's Rule 26 disclosures and Defendant Lewalski's Use of Force Report.

2.      Identify every employee of the State of New York—other than those listed in response to Interrogatory No. 1—who has knowledge or information concerning the Incident.

**RESPONSE:**

Defendant Lewalski objects to this interrogatory as overbroad and calling for information beyond his personal knowledge. See Defendant Lewalski's Rule 26 disclosures and Defendant Lewalski's Use of Force Report.

3.      Identify any and all DOCCS employees who used any type of physical force on Dante Taylor on October 6, 2017.

**RESPONSE:**

See Defendant Lewalski's Use of ForceReport and Rule 26 disclosures

4. Identify any and all DOCCS employees who witnessed any type of physical force on Dante Taylor on October 6, 2017.

**RESPONSE:**

See Defendant Lewalski's Use of ForceReport and Rule 26 Disclosures

5. Identify any and all DOCCS employees who escorted or otherwise transported Dante Taylor from his cell to any other location on October 6, 2017 following the Incident.

**RESPONSE:**

See Defendant Lewalski's Use of Force Report and Rule 26 Disclosures.

6. State your phone number(s) and carrier(s) for all cell phones that you utilizedduring the year 2017, 2018, 2019, 2020, and 2021.

**RESPONSE:**

Objection. Defendant Lewalski objects to this interrogatory on the grounds set forth in the general objections, including, but not limited to, the grounds that this interrogatory seeks information that is not relevant nor reasonably calculated to lead to the discovery of evidence relevant to thislawsuit; the request is overly broad, unduly vague, and ambiguous.

7. Identify each cell phone and/or text messaging and/or instant messaging service (e.g., AT&T, Facebook Messenger, T-Mobile, U.S. Cellular, Verizon, WhatsApp, etc.) of which you were a customer during the years of 2017 to present. For each such service identified, include the name, address, email address and phone number of the account holder, your cell phone number or username or avatar, and the dates during which you used the account.

**RESPONSE:**

Objection. Defendant Lewalski objects to this interrogatory on the grounds set forth in the general objections, including, but not limited to, the grounds that this interrogatory

seeks information that is not relevant nor reasonably calculated to lead to the discovery of evidence relevant to this lawsuit; the request is overly broad, unduly vague, and ambiguous.

8. Identify any internet-based social networking sites, (e.g. Facebook, Snapchat, Tumblr, Twitter, Whatsapp, Google+, Instagram, LinkedIn, etc.) of which you are currently a member and/or was a member during the years of 2017 to present. For each such site identified, please include the name, address, email address and phone number of the account holder, your user name or avatar, the URL where the account was/is available, and the dates during which you used the account.

**RESPONSE:**

Objection. Defendant Lewalski objects to this interrogatory on the grounds set forth in the general objections, including, but not limited to, the grounds that this interrogatory seeks information that is not relevant nor reasonably calculated to lead to the discovery of evidence relevant to this lawsuit; the request is overly broad, unduly vague, and ambiguous.

9. Identify each occasion on which you have been arrested, including the date of the arrest, the charges for which you were arrested, and the amount of time that you spent incarcerated.

**RESPONSE:**

Defendant Lewalski objects to this interrogatory on the grounds set forth in the general objections, including, but not limited to, the grounds that this interrogatory seeks information that is not relevant nor reasonably calculated to lead to the discovery of evidence relevant to this lawsuit and is intended to harass and embarrass this answering Defendant.

10. Identify each occasion in which you been convicted of a felony or misdemeanor, including the date of the conviction, the charges of which you convicted, and amount of time that you spent incarcerated as a result of each conviction.

**RESPONSE:**

None.

11.     Identify each lawsuit to which you have been a party, including the court in which the matter was pending, the docket or index number, and the disposition of the matter.

**RESPONSE:**

Objection. Defendant Lewalski objects to this interrogatory on the grounds set forth in the general objections, including, but not limited to, the grounds that this interrogatory seeks information that is not relevant nor reasonably calculated to lead to the discovery of evidence relevant to this lawsuit; the request is overly broad, unduly vague, and ambiguous. Notwithstanding his objection, during his employment by DOCCS, Defendant Lewalski has been named as a party in the following lawsuits in the United States District Court for the Western District of New York:

Woodward v. Mann
Dkt # 09-cv-00451
Closed

Releford v. Artus
Dkt#14-cv-06289
Closed

Brooks v. Reimer
Dkt#00-cv-00834
Closed

McRae v. Horbet
Dkt# 17-cv-0677
Closed

Russopoulus v. Cater
03-cv-00249
Closed

Odom v. Stevens
07-cv-00792
closed

6

Blast v. Lewalski
17-cv-01053
Closed


Green v. Herbert
04-cv-06213
Closed

Coleman v. Kirkpatrick
13-cv-06519
Closed

Crichlow v. Fischer
15-cv-06252
closed

Feaster v. NYS Dept Corrections
17-cv-01151
pending

Darnell Green v. Lewalski
18-cv-774
pending



12.     Identify each occasion on which you have given testimony or statements regarding the

Incident and the events alleged in the Amended Complaint.

**RESPONSE:**

Any statements or testimony given by this Defendant would be contained in the documents listed in the Rule 26 Disclosure; Defendant Lewalski filled out paperwork for the Use of Force packet, was interviewed by OSI and gave testimony at a labor arbitration hearing.

13.     Identify all documents prepared by you, or any other person, that relate to the

Incident, claims and subject matter of this litigation.

**RESPONSE:**

Defendant Lewalski objects to this interrogatory as overbroad and calling for information beyond his personal knowledge. This Defendant is aware that the

7

documents listed in his Rule 26 Disclosure relate to this incident.

### III. RESPONSES TO PLAINTIFF'S DOCUMENT REQUESTS

1. All documents concerning Dante Taylor.

**RESPONSE:**

See Defendant Lewalski's Rule 26 Disclosure.

2. All documents concerning the Incident.

**RESPONSE:**

See Response to "1" above.

3. All documents concerning use of force incidents and unusual incidents, where you either (a) prepared, either as participants or witnesses, the document(s) or (b) were identified as having been present or involved.

**RESPONSE:**

Objection. Defendant Lewalski objects to this interrogatory on the grounds set forth in the general objections, including, but not limited to, the grounds that this interrogatory seeks information that is not relevant nor reasonably calculated to lead to the discovery of evidence relevant to this lawsuit; the request is overly broad, unduly vague, and ambiguous.

4. All documents concerning any incidents of alleged professional misconduct involving you, including all documents relating to any OSI investigations involving you.

**RESPONSE:**

Objection. Defendant Lewalski objects to this interrogatory on the grounds set forth in the general objections, including, but not limited to, the grounds that this interrogatory seeks information that is not relevant nor reasonably calculated to lead to the

discovery of evidence relevant to this lawsuit; the request is overly broad, unduly vague, and ambiguous and is intended to harass and embarrass this answering Defendant.

5. All Notices of Discipline issued to you at any time.

**RESPONSE:**

Objection. Defendant Lewalski objects to this interrogatory on the grounds set forth in the general objections, including, but not limited to, the grounds that this interrogatory seeks information that is not relevant nor reasonably calculated to lead to the discovery of evidence relevant to this lawsuit; the request is overly broad, unduly vague, and ambiguous and is intended to harass and embarrass this answering Defendant.

6. All documents created by you concerning the events alleged in the Amended Complaint, including but not limited to (a) Incident Reports; (b) Use of Force memoranda; (c) Employee Accident/Injury Reports; and/or (d) statements to investigators.

**RESPONSE:**

See Defendant Lewalski's Rule 26 Disclosure. All such documents in the Defendant's possession will be provided pursuant to a protective order agreed upon by the parties.

7. All written statements made by or taken from you regarding the events alleged in the Amended Complaint.

**RESPONSE:**

See Response to "1" above.

8. All documents concerning your employment with DOCCS, including but not limited to documents sufficient to show whether you are currently employed by DOCCS and whether you have at any time been suspended, terminated, or separated for any period of time from your employment with DOCCS.

**RESPONSE:**

9

Objection. Defendant Lewalski objects to this interrogatory on the grounds set forth in the general objections, including, but not limited to, the grounds that this interrogatory seeks information that is not relevant nor reasonably calculated to lead to the discovery of evidence relevant to this lawsuit; the request is overly broad, unduly vague, and ambiguous. Upon information and belief personnel records are in the custody and control of DOCCS.

9. Any and all documents evidencing your work performance, including but not limited to (a) training records; (b) evaluations; (c) recommendations for termination or promotion; (d) reports and records of counseling sessions and corrective interviews; and (e) disciplinary records.

**RESPONSE:**

Objection. Defendant Lewalski objects to this interrogatory on the grounds set forth in the general objections, including, but not limited to, the grounds that this interrogatory seeks information that is not relevant nor reasonably calculated to lead to the discovery of evidence relevant to this lawsuit; the request is overly broad, unduly vague, and ambiguous. Upon information and belief personnel records are in the custody and control of DOCCS.

10. All documents concerning any disciplinary, termination, suspension, arbitration or other proceedings brought against you arising out of your employment with DOCCS.

**RESPONSE:**

Objection. Defendant Lewalski objects to this interrogatory on the grounds set forth in the general objections, including, but not limited to, the grounds that this interrogatory seeks information that is not relevant nor reasonably calculated to lead to the discovery of information and belief personnel records are in the custody and control of DOCCS.

11. All documents showing every job or position in which you have been employed from 2014 to date.

**RESPONSE:**

Objection. Defendant Lewalski objects to this interrogatory on the grounds set forth in the general objections, including, but not limited to, the grounds that this interrogatory seeks information that is not relevant nor reasonably calculated to lead to the discovery of evidence relevant to this lawsuit; the request is overly broad, unduly vague, and ambiguous.

12. All documents concerning any complaints, lawsuits, claims, or charges lodged against you by any person arising from your conduct while you were employed at Wende or any other New York State prison or facility.

**RESPONSE:**

The Defendant does not possess any such documents. All publicly filed documents in the cases in which this Defendant has been named as a party are available on PACER.

13. All communications between you and the United States Attorney's Office for the Western District of New York.

**RESPONSE:**

The Defendant does not possess any such documents.

14. All records of any criminal convictions, or of any pending criminal proceedings or investigations, against you.

**RESPONSE:**

Objection. Defendant Lewalski objects to this interrogatory on the grounds set forth in the general objections, including, but not limited to, the grounds that this interrogatory seeks information that is not relevant nor reasonably calculated to lead to the discovery of evidence relevant to this lawsuit; the request is overly broad, unduly vague, and ambiguous and is intended to harass and embarrass this answering Defendant.

15. All communications between you and any person concerning this lawsuit or the allegations therein, other than your counsel.

**RESPONSE:**

Objection. Defendant Lewalski objects to this interrogatory on the grounds set forth in the general objections, including, but not limited to, the grounds that this interrogatory seeks information that is not relevant nor reasonably calculated to lead to the discovery of evidence relevant to this lawsuit; the request is overly broad, unduly vague, and ambiguous.


Dated: December 31, 2021
        Orchard Park, New York

        Cheryl Meyers Buth, Esq.
        Laurie A. Baker, Esq.
        MEYERS BUTH LAW GROUP pllc
        *Attorneys for Defendant Sergeant Timothy Lewalski*
        21 Princeton Place, Suite 105
        Orchard Park, New York 14127
        (716) 662-4186
        cmbuth@mblg.us
        labaker@mblg.us


TO:    Katherine R. Rosenfeld, Esq.
        Marissa Benavides, Esq.
        Emery Celli Brinckerhoff & Abady, LLP
        *Attorneys for Plaintiffs Darlene McDay, individually and as Executrix of the Estate of Dante Taylor, and Temple McDay*
        600 Fifth Avenue, 10th Floor
        New York, New York 10020
        (212) 763-5000
        krosenfeld@ecbalaw.com
        mbenavides@ecbalaw.com

CC:    David J. Sleight, Esq.
        Office of the Attorney General
        *Attorneys for Margaret Stirk, Kristen Muratore, Sergeant Scott Lambert, C.O. Freeman, C.O. Mark Collett, C.O. Greighton, C.O. Theal, C.O. Baron, Jill Olivieri, R.N., Diane Dirienzo, R.N., Lisa Prishel, R.N., Debra Stubeusz, M.D., Anjum*

*Haque, M.D., Bertram Barall, M.D., Kelly Konesky,
LCSW-R, and Dana Mancini, SW2,*
Main Place Tower, Suite 300A
350 Main Street
Buffalo, New York 14202
(716) 852-6274
david.sleight@ag.ny.gov


Joseph M. LaTona, Esq.
*Attorney for C.O. McDonald*
403 Main Street, Suite 716
Buffalo, New York 14203
(716) 842-0416
sandyw@tomburton.com


Eric M. Soehnlein, Esq.
Sean M. O'Brien, Esq.
Lippes Mathias Wexler Friedman LLP
*Attorneys for C.O. Thomas White*
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
(716) 853-5100
esoehnlein@lippes.com
sobrien@lippes.com


Daniel J. Henry, Jr., Esq.
Villarini & Henry, L.L. P.
*Attorney for C.O. J. Lewalski*
16 Main Street
Hamburg, New York 14075
(716) 648-0510
dhenry@villariniandhenry.com

Brian Melber, Esq.
Rodney O. Personius, Esq.
Scott R. Hapeman, Esq.
Personius Melber LLP
*Attorneys for C.O. D. Janis*
2100 Main Place Tower
350 Main Street
Buffalo, New York 14202
(716) 855-1050
bmm@personiusmelber.com
rop@personiusmelber.com

13

srh@personiusmelber.com

Barry N. Covert, Esq.
Diane M. Perri Roberts, Esq.
Patrick J. Mackey, Esq.
Lipsitz Green Scime Cambria LLP
*Attorneys for C.O. Melvin Maldonado*
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
(716) 849-1333
bcovert@lglaw.com
droberts@lglaw.com
pmackey@lglaw.com