

# Lipsitz Green Scime Cambria LLP

Attorneys at Law   42 Delaware Avenue, Suite 120, Buffalo, New York 14202-3924  P 716 849 1333  F 716 855 1580 (Not for Service)  www.lglaw.com

James T. Scime
Michael Schiavone
Richard P. Weisbeck, Jr.
Mark L. Stulmaker
Barry Nelson Covert
Robert L. Boreanaz
Thomas M. Mercure
John A. Collins
Michael P. Stuermer [2,3]
Jeffrey F. Reina
Cherie L. Peterson
Joseph J. Manna
William P. Moore
Thomas C. Burnham
Jonathan W. Brown [3]
Diane M. Perri Roberts
Matthew B. Morey
Sharon M. Heim
Paul J. Cieslik
Gregory P. Krull
Robert E. Ziske
Patrick J. Mackey [4]
Max Humann
Justin D. Ginter
Erin McCampbell Paris
Lynn M. Bochenek
Jaime Michelle Cain [5]
Richard A. Maltese, Jr.
Dale J. Bauman [2,6]
Karoline R. Faltas-Peppes
Melissa D. Wischerath [7]
Robert M. Corp [9]
Taylor D. Golba
Christina M. Croglio
Amy C. Keller [8]
Michael M. Kane
Alexander R. DiDonato
Brittany E. Morgan
Hillary E. Panek
Candace L. Morrison

OF COUNSEL
Paul J. Cambria, Jr. [1,3,5]
Patrick C. O'Reilly
Herbert L. Greenman
Laraine Kelley
Joseph J. Gumkowski
George E. Riedel, Jr. [2]

SPECIAL COUNSEL
Richard D. Furlong
Scott M. Schwartz
Robert A. Scalione [2]

ALSO ADMITTED IN
1  District of Columbia
2  Florida
3  California
4  Illinois
5  Pennsylvania
6  New Jersey
7  Oregon
8  Massachusetts
9  Connecticut

May 16, 2023

**VIA ECF**
Honorable Jeremiah J. McCarthy
United States Magistrate Judge
Robert H. Jackson Unites States Courthouse
2 Niagara Square
Buffalo, New York 14202

Re:   McDay v. Eckert, et al.
       Case No. 20-cv-233 (JLS)(JJM)

Dear Magistrate Judge McCarthy:

I write on behalf of counsel for Defendants Maldonado, Horbett, Lewalski, Janis, White and Mc Donald (herein referred to as the "CO Defendants").

On January 19, 2023, Plaintiff served counsel for each of these Defendants with a subpoena to DOCCS seeking their individual client's complete personnel files, "institutional files" (an undefined term in the subpoena) – specifically including pre-employment psychological screening tests and evaluations– and documents reflecting filing of disciplinary charges of any kind or action against each such Correction Officer Defendant identified in the subpoenas, all dating back to the date of their appointment and continuing through to the present. These subpoenas, referred to as the "personnel files" subpoenas, are attached hereto as **Exhibits "A" through "F"**. Each personnel file subpoena was returnable to each such Correction Officer Defendant's individual counsel for purposes of redaction of personal information.

That same date, January 19, 2023, Plaintiff also served defense counsel with a separate subpoena also addressed to DOCCS (see attached **Exhibit "G"**), seeking documents which date back to the beginning of employment for each Correction Officer Defendant; that subpoena will be referred to as the "use of force/misconduct subpoena". The use of force/misconduct subpoena sought:

       -- all use of force incidents and unusual incident reports where any one or more of the CO Defendants prepared those documents or was involved or present as a witness, without regard to whether such incident reports relate to a claim of use of excessive force, and covering the entire time period of each CO Defendant's employment;

May 16, 2023
Page 2

**Lipsitz Green Scime Cambria** LLP

    --all grievances, complaints and complaint letters by all incarcerated persons at Wende alleging any misconduct by the CO Defendants, of any type during that same time frame;

    -- complete OSI files on approximately 99 investigatory matters, a number of which have been closed since 1999 and the early 2000's;

    -- all Office of Special Investigations (OSI) investigative files, reports, etc. relating to any allegation of misconduct by each CO Defendant, without regard to whether such allegations were found to be unsubstantiated by OSI; and

    -- all documents relating to allegations of any type of misconduct by each of the CO Defendants, including documents showing whether the allegations were investigated, and whether disciplinary charges were brought and the disposition of same.

Very significant to the purpose of this letter request to the Court is the fact that the use of force/misconduct subpoena was returnable to Plaintiff's counsel at its New York City office.

Defendants understand that in April 2023, the Court raised an issue under Rule 45 related to Plaintiff's subsequent and separately served subpoenas to DOCCS and OMH (Office of Mental Health), because those subsequent subpoenas were originally returnable at Plaintiff's counsel's New York City office, outside the requirements of Rule 45.  Accordingly, the Court administratively dismissed the Plaintiff's original two motions to compel compliance with the subpoenas to DOCCS and OMH. Plaintiff then re-served those two subpoenas to make them returnable in Buffalo to comply with Rule 45, followed by a re-filing of Plaintiff's two motions to compel. All the filings related to Plaintiff's two motions to compel and the Court's action with respect to same, are at Docket Nos. 183-189.

Those two subpoenas to DOCCS and OMH, however, were separate and distinct from the personnel file and use of force/misconduct subpoenas served by Plaintiff on January 19, 2023, even though there is some overlap in terms of documents that were requested only in the use of force/misconduct subpoena.  The other point of overlap with the use of force/misconduct subpoena is the fact that the use of force/misconduct subpoena was likewise returnable –contrary to Rule 45—at Plaintiff's counsel's New York City Office.

May 16, 2023
Page 3

**Lipsitz Green Scime Cambria** LLP

The personnel file subpoenas, however, were *not* returnable in New York City but rather, to the offices of the CO Defendants' counsel in Buffalo. (*See* attached Exhibits A-G). Accordingly, the personnel file subpoenas did comply in that aspect with Rule 45. The Court, however, on May 3, 2023, administratively terminated (*see* Docket No. 190) the motion to quash (Docket No. 164) which was filed by the CO Defendants with respect to both the personnel file subpoenas and the use of force/misconduct subpoena, subject to re-filing in compliance with Rule 45.

While the CO Defendants understand the reasoning of the Court with respect to the termination of that portion of the motion to quash addressed to the use of force/misconduct subpoena, it is respectfully submitted that because the personnel file subpoenas were returnable in Buffalo, the personnel file subpoenas complied with Rule 45, and the portions of the CO Defendants' motion to quash should not have been administratively terminated. The CO Defendants seek for the Court to reinstate the motion to quash and its related filings (see Docket Nos. 164, 177 and 182), and set the same for a ruling by the Court. At the time of the administrative termination, the motion to quash was fully briefed and submitted to the Court for a ruling.

We appreciate the Court's consideration of this request.

Very truly yours,

**LIPSITZ GREEN SCIME CAMBRIA LLP**


By:   /s/Diane M. Perri Roberts
      Diane M. Perri Roberts, Esq.

DMR/ras


cc:   All Counsel (via ECF)

