# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DARLENE McDAY, as Executrix of the Estate of
DANTE TAYLOR,

                           Plaintiff,

    v.

STEWART ECKERT, Superintendent, Wende
Correctional Facility, et al.,

                           Defendants.

No. 20 Civ. 0233 (JLS)(JJM)

---

## NOTICE OF DOCUMENT SUBPOENA

    PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff Darlene McDay, as Executrix of the Estate of Dante Taylor, by and through her attorneys, Emery Celli Brinckerhoff Abady Ward & Maazel LLP, will cause the attached subpoena to be served upon the following:

New York State Department of Corrections and Community Supervision
Records Access Officer/General Counsel
Harriman State Campus
1220 Washington Avenue Ext., Building 2
Albany, New York 12226-2050

    A copy of the subpoena is attached to this notice and is hereby served upon on you.

Dated: January 19, 2023
    New York, New York

                             EMERY CELLI BRINCKERHOFF
                             ABADY WARD & MAAZEL LLP

                 By: _____

                             Katherine Rosenfeld
                             Marissa R. Benavides
                             600 Fifth Avenue, 10th Floor
                             New York, New York 10020
                             (212) 763-5000

                             *Attorneys for Plaintiff*

TO:   David J. Sleight
OFFICE OF THE ATTORNEY GENERAL
Main Place Tower
350 Main Street, Suite 300A
Buffalo, NY 14202
(716) 852-6274

*Attorney for Defendants Eckert, Stirk, Muratore,*
*Lambert, Freeman, Collett, Greighton, Theal, Baron,*
*Olivieri, Dirienzo, Prishel, Stubeusz, Haque, Barall,*
*Konesky, and Mancini*

Cheryl Meyers Buth
Laurie A. Baker
MEYERS BUTH LAW GROUP PLLC
21 Princeton Place
Orchard Park, NY 14127
(716) 508-8598

*Attorney for Defendant Lewalski*

Joseph M. LaTona
403 Main Street, Suite 716
Buffalo, NY 14203
(716) 842-0416

*Attorneys for Defendant McDonald*

Eric M. Soehnlein
Sean M. O'Brien
LIPPES MATHIAS LLP
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
(716) 853-5100

*Attorneys for Defendant White*

Daniel J. Henry, Jr.
VILLARINI & HENRY, L.L.P.
16 Main Street
Hamburg, NY 14075
(716) 648-0510

*Attorney for Defendant Horbett*

Rodney O. Personius
Scott R. Hapeman
Brian M. Melber
PERSONIUS MELBER LLP
2100 Main Place Tower
350 Main Street
Buffalo, NY 14202
716-855-1050

*Attorney for Defendant Janis*

Barry N. Covert
Diane M. Perri Roberts
Patrick J. Mackey
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, NY 14202
(716) 849-1333

*Attorneys for Defendant Maldonado*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of New York

| | |
|---|---|
| DARLENE McDAY, as Executrix of the Estate of DANTE TAYLOR, | ) |
| *Plaintiff* | ) |
| v. | ) |
| STEWART ECKERT, Superintendent, Wende Correctional Facility, et al. | ) |
| *Defendant* | ) |

Civil Action No.   20 Civ. 0233 (JLS)(JJM)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  New York State Department of Corrections and Community Supervision, Records Access Officer/General Counsel, Harriman State Campus, 1220 Washington Avenue Ext., Building 2, Albany, NY 12226-2050

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| Place: Joseph M. LaTona, Esq. 403 Main Street, Suite 716 Buffalo, New York 14203 | Date and Time: 02/09/2023 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   01/19/2023

| CLERK OF COURT | | |
|---|---|---|
| _____ | OR | *Katherine Rosenfeld* |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiff
Darlene McDay, as Executrix of Estate of Dante Taylor  , who issues or requests this subpoena, are:

Katherine Rosenfeld, Emery Celli Brinckerhoff Abady Ward & Maazel LLP, 600 5th Ave., 10th Fl., New York, NY 10020,

krosenfeld@ecbawm.com   **Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 20 Civ. 0233 (JLS)(JJM)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

**DEFINITIONS**

1.      <u>You</u>:  The term "you" means DOCCS and, where appropriate, all officers, directors, employees, partners, subsidiaries, agents or affiliates.

2.      <u>Communication</u>: The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

3.      <u>Document</u>: The term "document" means, without limitation, the following items which are in the possession, custody or control of DOCCS, its agents, representatives and/or attorneys, whether printed or recorded or reproduced by any other mechanical or electronic process, or written or produced by hand: agreements, communications, reports, memo book entries, state and federal governmental hearings and reports, correspondence, telegrams, electronic mail, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, motion picture films, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing on any document and all other writings.

4.      <u>Parties</u>:  The terms "Plaintiff" and "Defendants" as well as a party's full or abbreviated name or a pronoun referring to a party means the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

5.      <u>Person</u>:  The term "person" is defined as any natural person or any business, legal or governmental entity, corporation or association.

6.      <u>Concerning</u>:  The term "concerning" means relating to, referring to, describing, evidencing or constituting.

7.      <u>All/Each</u>: The terms "all" and "each" shall be construed as all and each.

8.      <u>And/Or</u>:  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this discovery request all responses that might otherwise be construed to be outside of its scope.

9.      <u>Number</u>:  The use of the singular form of any words includes the plural and vice versa.

10.      <u>DOCCS</u>:  The term "DOCCS" refers to the New York State Department of Corrections and Community Supervision, a department of the New York State government and the direct employer of the Individual Defendants.

## **<u>DOCUMENTS</u>**

1.      The complete personnel files and institutional files of CO Kelly McDonald, including the pre-employment psychological screening tests and evaluations.

2.      The DOCCS "Employee History" for CO Kelly McDonald.

3.      All documents reflecting the filing of disciplinary charges of any kind or disciplinary action taken against CO Kelly McDonald and the disposition of any disciplinary charges or action, from the date of his appointment to the present, including but not limited to Notices of Discipline, Memorandums, and Suspension Notices.

# EXHIBIT B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DARLENE McDAY, as Executrix of the Estate of
DANTE TAYLOR,

                    Plaintiff,

    v.

STEWART ECKERT, Superintendent, Wende
Correctional Facility, et al.,

                    Defendants.

No. 20 Civ. 0233 (JLS)(JJM)

---

## NOTICE OF DOCUMENT SUBPOENA

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff Darlene McDay, as Executrix of the Estate of Dante Taylor, by and through her attorneys, Emery Celli Brinckerhoff Abady Ward & Maazel LLP, will cause the attached subpoena to be served upon the following:

New York State Department of Corrections and Community Supervision
Records Access Officer/General Counsel
Harriman State Campus
1220 Washington Avenue Ext., Building 2
Albany, New York 12226-2050

A copy of the subpoena is attached to this notice and is hereby served upon on you.

Dated: January 19, 2023
New York, New York

EMERY CELLI BRINCKERHOFF
ABADY WARD & MAAZEL LLP

By: _Katherine Rosenfeld_

Katherine Rosenfeld
Marissa R. Benavides
600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000

*Attorneys for Plaintiff*

1

TO:    David J. Sleight
OFFICE OF THE ATTORNEY GENERAL
Main Place Tower
350 Main Street, Suite 300A
Buffalo, NY 14202
(716) 852-6274

*Attorney for Defendants Eckert, Stirk, Muratore,*
*Lambert, Freeman, Collett, Greighton, Theal, Baron,*
*Olivieri, Dirienzo, Prishel, Stubeusz, Haque, Barall,*
*Konesky, and Mancini*

Cheryl Meyers Buth
Laurie A. Baker
MEYERS BUTH LAW GROUP PLLC
21 Princeton Place
Orchard Park, NY 14127
(716) 508-8598

*Attorney for Defendant Lewalski*

Joseph M. LaTona
403 Main Street, Suite 716
Buffalo, NY 14203
(716) 842-0416

*Attorneys for Defendant McDonald*

Eric M. Soehnlein
Sean M. O'Brien
LIPPES MATHIAS LLP
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
(716) 853-5100

*Attorneys for Defendant White*

Daniel J. Henry, Jr.
VILLARINI & HENRY, L.L.P.
16 Main Street
Hamburg, NY 14075
(716) 648-0510

*Attorney for Defendant Horbett*

Rodney O. Personius
Scott R. Hapeman
Brian M. Melber
PERSONIUS MELBER LLP
2100 Main Place Tower
350 Main Street
Buffalo, NY 14202
716-855-1050

*Attorney for Defendant Janis*

Barry N. Covert
Diane M. Perri Roberts
Patrick J. Mackey
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, NY 14202
(716) 849-1333

*Attorneys for Defendant Maldonado*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

Western District of New York

| | |
|---|---|
| DARLENE McDAY, as Executrix of the Estate of DANTE TAYLOR, | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 20 Civ. 0233 (JLS)(JJM) |
| STEWART ECKERT, Superintendent, Wende Correctional Facility, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: New York State Department of Corrections and Community Supervision, Records Access Officer/General Counsel, Harriman State Campus, 1220 Washington Avenue Ext., Building 2, Albany, NY 12226-2050

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| Place: Eric M. Soehnlein, Esq., Lippes Mathias LLP 50 Fountain Plaza, Suite 1700 Buffalo, New York 14202 | Date and Time: 02/09/2023 10:00 am |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  01/19/2023

| *CLERK OF COURT* | OR | *Katherine Rosenfeld* |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff

Darlene McDay, as Executrix of Estate of Dante Taylor _____, who issues or requests this subpoena, are:

Katherine Rosenfeld, Emery Celli Brinckerhoff Abady Ward & Maazel LLP, 600 5th Ave., 10th Fl., New York, NY 10020,

krosenfeld@ecbawm.com    **Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 20 Civ. 0233 (JLS)(JJM)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

**DEFINITIONS**

1.      You:  The term "you" means DOCCS and, where appropriate, all officers, directors, employees, partners, subsidiaries, agents or affiliates.

2.      Communication: The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

3.      Document: The term "document" means, without limitation, the following items which are in the possession, custody or control of DOCCS, its agents, representatives and/or attorneys, whether printed or recorded or reproduced by any other mechanical or electronic process, or written or produced by hand: agreements, communications, reports, memo book entries, state and federal governmental hearings and reports, correspondence, telegrams, electronic mail, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, motion picture films, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing on any document and all other writings.

4.      Parties:  The terms "Plaintiff" and "Defendants" as well as a party's full or abbreviated name or a pronoun referring to a party means the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

5.      <u>Person</u>:  The term "person" is defined as any natural person or any business, legal or governmental entity, corporation or association.

6.      <u>Concerning</u>:  The term "concerning" means relating to, referring to, describing, evidencing or constituting.

7.      <u>All/Each</u>: The terms "all" and "each" shall be construed as all and each.

8.      <u>And/Or</u>:  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this discovery request all responses that might otherwise be construed to be outside of its scope.

9.      <u>Number</u>:  The use of the singular form of any words includes the plural and vice versa.

10.      <u>DOCCS</u>:  The term "DOCCS" refers to the New York State Department of Corrections and Community Supervision, a department of the New York State government and the direct employer of the Individual Defendants.

## **<u>DOCUMENTS</u>**

1.      The complete personnel files and institutional files of CO Thomas White, including the pre-employment psychological screening tests and evaluations.

2.      The DOCCS "Employee History" for CO Thomas White.

3.      All documents reflecting the filing of disciplinary charges of any kind or disciplinary action taken against CO Thomas White and the disposition of any disciplinary charges or action, from the date of his appointment to the present, including but not limited to Notices of Discipline, Memorandums, and Suspension Notices.

# EXHIBIT C

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DARLENE McDAY, as Executrix of the Estate of
DANTE TAYLOR,

                                    Plaintiff,

              v.

STEWART ECKERT, Superintendent, Wende
Correctional Facility, et al.,

                                    Defendants.

No. 20 Civ. 0233 (JLS)(JJM)

## NOTICE OF DOCUMENT SUBPOENA

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff Darlene McDay, as Executrix of the Estate of Dante Taylor, by and through her attorneys, Emery Celli Brinckerhoff Abady Ward & Maazel LLP, will cause the attached subpoena to be served upon the following:

New York State Department of Corrections and Community Supervision
Records Access Officer/General Counsel
Harriman State Campus
1220 Washington Avenue Ext., Building 2
Albany, New York 12226-2050

A copy of the subpoena is attached to this notice and is hereby served upon on you.

Dated: January 19, 2023
       New York, New York

                              EMERY CELLI BRINCKERHOFF
                              ABADY WARD & MAAZEL LLP

                       By:    _____
                              Katherine Rosenfeld
                              Marissa R. Benavides
                              600 Fifth Avenue, 10th Floor
                              New York, New York 10020
                              (212) 763-5000

                              *Attorneys for Plaintiff*

TO:   David J. Sleight
OFFICE OF THE ATTORNEY GENERAL
Main Place Tower
350 Main Street, Suite 300A
Buffalo, NY 14202
(716) 852-6274

*Attorney for Defendants Eckert, Stirk, Muratore,*
*Lambert, Freeman, Collett, Greighton, Theal, Baron,*
*Olivieri, Dirienzo, Prishel, Stubeusz, Haque, Barall,*
*Konesky, and Mancini*

Cheryl Meyers Buth
Laurie A. Baker
MEYERS BUTH LAW GROUP PLLC
21 Princeton Place
Orchard Park, NY 14127
(716) 508-8598

*Attorney for Defendant Lewalski*

Joseph M. LaTona
403 Main Street, Suite 716
Buffalo, NY 14203
(716) 842-0416

*Attorneys for Defendant McDonald*

Eric M. Soehnlein
Sean M. O'Brien
LIPPES MATHIAS LLP
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
(716) 853-5100

*Attorneys for Defendant White*

Daniel J. Henry, Jr.
VILLARINI & HENRY, L.L.P.
16 Main Street
Hamburg, NY 14075
(716) 648-0510

*Attorney for Defendant Horbett*

Rodney O. Personius
Scott R. Hapeman
Brian M. Melber
PERSONIUS MELBER LLP
2100 Main Place Tower
350 Main Street
Buffalo, NY 14202
716-855-1050

*Attorney for Defendant Janis*

Barry N. Covert
Diane M. Perri Roberts
Patrick J. Mackey
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, NY 14202
(716) 849-1333

*Attorneys for Defendant Maldonado*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of New York

| | |
|---|---|
| DARLENE McDAY, as Executrix of the Estate of DANTE TAYLOR, | ) |
| *Plaintiff* | ) |
| v. | ) |
| STEWART ECKERT, Superintendent, Wende Correctional Facility, et al. | ) |
| *Defendant* | ) |

Civil Action No.   20 Civ. 0233 (JLS)(JJM)

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:  New York State Department of Corrections and Community Supervision, Records Access Officer/General Counsel, Harriman State Campus, 1220 Washington Avenue Ext., Building 2, Albany, NY 12226-2050

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| Place: Scott R. Hapeman, Esq., Personius Melber LLP 2100 Main Place Tower Buffalo, New York 14202 | Date and Time: 02/09/2023 10:00 am |
|---|---|

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   01/19/2023

| CLERK OF COURT | | |
|---|---|---|
| _____ | OR | *Katherine Rosenfeld* |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiff
Darlene McDay, as Executrix of Estate of Dante Taylor  , who issues or requests this subpoena, are:

Katherine Rosenfeld, Emery Celli Brinckerhoff Abady Ward & Maazel LLP, 600 5th Ave., 10th Fl., New York, NY 10020,

krosenfeld@ecbawm.com          **Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   20 Civ. 0233 (JLS)(JJM)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

**DEFINITIONS**

1.     <u>You</u>:  The term "you" means DOCCS and, where appropriate, all officers, directors, employees, partners, subsidiaries, agents or affiliates.

2.     <u>Communication</u>: The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

3.     <u>Document</u>: The term "document" means, without limitation, the following items which are in the possession, custody or control of DOCCS, its agents, representatives and/or attorneys, whether printed or recorded or reproduced by any other mechanical or electronic process, or written or produced by hand: agreements, communications, reports, memo book entries, state and federal governmental hearings and reports, correspondence, telegrams, electronic mail, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, motion picture films, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing on any document and all other writings.

4.     <u>Parties</u>:  The terms "Plaintiff" and "Defendants" as well as a party's full or abbreviated name or a pronoun referring to a party means the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

5.      Person:  The term "person" is defined as any natural person or any business, legal or governmental entity, corporation or association.

6.      Concerning:  The term "concerning" means relating to, referring to, describing, evidencing or constituting.

7.      All/Each: The terms "all" and "each" shall be construed as all and each.

8.      And/Or:  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this discovery request all responses that might otherwise be construed to be outside of its scope.

9.      Number:  The use of the singular form of any words includes the plural and vice versa.

10.     DOCCS:  The term "DOCCS" refers to the New York State Department of Corrections and Community Supervision, a department of the New York State government and the direct employer of the Individual Defendants.

## **DOCUMENTS**

1.      The complete personnel files and institutional files of CO Dylan Janis, including the pre-employment psychological screening tests and evaluations.

2.      The DOCCS "Employee History" for CO Dylan Janis.

3.      All documents reflecting the filing of disciplinary charges of any kind or disciplinary action taken against CO Dylan Janis and the disposition of any disciplinary charges or action, from the date of his appointment to the present, including but not limited to Notices of Discipline, Memorandums, and Suspension Notices.

# EXHIBIT D

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DARLENE McDAY, as Executrix of the Estate of DANTE TAYLOR, | No. 20 Civ. 0233 (JLS)(JJM) |
| Plaintiff, | |
| v. | |
| STEWART ECKERT, Superintendent, Wende Correctional Facility, et al., | |
| Defendants. | |

## NOTICE OF DOCUMENT SUBPOENA

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff Darlene McDay, as Executrix of the Estate of Dante Taylor, by and through her attorneys, Emery Celli Brinckerhoff Abady Ward & Maazel LLP, will cause the attached subpoena to be served upon the following:

New York State Department of Corrections and Community Supervision
Records Access Officer/General Counsel
Harriman State Campus
1220 Washington Avenue Ext., Building 2
Albany, New York 12226-2050

A copy of the subpoena is attached to this notice and is hereby served upon on you.

Dated: January 19, 2023
New York, New York

EMERY CELLI BRINCKERHOFF
ABADY WARD & MAAZEL LLP

By: _Katherine Rosenfeld_

Katherine Rosenfeld
Marissa R. Benavides
600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000

*Attorneys for Plaintiff*

1

TO:   David J. Sleight
      OFFICE OF THE ATTORNEY GENERAL
      Main Place Tower
      350 Main Street, Suite 300A
      Buffalo, NY 14202
      (716) 852-6274

      *Attorney for Defendants Eckert, Stirk, Muratore,*
      *Lambert, Freeman, Collett, Greighton, Theal, Baron,*
      *Olivieri, Dirienzo, Prishel, Stubeusz, Haque, Barall,*
      *Konesky, and Mancini*

      Cheryl Meyers Buth
      Laurie A. Baker
      MEYERS BUTH LAW GROUP PLLC
      21 Princeton Place
      Orchard Park, NY 14127
      (716) 508-8598

      *Attorney for Defendant Lewalski*

      Joseph M. LaTona
      403 Main Street, Suite 716
      Buffalo, NY 14203
      (716) 842-0416

      *Attorneys for Defendant McDonald*

      Eric M. Soehnlein
      Sean M. O'Brien
      LIPPES MATHIAS LLP
      50 Fountain Plaza, Suite 1700
      Buffalo, NY 14202
      (716) 853-5100

      *Attorneys for Defendant White*

      Daniel J. Henry, Jr.
      VILLARINI & HENRY, L.L.P.
      16 Main Street
      Hamburg, NY 14075
      (716) 648-0510

      *Attorney for Defendant Horbett*

2

Rodney O. Personius
Scott R. Hapeman
Brian M. Melber
PERSONIUS MELBER LLP
2100 Main Place Tower
350 Main Street
Buffalo, NY 14202
716-855-1050

*Attorney for Defendant Janis*

Barry N. Covert
Diane M. Perri Roberts
Patrick J. Mackey
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, NY 14202
(716) 849-1333

*Attorneys for Defendant Maldonado*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of New York

| | |
|---|---|
| DARLENE McDAY, as Executrix of the Estate of DANTE TAYLOR, | ) |
| _Plaintiff_ | ) |
| v. | ) |
| STEWART ECKERT, Superintendent, Wende Correctional Facility, et al. | ) |
| _Defendant_ | ) |

Civil Action No.   20 Civ. 0233 (JLS)(JJM)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  New York State Department of Corrections and Community Supervision, Records Access Officer/General Counsel, Harriman State Campus, 1220 Washington Avenue Ext., Building 2, Albany, NY 12226-2050

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| Place: Daniel J. Henry, Jr., Esq. | Date and Time: |
|---|---|
| 16 Main Street Hamburg, New York 14075 | 02/09/2023 10:00 am |

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   01/19/2023

CLERK OF COURT

_____          OR          _Katherine Rosenfeld_
Signature of Clerk or Deputy Clerk                                    _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   Plaintiff
Darlene McDay, as Executrix of Estate of Dante Taylor                    , who issues or requests this subpoena, are:

Katherine Rosenfeld, Emery Celli Brinckerhoff Abady Ward & Maazel LLP, 600 5th Ave., 10th Fl., New York, NY 10020,

krosenfeld@ecbawm.com          **Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   20 Civ. 0233 (JLS)(JJM)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

## <u>DEFINITIONS</u>

1.      <u>You</u>:  The term "you" means DOCCS and, where appropriate, all officers, directors, employees, partners, subsidiaries, agents or affiliates.

2.      <u>Communication</u>: The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

3.      <u>Document</u>: The term "document" means, without limitation, the following items which are in the possession, custody or control of DOCCS, its agents, representatives and/or attorneys, whether printed or recorded or reproduced by any other mechanical or electronic process, or written or produced by hand: agreements, communications, reports, memo book entries, state and federal governmental hearings and reports, correspondence, telegrams, electronic mail, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, motion picture films, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing on any document and all other writings.

4.      <u>Parties</u>:  The terms "Plaintiff" and "Defendants" as well as a party's full or abbreviated name or a pronoun referring to a party means the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

5.    <u>Person</u>:  The term "person" is defined as any natural person or any business, legal or governmental entity, corporation or association.

6.    <u>Concerning</u>:  The term "concerning" means relating to, referring to, describing, evidencing or constituting.

7.    <u>All/Each</u>: The terms "all" and "each" shall be construed as all and each.

8.    <u>And/Or</u>:  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this discovery request all responses that might otherwise be construed to be outside of its scope.

9.    <u>Number</u>:  The use of the singular form of any words includes the plural and vice versa.

10.    <u>DOCCS</u>:  The term "DOCCS" refers to the New York State Department of Corrections and Community Supervision, a department of the New York State government and the direct employer of the Individual Defendants.

## **<u>DOCUMENTS</u>**

1.    The complete personnel files and institutional files of CO James Horbett, including the pre-employment psychological screening tests and evaluations.

2.    The DOCCS "Employee History" for CO James Horbett.

3.    All documents reflecting the filing of disciplinary charges of any kind or disciplinary action taken against CO James Horbett and the disposition of any disciplinary charges or action, from the date of his appointment to the present, including but not limited to Notices of Discipline, Memorandums, and Suspension Notices.

# EXHIBIT E

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DARLENE McDAY, as Executrix of the Estate of
DANTE TAYLOR,

                            Plaintiff,

      v.

STEWART ECKERT, Superintendent, Wende
Correctional Facility, et al.,

                            Defendants.

No. 20 Civ. 0233 (JLS)(JJM)

## NOTICE OF DOCUMENT SUBPOENA

      PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Plaintiff Darlene McDay, as Executrix of the Estate of Dante Taylor, by and through

her attorneys, Emery Celli Brinckerhoff Abady Ward & Maazel LLP, will cause the attached

subpoena to be served upon the following:

      New York State Department of Corrections and Community Supervision
      Records Access Officer/General Counsel
      Harriman State Campus
      1220 Washington Avenue Ext., Building 2
      Albany, New York 12226-2050

      A copy of the subpoena is attached to this notice and is hereby served upon on you.

Dated: January 19, 2023
      New York, New York

                         EMERY CELLI BRINCKERHOFF
                         ABADY WARD & MAAZEL LLP

                By:    _Katherine Rosenfeld_

                         Katherine Rosenfeld
                         Marissa R. Benavides
                         600 Fifth Avenue, 10th Floor
                         New York, New York 10020
                         (212) 763-5000

                         *Attorneys for Plaintiff*

TO:   David J. Sleight
OFFICE OF THE ATTORNEY GENERAL
Main Place Tower
350 Main Street, Suite 300A
Buffalo, NY 14202
(716) 852-6274

*Attorney for Defendants Eckert, Stirk, Muratore,*
*Lambert, Freeman, Collett, Greighton, Theal, Baron,*
*Olivieri, Dirienzo, Prishel, Stubeusz, Haque, Barall,*
*Konesky, and Mancini*

Cheryl Meyers Buth
Laurie A. Baker
MEYERS BUTH LAW GROUP PLLC
21 Princeton Place
Orchard Park, NY 14127
(716) 508-8598

*Attorney for Defendant Lewalski*

Joseph M. LaTona
403 Main Street, Suite 716
Buffalo, NY 14203
(716) 842-0416

*Attorneys for Defendant McDonald*

Eric M. Soehnlein
Sean M. O'Brien
LIPPES MATHIAS LLP
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
(716) 853-5100

*Attorneys for Defendant White*

Daniel J. Henry, Jr.
VILLARINI & HENRY, L.L.P.
16 Main Street
Hamburg, NY 14075
(716) 648-0510

*Attorney for Defendant Horbett*

Rodney O. Personius
Scott R. Hapeman
Brian M. Melber
PERSONIUS MELBER LLP
2100 Main Place Tower
350 Main Street
Buffalo, NY 14202
716-855-1050

*Attorney for Defendant Janis*

Barry N. Covert
Diane M. Perri Roberts
Patrick J. Mackey
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, NY 14202
(716) 849-1333

*Attorneys for Defendant Maldonado*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of New York

| | |
|---|---|
| DARLENE McDAY, as Executrix of the Estate of DANTE TAYLOR, | ) |
| *Plaintiff* | ) |
| v. | ) |
| STEWART ECKERT, Superintendent, Wende Correctional Facility, et al. | ) |
| *Defendant* | ) |

Civil Action No.   20 Civ. 0233 (JLS)(JJM)

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: New York State Department of Corrections and Community Supervision, Records Access Officer/General Counsel, Harriman State Campus, 1220 Washington Avenue Ext., Building 2, Albany, NY 12226-2050

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| Place: Cheryl Meyers Buth, Esq., Meyers Buth Law Group PLLC 21 Princeton Place, Suite 105 Orchard Park, New York, NY 14127 | Date and Time: 02/09/2023 10:00 am |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   01/19/2023

| CLERK OF COURT | | |
|---|---|---|
| _____ | OR | *Katherine Rosenfeld* |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiff
Darlene McDay, as Executrix of Estate of Dante Taylor   , who issues or requests this subpoena, are:

Katherine Rosenfeld, Emery Celli Brinckerhoff Abady Ward & Maazel LLP, 600 5th Ave., 10th Fl., New York, NY 10020,

krosenfeld@ecbawm.com        **Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  20 Civ. 0233 (JLS)(JJM)

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

**DEFINITIONS**

1.      <u>You</u>:  The term "you" means DOCCS and, where appropriate, all officers, directors, employees, partners, subsidiaries, agents or affiliates.

2.      <u>Communication</u>: The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

3.      <u>Document</u>: The term "document" means, without limitation, the following items which are in the possession, custody or control of DOCCS, its agents, representatives and/or attorneys, whether printed or recorded or reproduced by any other mechanical or electronic process, or written or produced by hand: agreements, communications, reports, memo book entries, state and federal governmental hearings and reports, correspondence, telegrams, electronic mail, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, motion picture films, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing on any document and all other writings.

4.      <u>Parties</u>:  The terms "Plaintiff" and "Defendants" as well as a party's full or abbreviated name or a pronoun referring to a party means the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

5.      <u>Person</u>:  The term "person" is defined as any natural person or any business, legal or governmental entity, corporation or association.

6.      <u>Concerning</u>:  The term "concerning" means relating to, referring to, describing, evidencing or constituting.

7.      <u>All/Each</u>: The terms "all" and "each" shall be construed as all and each.

8.      <u>And/Or</u>:  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this discovery request all responses that might otherwise be construed to be outside of its scope.

9.      <u>Number</u>:  The use of the singular form of any words includes the plural and vice versa.

10.     <u>DOCCS</u>:  The term "DOCCS" refers to the New York State Department of Corrections and Community Supervision, a department of the New York State government and the direct employer of the Individual Defendants.

## **<u>DOCUMENTS</u>**

1.      The complete personnel files and institutional files of Sergeant Timothy Lewalski, including the pre-employment psychological screening tests and evaluations.

2.      The DOCCS "Employee History" for Sergeant Lewalski.

3.      All documents reflecting the filing of disciplinary charges of any kind or disciplinary action taken against Sergeant Lewalski and the disposition of any disciplinary charges or action, from the date of his appointment to the present, including but not limited to Notices of Discipline, Memorandums, and Suspension Notices.

**EXHIBIT F**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DARLENE McDAY, as Executrix of the Estate of
DANTE TAYLOR,

                                  Plaintiff,

      v.

STEWART ECKERT, Superintendent, Wende
Correctional Facility, et al.,

                                  Defendants.

No. 20 Civ. 0233 (JLS)(JJM)

---

## NOTICE OF DOCUMENT SUBPOENA

       PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Plaintiff Darlene McDay, as Executrix of the Estate of Dante Taylor, by and through

her attorneys, Emery Celli Brinckerhoff Abady Ward & Maazel LLP, will cause the attached

subpoena to be served upon the following:

       New York State Department of Corrections and Community Supervision
       Records Access Officer/General Counsel
       Harriman State Campus
       1220 Washington Avenue Ext., Building 2
       Albany, New York 12226-2050

       A copy of the subpoena is attached to this notice and is hereby served upon on you.

Dated: January 19, 2023
       New York, New York

                      EMERY CELLI BRINCKERHOFF
                      ABADY WARD & MAAZEL LLP

             By:   _Katherine Rosenfeld_____

                      Katherine Rosenfeld
                      Marissa R. Benavides
                      600 Fifth Avenue, 10th Floor
                      New York, New York 10020
                      (212) 763-5000

                      *Attorneys for Plaintiff*

TO:   David J. Sleight
OFFICE OF THE ATTORNEY GENERAL
Main Place Tower
350 Main Street, Suite 300A
Buffalo, NY 14202
(716) 852-6274

*Attorney for Defendants Eckert, Stirk, Muratore,
Lambert, Freeman, Collett, Greighton, Theal, Baron,
Olivieri, Dirienzo, Prishel, Stubeusz, Haque, Barall,
Konesky, and Mancini*

Cheryl Meyers Buth
Laurie A. Baker
MEYERS BUTH LAW GROUP PLLC
21 Princeton Place
Orchard Park, NY 14127
(716) 508-8598

*Attorney for Defendant Lewalski*

Joseph M. LaTona
403 Main Street, Suite 716
Buffalo, NY 14203
(716) 842-0416

*Attorneys for Defendant McDonald*

Eric M. Soehnlein
Sean M. O'Brien
LIPPES MATHIAS LLP
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
(716) 853-5100

*Attorneys for Defendant White*

Daniel J. Henry, Jr.
VILLARINI & HENRY, L.L.P.
16 Main Street
Hamburg, NY 14075
(716) 648-0510

*Attorney for Defendant Horbett*

Rodney O. Personius
Scott R. Hapeman
Brian M. Melber
PERSONIUS MELBER LLP
2100 Main Place Tower
350 Main Street
Buffalo, NY 14202
716-855-1050

*Attorney for Defendant Janis*

Barry N. Covert
Diane M. Perri Roberts
Patrick J. Mackey
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, NY 14202
(716) 849-1333

*Attorneys for Defendant Maldonado*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of New York

| | |
|---|---|
| DARLENE McDAY, as Executrix of the Estate of DANTE TAYLOR, <br> *Plaintiff* <br> v. <br> STEWART ECKERT, Superintendent, Wende Correctional Facility, et al. <br> *Defendant* | ) ) ) ) ) ) ) |

Civil Action No.   20 Civ. 0233 (JLS)(JJM)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  New York State Department of Corrections and Community Supervision, Records Access Officer/General Counsel, Harriman State Campus, 1220 Washington Avenue Ext., Building 2, Albany, NY 12226-2050

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| Place: Diane Perri Robert, Esq., <br> Lipsitz Green Scime Cambria LLP <br> 42 Delaware Avenue, Suite 120, Buffalo, NY  14202 | Date and Time: <br><br> 02/09/2023 10:00 am |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   01/19/2023

| CLERK OF COURT | | |
|---|---|---|
| _____ <br> *Signature of Clerk or Deputy Clerk* | OR | *Katherine Rosenfeld* <br> _____ <br> *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiff
Darlene McDay, as Executrix of Estate of Dante Taylor   , who issues or requests this subpoena, are:

Katherine Rosenfeld, Emery Celli Brinckerhoff Abady Ward & Maazel LLP, 600 5th Ave., 10th Fl., New York, NY 10020,

krosenfeld@ecbawm.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  20 Civ. 0233 (JLS)(JJM)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

**DEFINITIONS**

1.      <u>You</u>:  The term "you" means DOCCS and, where appropriate, all officers, directors, employees, partners, subsidiaries, agents or affiliates.

2.      <u>Communication</u>: The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

3.      <u>Document</u>: The term "document" means, without limitation, the following items which are in the possession, custody or control of DOCCS, its agents, representatives and/or attorneys, whether printed or recorded or reproduced by any other mechanical or electronic process, or written or produced by hand: agreements, communications, reports, memo book entries, state and federal governmental hearings and reports, correspondence, telegrams, electronic mail, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, motion picture films, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing on any document and all other writings.

4.      <u>Parties</u>:  The terms "Plaintiff" and "Defendants" as well as a party's full or abbreviated name or a pronoun referring to a party means the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

5.      Person:  The term "person" is defined as any natural person or any business, legal or governmental entity, corporation or association.

6.      Concerning:  The term "concerning" means relating to, referring to, describing, evidencing or constituting.

7.      All/Each: The terms "all" and "each" shall be construed as all and each.

8.      And/Or:  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this discovery request all responses that might otherwise be construed to be outside of its scope.

9.      Number:  The use of the singular form of any words includes the plural and vice versa.

10.      DOCCS:  The term "DOCCS" refers to the New York State Department of Corrections and Community Supervision, a department of the New York State government and the direct employer of the Individual Defendants.

## **DOCUMENTS**

1.      The complete personnel files and institutional files of CO Melvin Maldonado, including the pre-employment psychological screening tests and evaluations.

2.      The DOCCS "Employee History" for CO Melvin Maldonado.

3.      All documents reflecting the filing of disciplinary charges of any kind or disciplinary action taken against CO Melvin Maldonado and the disposition of any disciplinary charges or action, from the date of his appointment to the present, including but not limited to Notices of Discipline, Memorandums, and Suspension Notices.

# EXHIBIT G

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DARLENE McDAY, as Executrix of the Estate of
DANTE TAYLOR,

                         Plaintiff,

      v.

STEWART ECKERT, Superintendent, Wende
Correctional Facility, et al.,

                         Defendants.

No. 20 Civ. 0233 (JLS)(JJM)

## NOTICE OF DOCUMENT SUBPOENA

      PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Plaintiff Darlene McDay, as Executrix of the Estate of Dante Taylor, by and through

her attorneys, Emery Celli Brinckerhoff Abady Ward & Maazel LLP, will cause the attached

subpoena to be served upon the following:

      New York State Department of Corrections and Community Supervision
      Records Access Officer/General Counsel
      Harriman State Campus
      1220 Washington Avenue Ext., Building 2
      Albany, New York 12226-2050

      A copy of the subpoena is attached to this notice and is hereby served upon on you.

Dated: January 19, 2023
      New York, New York

                      EMERY CELLI BRINCKERHOFF
                      ABADY WARD & MAAZEL LLP

          By:   *Katherine Rosenfeld*

                      Katherine Rosenfeld
                      Marissa R. Benavides
                      600 Fifth Avenue, 10th Floor
                      New York, New York 10020
                      (212) 763-5000

                      *Attorneys for Plaintiff*

TO:    David J. Sleight
       OFFICE OF THE ATTORNEY GENERAL
       Main Place Tower
       350 Main Street, Suite 300A
       Buffalo, NY 14202
       (716) 852-6274

       *Attorney for Defendants Eckert, Stirk, Muratore,*
       *Lambert, Freeman, Collett, Greighton, Theal, Baron,*
       *Olivieri, Dirienzo, Prishel, Stubeusz, Haque, Barall,*
       *Konesky, and Mancini*

       Cheryl Meyers Buth
       Laurie A. Baker
       MEYERS BUTH LAW GROUP PLLC
       21 Princeton Place
       Orchard Park, NY 14127
       (716) 508-8598

       *Attorney for Defendant Lewalski*

       Joseph M. LaTona
       403 Main Street, Suite 716
       Buffalo, NY 14203
       (716) 842-0416

       *Attorneys for Defendant McDonald*

       Eric M. Soehnlein
       Sean M. O'Brien
       LIPPES MATHIAS LLP
       50 Fountain Plaza, Suite 1700
       Buffalo, NY 14202
       (716) 853-5100

       *Attorneys for Defendant White*

       Daniel J. Henry, Jr.
       VILLARINI & HENRY, L.L.P.
       16 Main Street
       Hamburg, NY 14075
       (716) 648-0510

       *Attorney for Defendant Horbett*

Rodney O. Personius
Scott R. Hapeman
Brian M. Melber
PERSONIUS MELBER LLP
2100 Main Place Tower
350 Main Street
Buffalo, NY 14202
716-855-1050

*Attorney for Defendant Janis*

Barry N. Covert
Diane M. Perri Roberts
Patrick J. Mackey
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, NY 14202
(716) 849-1333

*Attorneys for Defendant Maldonado*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Western District of New York

| | |
|---|---|
| DARLENE McDAY, as Executrix of the Estate of DANTE TAYLOR, <br> *Plaintiff* <br> v. <br> STEWART ECKERT, Superintendent, Wende Correctional Facility, et al. <br> *Defendant* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> Civil Action No.  20 Civ. 0233 (JLS)(JJM) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  New York State Department of Corrections and Community Supervision, Records Access Officer/General Counsel, Harriman State Campus, 1220 Washington Avenue Ext., Building 2, Albany, NY 12226-2050

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| Place: Emery Celli Brinckerhoff Abady Ward & Maazel LLP <br> 600 Fifth Avenue, 10th Floor <br> New York, NY 10020 | Date and Time: <br><br> 02/09/2023 10:00 am |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  01/19/2023

| CLERK OF COURT | OR | *Katherine Rosenfeld* |
|---|---|---|
| _____ <br> *Signature of Clerk or Deputy Clerk* | | _____ <br> *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* ___Plaintiff___
Darlene McDay, as Executrix of Estate of Dante Taylor_____ , who issues or requests this subpoena, are:

Katherine Rosenfeld, Emery Celli Brinckerhoff Abady Ward & Maazel LLP, 600 5th Ave., 10th Fl., New York, NY 10020,

krosenfeld@ecbawm.com           **Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   20 Civ. 0233 (JLS)(JJM)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                 _____
                                                                 *Server's signature*

                                                        _____
                                                                  *Printed name and title*

                                                        _____
                                                                   *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

   **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

   **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

   **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

   **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

   **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

   **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

   **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

**DEFINITIONS**

1.      <u>Defendants</u>: The term "Defendants" means the following defendants in the above-captioned action who are or were employed by DOCCS at Wende Correctional Facility on October 6, 2017 and who are named in the case caption: Sergeant Timothy Lewalski, Officer Kelly McDonald, Officer Thomas White, Officer James Horbett, Officer Dylan Janis, and Officer Melvin Maldonado.

2.      <u>Scott Lambert</u>: The term Scott Lambert refers to Sergeant Scott Lambert who was employed at Wende Correctional Facility on October 6, 2017.

3.      <u>Dwight Wyatt</u>:  The term Dwight Wyatt refers to Officer Dwight Wyatt who was employed at Wende Correctional Facility on October 6, 2017.

4.      <u>You</u>:  The term "you" means DOCCS and, where appropriate, all officers, directors, employees, partners, subsidiaries, agents or affiliates.

5.      <u>Communication</u>: The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

6.      <u>Document</u>: The term "document" means, without limitation, the following items which are in the possession, custody or control of DOCCS, its agents, representatives and/or attorneys, whether printed or recorded or reproduced by any other mechanical or electronic process, or written or produced by hand: agreements, communications, reports, memo book entries, state and federal governmental hearings and reports, correspondence, telegrams, electronic mail, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or

reports of consultants, photographs, motion picture films, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing on any document and all other writings.

7.      <u>Parties</u>:  The terms "Plaintiff" and "Defendants" as well as a party's full or abbreviated name or a pronoun referring to a party means the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

8.      <u>Person</u>:  The term "person" is defined as any natural person or any business, legal or governmental entity, corporation or association.

9.      <u>Concerning</u>:  The term "concerning" means relating to, referring to, describing, evidencing or constituting.

10.      <u>All/Each</u>: The terms "all" and "each" shall be construed as all and each.

11.      <u>And/Or</u>:  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this discovery request all responses that might otherwise be construed to be outside of its scope.

12.      <u>Number</u>:  The use of the singular form of any words includes the plural and vice versa.

13.      <u>DOCCS</u>:  The term "DOCCS" refers to the New York State Department of Corrections and Community Supervision, a department of the New York State government and the direct employer of the Individual Defendants.

14.      <u>OSI</u>:      The term "OSI" means of the Office of Special Investigations of the New York State Department of Corrections and Community Supervision.

## DOCUMENTS

1.      All documents concerning the use of force incidents and unusual incidents,

including, without limitation, use of force and/or unusual incident packages, where one or more

of the Defendants, Scott Lambert, or Dwight Wyatt either (a) prepared, either as participants or

witnesses, the document(s) or (b) were identified as having been present or involved.

Responsive documents shall include incidents that occurred from the beginning of the

Defendants', Dwight Wyatt's and Scott Lambert's employment with DOCCS to the present.

2.      All OSI Investigative Reports relating to any allegations of misconduct by the

Defendants, Dwight Wyatt, or Scott Lambert.

3.      All Grievances, complaints, or letters of complaint filed or otherwise submitted

by incarcerated individuals at Wende Correctional Facility alleging any misconduct of any type

by Defendants, Dwight Wyatt, or Scott Lambert.

4.      All documents relating to any allegations of misconduct involving the

Defendants, Dwight Wyatt, or Scott Lambert, including but not limited to documents sufficient

to show whether the allegations were investigated, whether disciplinary or other charges were

brought against any individual following the investigation, and the disposition of such charges.

5.      The complete OSI Investigative files for the cases listed in the table below,

including but not limited to all OSI Investigative Reports.

| Officer | Charge or IAD or other Identifying Number | Charge Name | Date Closed |
|---------|---------|---------|---------|
| Timothy Lewalski | SCU/05/0081 | Misconduct SCU: Sexual Misconduct | 06/04/2007 |
| Timothy Lewalski | None (identified as "Complaint") | Harassment | 04/19/2005 |
| Timothy Lewalski | SCU/10/0299 | Sexual Misconduct, SCU: Sexual Misconduct | 03/28/2011 |

3

| Timothy Lewalski | SCU/10/0218 | Sexual Harassment, SCU: Sexual Harassment | 01/28/2011 |
|---|---|---|---|
| Timothy Lewalski | SCU/10/0209 | Sexual Misconduct, SCU: Sexual Misconduct | 01/10/2011 |
| Timothy Lewalski | IAD/07/1250 | Assault, IAD: Excessive Force/Assault | 03/18/2008 |
| Timothy Lewalski | IAD/05/0786 | Assault, IAD: Excessive Force/Assault | 09/12/2006 |
| Timothy Lewalski | IAD/04/1068 | Assault, IAD: Excessive Force/Assault | 08/10/2006 |
| Timothy Lewalski | IAD/03/1079 | Assault, IAD: Excessive Force/Assault | 03/03/2004 |
| Timothy Lewalski | IAD/03/0172 | Assault, IAD: Excessive Force/Assault | 09/19/2003 |
| Timothy Lewalski | IAD/17/0166 | Assault, IAD: Excessive Force/Assault | 09/12/2017 |
| Timothy Lewalski | Complaint – 190853 | Sexual Harassment | 12/02/2016 |
| Timothy Lewalski | Complaint – 189125 | Property | 12/02/2016 |
| Timothy Lewalski | IAD/16/1175 | Assault, IAD: Excessive Force/Assault | 07/12/2017 |
| Timothy Lewalski | IAD/16/0141 | Death, IAD: Inmate Death – Natural Causes | 05/18/2017 |
| Timothy Lewalski | Complaint – 174031 | Staff/Inm Sexual Abuse (Assault) | 08/06/20 |
| Timothy Lewalski | IAD/15/0957 | Assault, IAD: Excessive Force/Assault | 10/18/2016 |
| Timothy Lewalski | Complaint – 171381 | Assault, Misconduct | 05/23/2015 |
| Timothy Lewalski | SCU/15/0169 | Fears for Safety, Sexual Harassment, SCU: Other | 08/21/2016 |
| Timothy Lewalski | SCU/15/0159 | Sexual Misconduct, Unauthorized Relationships, SCU: Employee Misconduct | Open 10/10/2017 |
| Timothy Lewalski | IAD/15/0401 | Conditions, Assault, IAD: Excessive Force/Assault | 11/12/2015 |
| Timothy Lewalski | IAD/15/0099 | Assault, IAD: Excessive Force/Assault | 03/10/2016 |
| Timothy Lewalski | IAD/14/1773 | Contraband, IAD: Contraband – Electronic Device | 04/15/2015 |

| | | | |
|---|---|---|---|
| Timothy Lewalski | IAD/14/1692 | Assault, IAD/Excessive Force/Assault | 12/17/2014 |
| Timothy Lewalski | IAD/14/1007 | Assault, IAD/Excessive Force/Assault | 02/12/2015 |
| Timothy Lewalski | IAD/13/1562 | Assault, Fears for Safety, Threats, Transfer, IAD: Excessive Force/Assault | 12/30/2013 |
| Timothy Lewalski | IAD/13/1697 | Assault, Contraband, ID: Excessive Force/Assault | 02/10/2014 |
| Timothy Lewalski | IAD/02/0550 | Assault, IAD: Excessive Force/Assault | 09/23/2002 |
| Timothy Lewalski | SCU/13/0055 | Staff/Inm Sexual Abuse (Assault), SCU: Staff/Inmate Sexual Assaults | 08/26/2013 |
| Timothy Lewalski | IAD/13/0227 | Assault, IAD: Excessive Force/Assault | 08/20/2013 |
| Timothy Lewalski | IAD/12/1330 | Contraband, IAD: Contraband – other | 06/25/2013 |
| Timothy Lewalski | IAD/12/0763 | Assault, IAD: Excessive Force/Assault | 08/28/2012 |
| Timothy Lewalski | IAD/11/0731 | Assault, IAD: Excessive Force/Assault | 12/23/2015 |
| Timothy Lewalski | IAD/10/1514 | Assault, IAD: Excessive Force/Assault | 02/25/2011 |
| Timothy Lewalski | IAD/09/1157 | Assault, IAD: Excessive Force/Assault | 10/06/2009 |
| Timothy Lewalski | IAD/09/0868 | Misconduct, IAD: Employee Misconduct | 03/24/2010 |
| Timothy Lewalski | None (identified as "Complaint") | Property | 03/31/2003 |
| Timothy Lewalski | IAD/05/0803 | Assault, IAD: Excessive Force/Assault | 11/18/2005 |
| Timothy Lewalski | IAD/17/1596 | Assault, IAD: Excessive Force/Assault | Open 11/20/2017 |
| James Horbett | None (identified as "Complaint") | Harassment | 07/01/2004 |
| James Horbett | None (identified as "Complaint") | Threats | 09/22/2003 |
| James Horbett | None (identified as "Complaint") | Threats | 08/04/2003 |
| James Horbett | IAD/16/1895 | Aggravated Harassment, IAD: Employee Misconduct | Open 09/27/2017 |

| James Horbett | SCU/16/0154 | Staff/Inm Sexual Abuse (Assault), SCU: Staff/Inmate Sexual Assaults | 11/22/2016 |
|---|---|---|---|
| James Horbett | Complaint – 175848 | Frisk | 10/07/2015 |
| James Horbett | SCU/15/0168 | Sexual Assault, SCU: Sexual Misconduct | 06/09/2017 |
| James Horbett | IAD/15/0175 | Harassment, IAD: Harassment | 04/11/2016 |
| James Horbett | IAD/14/1875 | Death, IAD: Inmate Death – Suicide | 07/31/2015 |
| James Horbett | IAD/14/1108 | Assault, IAD: Excessive Force/Assault | 06/17/2015 |
| James Horbett | Complaint – 161525 | Assault, Misconduct, Property | 08/02/2014 |
| James Horbett | IAD/14/1007 | Assault, IAD: Excessive Force/Assault | 02/12/2015 |
| James Horbett | IAD/13/1346 | Assault, IAD: Excessive Force/Assault | 11/21/2013 |
| James Horbett | IAD/13/0780 | Assault, IAD: Excessive Force/Assault | 01/21/2014 |
| James Horbett | SCU/12/0280 | Assault, SCU: Staff/Inmate Sexual Assaults | 06/21/2013 |
| James Horbett | IAD/10/1039 | Assault, IAD: Excessive Force/Assault | 12/27/2010 |
| James Horbett | IAD/08/1779 | Assault, IAD: Excessive Force/Assault | 06/23/2009 |
| James Horbett | IAD/04/1056 | Assault, IAD: Excessive Force/Assault | 01/10/2005 |
| James Horbett | IAD/03/0507 | Assault, IAD: Excessive Force/Assault | 08/21/2003 |
| Scott Lambert | None (identified as "Complaint") | Disciplinary | 08/22/2003 |
| Scott Lambert | None (identified as "Complaint") | Threats | 02/13/2003 |
| Scott Lambert | None (identified as "Complaint") | Threats | 02/27/2003 |
| Scott Lambert | IAD/99/0556 | Death | 06/14/1999 |
| Scott Lambert | SCU/10/0005 | Harassment, SCU: Miscellaneous Allegations | 05/20/2014 |
| Scott Lambert | IAD/08/0060 | Misconduct, IAD: Employee Misconduct | 06/02/2008 |
| Scott Lambert | SCU/06/0130 | Misconduct, SCU: Sexual Misconduct | 09/14/2006 |

| Scott Lambert | SCU/06/0181 | Sexual Harassment, SCU: Sexual Misconduct | 09/14/2006 |
|---|---|---|---|
| Scott Lambert | IAD/06/0879 | Property, IAD: Property Theft/Damage/ Inmate Property | 02/23/2007 |
| Scott Lambert | IAD/06/0606 | Assault, IAD: Excessive Force/Assault | 11/16/2006 |
| Scott Lambert | IAD/05/1115 | Assault, IAD Excessive Force/Assault | 12/22/2005 |
| Scott Lambert | IAD/05/0568 | Assault, IAD Excessive Force/Assault | 12/05/2005 |
| Scott Lambert | IAD/04/1252 | Sexual Misconduct, IAD: Other | 03/21/2005 |
| Scott Lambert | IAD/04/1162 | Assault, IAD Excessive Force/Assault | 10/21/2005 |
| Scott Lambert | IAD/03/0241 | Assault, IAD Excessive Force/Assault | 09/19/2003 |
| Scott Lambert | Complaint – 184791 | Sexual Misconduct, Frisk | 06/08/2016 |
| Scott Lambert | None (identified as "Complaint") | Harassment | 02/23/2005 |
| Scott Lambert | None (identified as "Complaint") | Disciplinary | 11/01/2006 |
| Scott Lambert | SCU/13/0055 | Staff/Inm Sexual Abuse (Assault), SCU: Staff/Inmate Sexual Assaults | 08/26/2013 |
| Scott Lambert | None (identified as "Complaint") | Threats | 02/27/2003 |
| Scott Lambert | None (identified as "Complaint") | Disciplinary | 05/02/2006 |
| Scott Lambert | SCU/06/0130 | Misconduct, SCU: Sexual Misconduct | 09/14/2006 |
| Scott Lambert | SCU/06/0181 | Sexual Harassment, SCU: Sexual Misconduct | 09/14/2006 |
| Scott Lambert | IAD/06/0879 | Property, IAD: Property Theft/Damage/ Inmate Property | 02/23/2007 |
| Scott Lambert | IAD/06/0606 | Assault, IAD: Excessive Force/Assault | 11/16/2006 |
| Scott Lambert | IAD/08/0060 | Misconduct, IAD: Employee Misconduct | 06/02/2008 |
| Scott Lambert | IAD/05/1115 | Assault, IAD: Excessive Force/Assault | 12/22/2005 |
| Scott Lambert | IAD/05/0568 | Assault, IAD: Excessive Force/Assault | 12/05/2005 |
| Scott Lambert | IAD/04/1252 | Sexual Misconduct, IAD: Other | 03/21/2005 |

7

| Scott Lambert | IAD/04/1162 | Assault, IAD: Excessive Force/Assault | 10/21/2005 |
| Scott Lambert | IAD/03/0241 | Assault, IAD: Excessive Force/Assault | 09/19/2003 |
| Scott Lambert | IAD/99/0556 | Death | 06/14/1999 |
| Scott Lambert | None (identified as "Complaint") | Harassment | 02/23/2005 |
| Melvin Maldonado | None (identified as "Complaint") | Harassment | 10/05/1010 |
| Melvin Maldonado | None (identified as "Complaint") | Frisk | 04/29/2009 |
| Melvin Maldonado | IAD/09/0657 | Assault, IAD: Excessive Force/Assault | 10/06/2009 |
| Melvin Maldonado | IAD/15/0338 | Assault, IAD: Excessive Force/Assault | 09/21/2015 |
| Melvin Maldonado | Complaint – 148048 | Harassment | 04/22/2013 |
| Melvin Maldonado | IAD/10/0468 | Assault, IAD: Excessive Force/Assault | 08/20/2010 |
| Melvin Maldonado | IAD/10/0372 | Assault, IAD: Excessive Force/Assault | 07/28/2010 |
| Melvin Maldonado | IAD/09/0949 | Assault, IAD: Excessive Force/Assault | 07/13/2009 |