UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DARLENE McDAY, individually and as Executrix
of the Estate of DANTE TAYLOR, and TEMPLE
McDAY

                                           Plaintiffs,

vs.

SERGEANT TIMOTHY LEWALSKI, et al.

                                           Defendants.

**DECLARATION**

**20-CV-00233**

_____

      LAURIE A. BAKER, hereby states pursuant to 28 U.S.C. §1746 that the following is true and correct and affirms under penalty of perjury:

      1.    I am an attorney duly admitted to practice in the United States District Court for the Western District of New York and I maintain a law office at 21 Princeton Place, Suite 105, Orchard Park, New York 14127 and appear as the attorney for Defendant Sergeant Timothy Lewalski (Sergeant Lewalski"), along with Cheryl Meyers Buth, Esq.

      2.    This motion is brought by Sergeant Lewalski seeking that the Court quash or modify the subpoena served by Plaintiff on or about December 19, 2023, upon the New York State Department of Corrections and Community Supervision ("DOCCS"), seeking all documents for his claims for worker's compensation benefits from the New York State Worker's Compensation Board; all documents concerning his disability benefits, including disability retirement benefits document submitted to or received from the New York State and Local Retirement System. A true and accurate copy of the subpoena is attached as "**Exhibit A**".

      3.    Prior to bringing this motion your Declarant discussed the subpoena as per items

10 and 11 with Plaintiff's counsel did not agree to modify and withdraw those items from the subpoena.

4. Sergeant Lewalski has no claims or counter claims against Plaintiff, nor has he placed is medical conditions at issue. The documents Plaintiff seeks are protected pursuant to HIPAA and no such release was ever given by Sergeant Lewalski.

5. For the reasons stated above and further articulated in the accompanying memorandum of law, this Court should quash Plaintiff's subpoena as it relates to Sergeant Lewalski's claims for worker's compensation benefits from the New York State Worker's Compensation Board; all documents concerning disability benefits, including disability retirement benefits document submitted to or received from the New York State and Local Retirement System

The undersigned hereby affirms that the allegations of fact set forth above are true and correct to the best of my knowledge and are made under penalty of perjury.

Dated: January 17, 2024
Orchard Park, New York

*/s/ Laurie A. Baker*
Laurie A. Baker, Esq.

# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DARLENE McDAY, individually and as Executrix of the Estate of DANTE TAYLOR,

                    Plaintiff,

v.

STEWART ECKERT, Superintendent, Wende Correctional Facility, et al.,

                    Defendants.

No. 20 Civ. 0233 (JLS)(JJM)

---

## NOTICE OF DOCUMENT SUBPOENA

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff Darlene McDay, individually and as Executrix of the Estate of Dante Taylor, by and through her attorneys, Emery Celli Brinckerhoff Abady Ward & Maazel LLP, will cause the attached subpoena to be served upon the following:

New York State Department of Corrections and Community Supervision
Records Access Officer/General Counsel
Harriman State Campus
1220 Washington Avenue Ext., Building 2
Albany, New York 12226-2050

A copy of the subpoena is attached to this notice and is hereby served upon on you.

Dated: December 19, 2023
New York, New York

                    EMERY CELLI BRINCKERHOFF
                    ABADY WARD & MAAZEL LLP

           By: _____/s/_____
                  Katherine Rosenfeld
                  Daniel E. Eisenberg
                  Eric Abrams
                  600 Fifth Avenue, 10th Floor
                  New York, New York 10020
                  (212) 763-5000

*Attorneys for Plaintiff*

TO:    David J. Sleight
OFFICE OF THE ATTORNEY GENERAL
Main Place Tower
350 Main Street, Suite 300A
Buffalo, NY 14202
(716) 852-6274

*Attorney for Defendants Eckert, Stirk, Muratore, Lambert, Freeman, Collett, Greighton, Theal, Baron, Olivieri, Dirienzo, Prishel, Stubeusz, Haque, Barall, Konesky, and Mancini*

Cheryl Meyers Buth
Laurie A. Baker
MEYERS BUTH LAW GROUP PLLC
21 Princeton Place
Orchard Park, NY 14127
(716) 508-8598

*Attorney for Defendant Lewalski*

Joseph M. LaTona
403 Main Street, Suite 716
Buffalo, NY 14203
(716) 842-0416

*Attorneys for Defendant McDonald*

Eric M. Soehnlein
Sean M. O'Brien
LIPPES MATHIAS LLP
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
(716) 853-5100

*Attorneys for Defendant White*

Daniel J. Henry, Jr.
VILLARINI & HENRY, L.L.P.
16 Main Street
Hamburg, NY 14075
(716) 648-0510

*Attorney for Defendant Horbett*

2

Rodney O. Personius
Scott R. Hapeman
Brian M. Melber
PERSONIUS MELBER LLP
2100 Main Place Tower
350 Main Street
Buffalo, NY 14202
716-855-1050

*Attorney for Defendant Janis*

Barry N. Covert
Diane M. Perri Roberts
Patrick J. Mackey
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, NY 14202
(716) 849-1333

*Attorneys for Defendant Maldonado*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of New York

| | |
|---|---|
| Darlene McDay )  | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 20-cv-0023(JLS)(JJM) |
| Steward Eckert ) | |
| ) | |
| *Defendant* ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: New York State Department of Corrections and Community Supervision, Records Access Officer/General Counsel, Harriman State Campus, 1220 Washington Avenue Ext., Building 2, Albany, NY 12226-2050

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| Place: Attn. Katherine Rosenfeld (krosenfeld@ecbawm.com)<br>Emery Celli Brinckerhoff Abady Ward & Maazel LLP<br>c/o DePaolo-Crosby Reporting Services, Inc., 135 Delaware Avenue, Suite 301, Buffalo, NY 14202 | Date and Time:<br>01/19/2024 12:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____          /s/ Katherine Rosenfeld
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff
, who issues or requests this subpoena, are:
Katherine Rosenfeld, Emery Celli Brinckerhoff Abady Ward & Maazel LLP, 600 5th Avenue, 10th Fl., New York, NY 10020, krosenfeld@ecbawm.com, 212-763-5000.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# EXHIBIT A

## DEFINITIONS

1. The term "document" is used in the broadest sense consistent with Rule 34(a) of the Federal Rules of Civil Procedure. The term includes, without limitation, any written, recorded, transcribed, taped, photographic or graphic matter, any electronically, magnetically, or digitally stored information, including, without limitation, voicemail, electronic mail, software, source code, object code or hard or floppy disc files, drafts, any other tangible things, and all copies of any of the foregoing that are different in any way from the original.

2. The term "concerning" means referring to, relating to, describing, evidencing, or constituting.

3. The terms "and" and "or" shall be construed. conjunctively or disjunctively as necessary to make the discovery requests inclusive rather than exclusive; use of a singular noun shall be construed to include the plural noun, and use of a plural noun shall be construed to include the singular noun; and the use of a verb in any tense shall be construed as the use of that verb in all other tenses whenever necessary to bring within the scope of the discovery request documents or information that might otherwise be construed to be outside its scope.

4. The term "including" means including but not limited to.

5. "You" or "Your," regardless of capitalization, means the person or persons responding to this subpoena.

## INSTRUCTIONS

1. In answering these Requests, you are under an obligation to make a diligent search of all files that you reasonably believe may contain responsive documents. You are required to produce all responsive and non-privileged documents in your possession, custody, or

control, including all documents contained in records or files of any persons acting on your behalf or direction, and any other files you are authorized to inspect and copy.

2. If you cannot comply in full with any Request, you shall comply to the extent possible and explain (a) what information you refuse to produce, and (b) why full compliance is not possible.

3. If you object to the production of any document on grounds of privilege, you must identify the document and the basis of the privilege, and provide sufficient information for Plaintiff to assess the applicability of the stated basis. In particular, you must provide: (a) the author of the document; (b) the name and title of each person who prepared or received the document; (c) the date of the document; (d) the subject matter of the document; (e) the identity and length of any attachments to the document; and (f) the basis for the claim of privilege or other grounds for withholding the document.

4. If you believe that only a portion of a document is protected by an applicable privilege, the non-privileged portion shall be produced with the allegedly privileged portion redacted and indicated as such. You shall provide the information set forth in Instruction No. 3 for each such redaction. Any attachment to an allegedly privileged document shall be produced unless you also contend that the attachment is privileged, in which case the information required in Instruction No. 3 shall be provided separately for each such attachment.

5. If you fail to produce a document or provide information requested on the grounds that such document or information is no longer in your possession, custody, or control, you shall state what disposition was made of that document or information, including, when applicable, the circumstances of any loss or destruction of such document or information.

6. Identical copies of a document need not be produced. But any copy of a document that varies from the original, whether by reason of handwritten notes or other notation or any omission, shall constitute a separate document and must be produced.

7. Each document requested should be produced in its entirety without deletion or redactions, except as subject to applicable privileges, regardless of whether you consider the entire document to be responsive to these requests or relevant to the claims.

8. You should produce all documents as they are kept in the usual course of business or shall organize and label them to correspond to the categories of these Requests.

9. Documents not otherwise responsive to these Requests shall be produced if such documents concern or relate to the documents that are responsive to the requests, or if such documents are attached to documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, attachments, emails, comments, evaluations, or similar materials.

10. These Requests are continuing in nature. If, subsequent to your production of documents, you obtain, locate, create, or otherwise become aware of a document that would have been included in the production had it been in your possession, custody, or control at the time of production, you shall promptly produce that document by supplemental production.

**DOCUMENT REQUEST**

1. Documents sufficient to show the specifications and measurements of DOCCS-issued and/or State-issued batons used by Correction Officers at the Wende Correctional Facility as of October 6, 2017.

2. Documents sufficient to show the materials out of which DOCCS-issued and/or State-issued batons used by Correction Officers at the Wende Correctional Facility as of October 6, 2017 were constructed.

3. A photograph or image of DOCCS-issued and/or State-issued batons used by Correction Officers at the Wende Correctional Facility as of October 6, 2017.

4. Documents sufficient to show the specifications and measurements of DOCCS-authorized boots approved for use by Correction Officers at the Wende Correctional Facility as of October 6, 2017.

5. A photograph or issue of DOCCS-authorized boots approved for use by Correction Officers at the Wende Correctional Facility as of October 6, 2017.

6. DOCCS Directive 3083 entitled "Uniform/Equipment Issue and Personal Appearance."

7. The version of DOCCS's Employee Manual in effect on October 6, 2017, the 2019 version of which is available at https://doccs.ny.gov/system/files/documents/2021/11/2019-employee-manual_redacted.pdf.

8. Documents regarding the policies, procedures and protocols governing the use of incarcerated individuals as "Confidential Informants" by facility correctional staff, including Correction Officers and Sergeants, in effect in 2017.

9. All documents from January 1, 2000 to the present concerning any prohibition against, banning of, or limitations on wearing black gloves by correctional staff, including Correction Officers and Sergeants, including but not limited to any documents regarding the basis, justification, or rationale for any rules, regulations, or prohibitions against, bans of, or limitations on the use of black gloves, as well as any procedures, policies, protocols, or rules regarding correctional staff wearing or otherwise displaying black gloves.

10. All documents concerning claims for workers compensation benefits made by Timothy Lewalski, including but not limited to all documents submitted to or received from the

New York State Workers' Compensation Board, in connection with injuries he allegedly suffered in the course of incidents involving incarcerated individuals in a DOCCS facility, including but not limited to use of force incidents.

11. All documents concerning claims for disability benefits, including disability retirement benefits, made by Timothy Lewalski, including but not limited to documents submitted to or received from the New York State and Local Retirement System, in connection with injuries he allegedly suffered in the course of incidents involving incarcerated individuals in a DOCCS facility, including but not limited to use of force incidents.