UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DARLENE McDAY, individually and as Executrix
of the Estate of DANTE TAYLOR, and TEMPLE
McDAY

                        Plaintiffs,

                                               **20-CV-00233**

vs.

SERGEANT TIMOTHY LEWALSKI, et al.

                        Defendants.
_____


## DEFENDANT TIMOTHY LEWALSKI'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH OR MODIFY SUBPOENA

 

MEYERS BUTH LAW GROUP, PLLC
Laurie A. Baker, Esq.
Cheryl Meyers Buth, Esq.
Attorneys for Defendant
Timothy Lewalski
21 Princeton Place
Suite 105
Orchard Park, New York  14127

**TABLE OF CONTENTS**

Page

PRELIMIARY STATEMENT ................................................................................................2

FACTUAL BACKGROUND ...................................................................................................2

ARGUMENT .............................................................................................................................2

      POINT I:    Sergeant Lewalski has a privacy interest to his medical records and they should not be disclosed ............................................................2

CONCLUSION ..........................................................................................................................6

TABLE OF AUTHORITIES

CASES                                                                                                                     Page(s)

*Burns v. Bank of Am.*,
    03 Civ. 1685, 2007 U.S. Dist. LEXIS 40037, at *14 (S.D.N.Y. June 4, 2007) ................. 3

*Doe v. Southeastern Penn. Transp. Auth.*,
    72 F.3d 1133 (3d Cir. 1995) ....................................................................................... 5

*Jacobs v. Connecticut Community Technical Colleges*,
    258 F.R.D. 192 (D. Conn. 2009) ................................................................................ 5

*Lemoine v. Mossberg Corp.*,
    3:19-CV-1270, 2020 U.S. Dist. LEXIS 107336, at *1 (D. Ct. June 18, 2020), .................. 3

*Libaire v. Kaplan*,
    760 F. Supp.2d 288 (E.D.N.Y. 2011) ...................................................................... 3,4

*Matson v. Bd. of Educ., City School Dist. of N.Y.*,
    631 F.3d 57 (2d Cir. 2011) ......................................................................................... 5

*Merlo v. McDonough*,
    No. 2:19-CV-5078 (ODW) (JC), 2021 U.S. Dist. LEXIS 188417(C.D. Ca. Aug. 2,
    2021) .......................................................................................................................... 6

*Robertson v. National Basketball Ass'n.*
    622 F.2d 34 (2d Cir. 1980) ......................................................................................... 4

*Shutrump v. Safeco Ins. Co. of America*,
    No. 17-CV-22 (CVE) (TLW), 2017 U.S. Dist. LEXIS 13205 *2 (N.D. Okla. Aug. 18,
    2017) .......................................................................................................................... 5

*Strike 3 Holdings, LLC v. Doe*,
    337 F.Supp.3d 246 (W.D.N.Y. 2018) ........................................................................ 5

*Syposs v. United States*,
    181 F.R.D. 224 (W.D.N.Y. 1998) ............................................................................. 5

*Warnke v. CVS Corp.*,
    265 F.R.D.64 (E.D.N.Y. 2010) ................................................................................. 5

*Weinstein v. University of Conn.*,
    No. 3:11-CV-1906 (WWE), 2012 U.S. Dist. LEXIS 115059, at *2 (D. Conn. Aug. 15,
    2012) .......................................................................................................................... 5

| STATUTES | Page(s) |
|---|---|
| Fed. R. Civ. P. 26(b)(1). | 3,4,5 |
| FRCP 26(c)(1)(D) | 4 |
| Fed. R. Civ. P. 45(d)(3)(A)(iii) | 3 |

**PRELIMIARY STATEMENT**

Defendant Corrections Sergeant Timothy Lewalski (Sergeant Lewalski) submits this Memorandum of Law in support of his motion to quash or modify a subpoena served by Plaintiff Darlene McDay upon the New York State Department of Corrections and Community Supervision (DOCCS) seeking to obtain his worker's compensation files and disability application file. Plaintiff's subpoena is nothing more than a fishing exhibition designed to harass and intimidate Sergeant Lewalski and obtain privileged and protected information otherwise not discoverable. For the reasons set forth, this Court should quash or modify the subpoena.

**FACTUAL BACKGROUND**

On or about December 19, 2023, the Plaintiff served a subpoena upon DOCCS seeking, among other things, all documents for his claims for worker's compensation benefits from the New York State Worker's Compensation Board; all documents concerning his disability benefits, including disability retirement benefits document submitted to or received from the New York State and Local Retirement System. Sergeant Lewalski has no claims or counter claims against Plaintiff, nor has he placed is medical conditions at issue. The documents Plaintiff seeks are privileged and otherwise undiscoverable.

**ARGUMENT**

**POINT I**

**Sergeant Lewalski has a privacy interest to his medical records
and they should not be disclosed**

Sergeant Lewalski was deposed on December 12, 2024. Following his deposition Plaintiff served a subpoena on DOCCS for his worker's compensation files and disability retirement file. Sergeant Lewalski never missed any days from work following the incident with

2

Plaintiff's decedent, Dante Taylor, nor did he file for worker's compensation benefits concerning that incident. Sergeant Lewalski retired from DOCCS in May 2021 and subsequently filed for disability retirement. Records from prior worker's compensation claims and his disability retirement contain private information concerning his medical condition, and as such he has a right to privacy in those records.

Pursuant to *Fed. R. Civ. P. 45(d)(3)(A)(iii),* a court must quash or modify a subpoena that requires disclosure of privileged or other protected matter, if no exception or waiver applies, or that subjects a person to an undue burden. Whether a subpoena imposes an undue burden depends upon consideration of "relevance, the need of the party for the documents, the breadth of the document requests, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Libaire v. Kaplan*, 760 F. Supp.2d 288, 293-94 (E.D.N.Y. 2011).

"[S]ubpoenas under Rule 45 are clearly not meant to provide an end-run around the regular discovery process under Rules 26 and 34." *Lemoine v. Mossberg Corp.*, 3:19-CV-1270, 2020 U.S. Dist. LEXIS 107336, 2020 WL 3316119, at *1 (D. Ct. June 18, 2020), quoting *Burns v. Bank of Am.*, 03 Civ. 1685, 2007 U.S. Dist. LEXIS 40037, 2007 WL 1589437, at *14 (S.D.N.Y. June 4, 2007). In any event, "[t]he reach of a subpoena issued pursuant to *Fed. R. Civ. P. 45* is subject to the general relevancy standard applicable to discovery under *Fed. R. Civ. P. 26(b)(1).*" *Syposs v. United States*, 181 F.R.D. 224, 226 (W.D.N.Y. 1998); See *Warnke v. CVS Corp.*, 265 F.R.D.64, 66 (E.D.N.Y. 2010). As amended in 2015, *Fed. R. Civ. P. 26(b)(1)* provides, in relevant part:

3

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable. *Fed. R. Civ. P. 26(b)(1).*

The Advisory Committee Notes to the 2015 Amendment clarifies that the rule was amended to "encourage judges to be more aggressive in identifying and discouraging discovery overuse." Pursuant to *FRCP 26(c)(1)(D)*, the Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including, inter alia, forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters. "Protection against unnecessary discovery is discretionary with the trial court and the court's rulings will be reversed only on a clear showing of abuse of discretion." *Robertson v. National Basketball Ass'n*. 622 F.2d 34, 35-36 (2d Cir. 1980).

In response to a motion to quash a subpoena, the party issuing the subpoena bears the initial burden of demonstrating that the information sought is relevant and material to the allegations and claims at issue in the proceedings. *Libaire* at 291. Thereafter, "the party seeking to quash the subpoena bears the burden of demonstrating that the subpoena is overbroad, duplicative, or unduly burdensome." Id. The decision whether to quash or modify a subpoena is committed to the sound discretion of the trial court. Id.

Here, defendant seeks to quash or modify a subpoena served by plaintiff upon DOCCS, a non-party to this litigation. "A party ordinarily lacks standing to quash a subpoena directed at a non-party unless the party is seeking to protect a personal privilege or right. If a party moves to quash a subpoena directed at a nonparty, the claim of privilege or right must be personal to the

4

movant, not the nonparty the subpoena was served on." *Strike 3 Holdings, LLC v. Doe*, 337 F.Supp.3d 246, 251-52 (W.D.N.Y. 2018) (citation and quotation marks omitted); see also Weinstein v. University of Conn., No. 3:11-CV-1906 (WWE), 2012 U.S. Dist. LEXIS 115059, 2012 WL 3443340, at *2 (D. Conn. Aug. 15, 2012).

The documents sought by Plaintiff from DOCCS relate to Sergeant Lewalski's applications for worker's compensation claims and disability retirement benefits and, as such, include medical records and information pertaining to his physical conditions as well as correspondence and decisional documents that likely include references to such information. Federal courts have consistently recognized that individuals have a privacy interest in their medical records, including a privacy interest sufficient to pursue a motion to quash a Rule 45 subpoena. See e.g. *Matson v. Bd. of Educ., City School Dist. of N.Y.*, 631 F.3d 57, 63-64 (2d Cir. 2011) ("there exists in the United States Constitution a right to privacy protecting the individual interest in avoiding disclosure of personal matters...[this] includes the right to protection regarding information about the state of one's health."); *Doe v. Southeastern Penn. Transp. Auth.*, 72 F.3d 1133, 1138 (3d Cir. 1995) (finding that medical records, "which may contain intimate facts of a personal nature, are well within the ambit of materials entitled to privacy protection" and are "precisely the sort intended to be protected by the penumbras of privacy."); Jacobs v. Connecticut Community Technical Colleges, 258 F.R.D. 192, 194-95 (D. Conn. 2009) (holding that plaintiff had a personal privacy right in his psychiatric and mental health records sufficient for standing to challenge a Rule 45 third party subpoena seeking such records); *Shutrump v. Safeco Ins. Co. of America*, No. 17-CV-22 (CVE) (TLW), 2017 U.S. Dist. LEXIS 132053, 2017 WL 3579211, at *2 (N.D. Okla. Aug. 18, 2017) ("Plaintiff clearly has a privacy interest in a file that contains his medical records, and because plaintiff has a legitimate privacy interest in the

5

contents of the file, he has standing to challenge the subpoena."); *Merlo v. McDonough*, No. 2:19-CV-5078 (ODW) (JC), 2021 U.S. Dist. LEXIS 188417, 2021 WL 4434336 (C.D. Ca. Aug. 2, 2021) (plaintiff has a privacy interest in medical records sought through a third party subpoena sufficient to qualify such records as "other protected matter and afford standing to Plaintiff to challenge their disclosure through a motion to quash.").

Here, the subpoena served upon DOCCS requires disclosure worker's compensation records and disability retirement records which are privileged and protected. Sergeant Lewalski's medical records are note relevant to the litigation, not at issue, he is not making a claim for any injuries that arose out of the incident that occurred with Dante Taylor, and he has ever provided a HIPAA release to Plaintiff for the release of such records.

## CONCLUSION

For the reasons stated above the Court should quash Plaintiff's subpoena or modify Plaintiff's subpoena to exclude items 10 and 11 seeking Sergeant Lewalski's worker's compensation records and disability retirement records.

Dated:  January 17, 2024
        Orchard Park, New York

                                      MEYERS BUTH LAW GROUP, PLLC


                                      s/<u>Laurie A. Baker</u>
                                      Laurie A. Baker, Esq.
                                      Cheryl Meyers Buth, Esq.
                                      Attorneys for Defendant
                                      Timothy Lewalski
                                      21 Princeton Place
                                      Suite 105
                                      Orchard Park, New York  14127