UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DARLENE McDAY, individually and as
Executrix of the Estate of DANTE TAYLOR,

                              Plaintiff,

v.

STEWART ECKERT, Superintendent,
  Wende Correctional Facility, *et al.*,

                              Defendants.

**REPORT AND RECOMMENDATION**

20-cv-00233(JLS)(JJM)

        The claims in this action arise from the October 7, 2017 suicide of Dante Taylor, an inmate in the custody of the New York State Department of Correction and Community Supervision ("DOCCS") at the Wende Correctional Facility, and an alleged assault by correction officers that occurred the day before his death. *See* Amended Complaint [57].[1]

        Before the court is plaintiff Darlene McDay's motion [281] pursuant to Fed. R. Civ. P. ("Rule") 15 and 16 for leave to file a Second Amended Complaint. The motion has been referred to me by District Judge John L. Sinatra, Jr. for initial consideration [23]. Having considered the parties' submissions [281, 288-292, 296], I recommend that the motion be denied.[2]

---

[1]     Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination.

[2]     "District courts in this circuit have suggested that a magistrate judge's denial of a motion to amend . . . should be treated as dispositive, while a grant of the same motion should be treated as nondispositive." Zink v. First Niagara Bank, N.A., 2015 WL 423221, *1 n. 2 (W.D.N.Y. 2015). While there is contrary authority (*see* Eastman Chemical Co. v. Nestle Waters Management & Technology, 2014 WL 1316772, *2 (S.D.N.Y. 2014) (advocating a nondispositive standard of review where "denial of leave to amend was based on procedural issues like failure to comply with a scheduling order")), I prefer to err on the side of caution.

## BACKGROUND

The parties' familiarity with the background of this case is presumed. My Case Management Order ("CMO") [120] set a deadline of February 17, 2022 for all motions to join parties and to amend the pleadings. Id., ¶5. That deadline passed without any party seeking to amend their pleadings or to extend their deadline for doing so. *See* Amended CMO [139]; Second Amended CMO [242].

Now, approximately two years after the deadline, McDay moves for leave to file a Second Amended Complaint. The proposed amendments include:

1. Removing defendants Lambert, Freeman, Collett, Greighton, Theal, Baron, Olivieri, Barall, Konesky, Mancini, and all Doe defendants;

2. Conforming the pleading to the September 24, 2021 Decision and Order [101] which dismisses the loss of intimate association claim, the substantive due process claim, and plaintiff Temple McDay;

3. Clarifying the identities of the individuals named as "Officer Defendants", "Medical Defendants", and "Wende Supervisors";

4. Adding the title "Failure to Intervene" to the heading of the existing cause of action for "Excessive Force", and specifies the particular defendants responsible for the alleged excessive force and those that allegedly failed to protect Taylor (*see* proposed Second Amended Complaint [281-4], Second Claim for Relief);

5. Removing all defendants, except Haque, from the Medical Malpractice Claim for Relief (*see* id. at Fourth Claim for Relief); and

6. Asserting new claims for negligence and conspiracy (*see* id. at Third and Fifth Claims for Relief).

*See* proposed Second Amended Complaint (redline version) [281-4]; McDay's Memorandum of Law [281-1] at 7. There appears to be no opposition to several of these proposed amendments, including nos. 1-3 (above). *See, e.g.*, McDay's Memorandum of Law [281-1] at 7-8; State

defendants' Memorandum of Law [289] at 2; Maldonado's Memorandum of Law [290] at 5. However, the balance of the proposed amendments are opposed for several reasons, including McDay's failure to meet the "good cause" standard of Rule 16(b)(4) for the belated motion. *See* Lewalski's Memorandum of Law [292-1] at 3-7; the State defendants' Memorandum of Law [289] at 7-8; Maldonado's Memorandum of Law [290] at 18-19.

## DISCUSSION

The deadline for seeking leave to amend is no less rigid than the other deadlines of the CMO that I am obligated to set. *See* Rule 16(b)(3)(A). "By limiting the time for amendments, the rule is designed to offer a measure of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed." Parker v. Columbia Pictures Industries, 204 F.3d 326, 339-40 (2d Cir. 2000).

"[T]he lenient standard under Rule 15(a), which provides leave to amend 'shall be freely given,' must be balanced against the requirement under Rule 16(b)", Holmes v. Grubman, 568 F.3d 329, 334 35 (2d Cir. 2009), namely that "[a] schedule may be modified *only for good cause*". Rule 16(b)(4) (emphasis added). Hence, "a party seeking to amend a pleading after the date specified in a scheduling order must first show 'good cause' for the amendment under Rule 16(b); then, if good cause can be shown, the party must demonstrate that the amendment is proper under Rule 15(a)." Carnrite v. Granada Hospital Group, Inc., 175 F.R.D. 439, 446 (W.D.N.Y. 1997). *See also* Jones v. City of New York, 2020 WL 582369, *2 (S.D.N.Y. 2020) ("[w]hether a movant has complied with Rule 16's good cause requirement is a threshold matter which may obviate the Rule 15 analysis"); Nairobi Holdings Ltd. v. Brown Brothers Harriman &

Co., 2006 WL 2242596, *3 (S.D.N.Y. 2006) ("[t]he standards of Rule 16(b) must be met first and can not be short-circuited by an appeal to those of Rule 15(a)").

As my CMO emphasized, "a finding of 'good cause' depends on the diligence of the moving party'". [120] at 3, *quoting* Parker, 204 F.3d at 340.  McDay largely ignores that standard, and instead argues that:

> "[g]ood cause exists here because [the] proposed amendment is modest and facilitates resolution of this case: it either shrinks the size and scope of this case by voluntarily dismissing defendants or adds clarity to the legal claims she asserts based on facts already pleaded. Plaintiff does not plead new facts or new claims that were not already well pleaded in the operative complaint . . . . Plaintiff's proposed amendment serves only to conform the pleading to the evidence already obtained in discovery."

McDay's Memorandum of Law [281-1] at 15.  However, "[t]he existence or degree of prejudice to the party opposing modification . . . is irrelevant to the moving party's exercise of diligence and does not show good cause". Kraft v. Marriott International, 2021 WL 3024164, *3 (W.D.N.Y.), adopted 2021 WL 2587721 (W.D.N.Y. 2021) (Sinatra, J.).

The only explanation of McDay's diligence is her general contention that she "moved diligently within the context of the scheduling orders of this case to seek permission to file a single, comprehensive amended pleading that addresses each outstanding issue necessary to resolve before summary judgment and trial." Id.  This explanation fails to meet the "good cause" standard of Rule 16(b)(4).

"[T]o demonstrate 'good cause' a party must show that despite their diligence the time table could not have reasonably been met." Carnrite, 175 F.R.D. at 446. "[T]he standard is not met if the pleading is based on information that the party knew, or should have known, in advance of the deadline sought to be extended." Essani v. Earley, 2018 WL 3785109, *6 (E.D.N.Y.), adopted, 2018 WL 4100483 (E.D.N.Y. 2018). *See also* Port Authority Police

Benevolent Association Inc. v. Port Authority of New York & New Jersey, 2016 WL 6083956, *5 (S.D.N.Y. 2016) (due diligence exists "if a party learns new facts through discovery that were unavailable prior to the applicable deadline and moves promptly to name new parties based on such facts").

McDay makes no attempt to identify specific information learned after the February 17, 2022 CMO deadline ([120], ¶5) that prompted the current motion to amend. Nor does she offer any information suggesting that she acted diligently in discovering that information or thereafter in bringing this motion. In fact, she argues that the proposed Second Amended Complaint "does not plead new facts or new claims that were not already well pleaded in the operative complaint" (McDay's Memorandum of Law [281-1] at 15),[3] suggesting that the proposed amendments are based on information that McDay knew of prior to the deadline for seeking leave to amend and not dependent on information discovered thereafter. See Rogers v. Hartford Life & Accident Insurance Co., 2012 WL 2395194, *2 (S.D. Ala. 2012) ("[b]y plaintiff's own admission, she could have made this proposed amendment . . . at the outset of these proceedings, inasmuch as the amendment is not dependent on newly acquired information via the discovery process . . . . [Thus,] it will be inordinately difficult for her to establish that, despite being diligent, she could not amend her pleading by the . . . scheduling order deadline").

The cases McDay relies upon for the existence of "good cause" are unpersuasive. See McDay's Memorandum of Law [281-1] at 16; Reply Memorandum of Law [296] at 14-15. For example, she cites to Walker v. Tomey, 2017 WL 5564602, *6 (N.D.N.Y. 2017), which states that "[i]t is not inappropriate to permit an amendment to pleadings in order 'to conform the

---

[3] See also McDay's Reply Memorandum of Law [296] at 6 (the proposed Second Amended Complaint merely "streamlines and clarifies the pleading based exclusively on facts already pleaded in the [Amended Complaint]").

pleadings to the evidence unearthed by discovery'". However, not only does that case ignore the "good cause" standard of Rule 16(b)(4), it quotes from Securities and Exchange Commission v. National Student Marketing Corp., 73 F.R.D. 444, 446 (D.D.C. 1977), a case that pre-dates the 1983 amendments to Rule 16(b) that resulted in the "good cause" standard.

McDay's reliance on Schottenstein v. Lee, 2024 WL 515247 (S.D.N.Y. 2024) fares no better. There, the plaintiffs argued that they had "good cause" for not seeking leave to amend for more than a year after the deadline for doing so because "they believed that [the particular claim they sought to add] . . . did not need to be separately pleaded as a cause of action." Id. at *2. Noting that pursuant to Rule 15(b)(2), "[p]arties may amend their pleadings even after trial to conform to the evidence", the court granted the motion, explaining that an amendment "to correct attorney error and conform the pleadings to facts already asserted during the discovery period" was "sufficient to meet the plaintiffs' Rule 16 burden". Id. I respectfully disagree.

First, Rule 15(b)(2), which is entitled "Amendments *During and After Trial* . . . . For Issues *Tried by Consent*" (emphasis added), has no applicability to contested pre-trial motions for leave to amend. See Set Capital LLC v. Credit Suisse Group AG, 2024 WL 20887, *2 (S.D.N.Y. 2024) ("[p]laintiffs offer no cogent argument or caselaw that a rule entitled 'Amendments During and After Trial,' that concerns issues 'tried' on the parties' consent, is actually a catch-all to allow for amendment whenever the evidence suggests"). Moreover, "authorities are legion for the proposition that attorney inadvertence, carelessness or oversight of a published deadline is insufficient, as a matter of law, to constitute 'good cause' under Rule 16(b)(4)." Rogers, 2012 WL 2395194 at *2. See also Martin v. Buono, 2021 WL 1424711, *3

(E.D. Pa. 2021) ("[c]arelessness, or attorney error is insufficient to constitute 'good cause' under Rule 16(b)").

My discretion to grant relief is limited by Rule 16(b)(4)'s requirement that "a schedule may be modified only for good cause". "[F]ederal courts have no more discretion to disregard [a] Rule's mandate than they do to disregard constitutional or statutory provisions." Bank of Nova Scotia v. United States, 487 U.S. 250, 255 (1988).

## CONCLUSION

Since McDay has not demonstrated good cause for her belated motion for leave to file a Second Amended Complaint, I recommend that the motion [275] be denied without considering the merits of the proposed amendments.[4]

Unless otherwise ordered by District Judge Sinatra, any objections to this Report and Recommendation must be filed with the clerk of this court by April 26, 2024. Any requests for extension of this deadline must be made to Judge Sinatra. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F.2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider de novo arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the

---

[4]   McDay's dismissal of particular defendants may be accomplished by a stipulation of dismissal.

proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated:  April 12, 2024

/s/Jeremiah J. McCarthy<br>
JEREMIAH J. MCCARTHY<br>
United States Magistrate Judge