UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DARLENE MCDAY, *et al*.,

                            Plaintiffs,

v.

STEWART ECKERT, *et al*.,

                            Defendants.

---

**DECISION AND ORDER**

Case No. 1:20-cv-233-JLS-JJM

         Defendant Timothy Lewalski moves [365][1] to seal an August 13, 2019 arbitration award by the State of New York Public Employment Relations Board [350-10] and a March 30, 2002 counseling memorandum [357-29] which plaintiffs have submitted in opposition to defendants' motions for summary judgment. Having reviewed the parties' submissions [365-367], for the following reasons the motion is denied.

## DISCUSSION

         Familiarity with the relevant facts is presumed. Motions to seal are subject to a three-part inquiry. First, the "court must conclude that the documents at issue are . . . judicial documents". Savage v. Sutherland Global Services, Inc., 747 F.Supp.3d 578, 584-85 (W.D.N.Y. 2024). If they are, the court must next "determine the weight of that presumption [of access]". Id. at 585. Finally, the court must "balance competing considerations against" the presumption of access, such as "the danger of impairing law enforcement or judicial efficiency and the privacy interest of those resisting disclosure". Id.

---

[1]      Bracketed references are to CM/ECF docket entries, and page references ae to CM/ECF pagination.

The arbitration award and counseling memorandum are clearly judicial documents. "[D]ocuments used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons". Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 121 (2d Cir. 2006). Accordingly, "the presumption of public access accorded the document[s] is entitled to great weight". Doe v. City of New York, 2019 WL 4392533, *2 (S.D.N.Y. 2019).

Lewalski argues that his "privacy interests overcome the presumption to access". Baker Affirmation [365-1], ¶12. He contends that disclosure of the arbitration award "would harm [him] in a professional sense", and that disclosure of the counseling memorandum would harm his reputation "because of concerns expressed during an employment evaluation". Id., ¶ 14. However, "[n]either the possibility of some harm to [defendant's] reputation nor to his employment prospects is a 'higher value' sufficient to overcome the strong presumption in favor of access". Doe, 2019 WL 4392533 at *2.

Lewalski suggests that his privacy interest is similar to those found to support the sealing of documents in Suffolk Regional Off Track Betting Corp. v. Unities States Small Business Administration, 2025 WL 1384157 (E.D.N.Y. 2025). Baker Affirmation [365-1], ¶13. I disagree. In that case, the documents at issue included "personal information, individual employee identities, social security numbers, salaries, or specific payments to individuals",  and the court concluded that "this traditionally private information weighs heavily in the Court's balancing against the presumption of access . . . and otherwise has no bearing on the lawsuit, and therefore the public will not be prejudiced if denied access to this information". 2025 WL 1384157, at *3.

Here, by contrast, Lewalski points to no similar traditionally private information that should be shielded from public view.  Accordingly, he has not sustained his burden to demonstrate that his concerns outweigh the strong presumption in favor of public access.

## CONCLUSION

For these reasons, Lewalski's motion [365] is denied. Absent further order, the arbitration award and counseling memorandum shall be filed on the public docket by July 3, 2025.

Dated: June 26, 2025.

\_\_\_/s/\_\_Jeremiah J. McCarthy_____
                JEREMIAH J. MCCARTHY
                United States Magistrate Judge