UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DARLENE MCDAY, *et al.*,

                        Plaintiffs,          **DECISION AND ORDER**

v.                                              Case No. 1:20-cv-233-JLS-JJM

STEWART ECKERT, *et al.*,

                        Defendants.
_____

        Defendant Stewart Eckert moves [339][1] to seal Exhibit D to his declaration filed in support of his motion for summary judgment: an investigative report of the New York State Department of Corrections and Community Supervision's Office of Special Investigations (the "OSI Report"). Having reviewed the parties' submissions [339, 356], and having reviewed *in camera* the un-redacted[2] OSI Report, for the following reasons the motion is denied in part and granted in part.

## DISCUSSION

        Familiarity with the relevant facts is presumed. Motions to seal are subject to a three-part inquiry. First, the "court must conclude that the documents at issue are . . . judicial documents". Savage v. Sutherland Global Services, Inc., 747 F.Supp.3d 578, 584-85 (W.D.N.Y. 2024). If they are, the court must next "determine the weight of that presumption [of access]". Id. at 585. Finally, the court must "balance competing considerations against" the

___

[1]     Bracketed references are to CM/ECF docket entries, and page references ae to CM/ECF pagination.

[2]     The version of the OSI Report provided for my *in camera* review contains redactions of what appear to be the identification numbers of inmates interviewed during the investigation.

presumption of access, such as "the danger of impairing law enforcement or judicial efficiency and the privacy interest of those resisting disclosure". Id.

The OSI Report is a judicial document. "[D]ocuments used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons". Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 121 (2d Cir. 2006). Accordingly, "the presumption of public access accorded the document[s] is entitled to great weight". Doe v. City of New York, 2019 WL 4392533, *2 (S.D.N.Y. 2019). "Higher values that may justify redactions include the privacy interest of innocent third parties as well as those of defendants that may be harmed by the disclosure . . . as well as financial records [ ], family affairs, illnesses, and embarrassing conduct with no public ramifications". United States v. Greenwood, __ F.4th __, 2025 WL 2101302, *4 (2025) (internal citations and alterations omitted).

Eckert requests sealing because "the OSI Report reflects evidence of OSI's investigatory practices" and because it "contains the decedent Dante Taylor's confidential health information". [339-1], ¶ 4. He argues sealing is necessary "to preserve the confidentiality of that OSI investigatory process, and to safeguard Mr. Taylor's privacy". Id. He cites no authority to support his assertion that these are compelling reasons sufficient to outweigh the public's interest in access to these judicial documents.

In response, plaintiff argues that "any concern about disclosing 'investigatory practices' from 2017 does not overrun the presumption of public access." [356] at 2. Plaintiff also points to the and the well-established principle that "confidentiality agreements alone are not an adequate basis for sealing". Id., citing Popat v. Levy, 2024 WL 2149038, *2 (W.D.N.Y. 2024). Plaintiff received the majority of the OSI Report outside of the discovery process through a FOIL request, "which demonstrates that it is almost entirely already in the public domain".

She also waives any privacy concerns that might exist concerning the "health information" contained in the report. "Plaintiff has determined that it is more important to her son's interest to have the results of a substantial governmental investigation into her son's death . . . on the docket. Plaintiff does not wish to hide the grotesque physical injuries inflicted on her son by the Officer Defendants. Dante Taylor's autopsy report should be public because sunlight is the best disinfectant." Id.

Eckert did not respond to plaintiff's arguments, despite having the opportunity to do so. See Text Order [347] ("granting plaintiffs' . . . Motion for Extension of Time to File responses and replies related to the motions pending before the court. Responses to the pending motions [. . . 339] shall be filed on or before May 23, 2025. Replies, if any, shall be filed by June 27, 2025").

I agree with plaintiffs that "information obtained by the plaintiff through its FOIL request is publicly disclosed information since it was as equally available to others as it was to the [plaintiff] had others chosen to look for it". U.S. *ex rel* Anti-Discrimination Center of Metro New York, Inc. v. Westchester County, 495 F.Supp.2d 375, 380 (S.D.N.Y. 2007) (internal quotations omitted). Accordingly, I start my analysis from the redacted version of the OSI Report attached to plaintiff's papers ([356-1]) and find that the unredacted information in that version of the report should not be sealed.

Next, I consider below each of Eckert's proposed reasons for sealing the remainder of the report. For the reasons stated below, I find that the report is not subject to sealing, except for specific redactions.

A.          **Evidence of OSI's Investigatory Practices**

The already-public portions of OSI Report do not appear to disclose any novel investigatory practices. The report documents the contents of the initial allegation, outlines the interviews and documents analyzed to investigate the allegation, and summarizes the investigator's conclusions. Redactions in the report relate to health-related information of a non-party corrections officer, the names and inmate numbers of inmates interviewed concerning the allegations, and photographs taken from the medical examiner's autopsy report.

"In the redaction analysis, courts take the privacy interests of third-parties seriously. . . . And concerns that disclosing the identities of cooperators could hinder law enforcement are also relevant". Doe, 2019 WL 4392533 at *2. "Officials with law enforcement responsibilities may be heavily reliant upon the voluntary cooperation of persons who may want or need confidentiality. If that confidentiality cannot be assured, cooperation will not be forthcoming. . . . If release is likely to cause persons in the particular or future cases to resist involvement where cooperation is desirable, that effect should be weighed against the presumption of access." United States v Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995).

Here, the setting of the investigation is a correctional facility. The allegations involved assault of an inmate by corrections officers. Although the OSI investigation may not be considered "law enforcement", I note that one of the recommendations available to the investigator on the form is referral for criminal prosecution. Any OSI investigation could, therefore, be the initial step in a criminal investigation. Further, even if the ramifications of an investigation are civil, rather than criminal, I find that there are similar confidentiality interests at play between voluntary cooperators in a law enforcement setting and inmates cooperating with an investigation into activities of corrections officers. Like informants in a criminal

investigation, cooperating inmates could be subject to retaliation by those being investigated. I therefore find that the names and inmate numbers that appear in the OSI Report should be redacted.

In addition, the health-related information related to Correction Officer ("CO") Jeanne Turner, identified on page 2 of the report, should be redacted. CO Turner is not a party to this action, and her health-related information is not at issue in this action. "[T]his traditionally private information weighs heavily in the Court's balancing against the presumption of access . . . and otherwise has no bearing on the lawsuit, and therefore the public will not be prejudiced if denied access to this information". Suffolk Regional Off Track Betting Corp. v. Unities States Small Business Administration, 2025 WL 1384157, *3 (E.D.N.Y. 2025). Accordingly, the last three lines of the first paragraph on page 2 of the OSI Report should be redacted.

**B.        Mr. Taylor's Privacy**

The remaining concern raised by Eckert is that the OSI Report "contains the decedent Dante Taylor's confidential health information" and sealing is necessary "to safeguard Mr. Taylor's privacy". [339-1], ¶ 4. This concern appears to be related to the remaining redactions in the version of the OSI Report produced in response to plaintiff's FOIL request – autopsy photographs of Mr. Taylor that appear on pages 4, 5, and 6.

Although medical information is often viewed as private, and even protected by statute in some situations, I have doubts that the same analysis applies here. An autopsy is performed after death, and is therefore not related to health care. Eckert has not provided any authority to suggest that an autopsy report is protected health information. Further, even assuming that there is a privacy interest in the contents of autopsy reports, "[l]ike other

testimonial privileges, the patient may of course waive the protection." Jaffee v Redmond, 518 U.S. 1, 15 n. 14 (1996).

Here, of course, Mr. Taylor cannot waive the protection, but plaintiff Darlene McDay is plaintiff's mother and "was appointed the executrix of Mr. Taylor's estate on November 16, 2017". Amended Complaint [57] at 5. "An executrix waives the physician-patient privilege when she files a lawsuit to which decedent's medical records would be relevant". Knights of Columbus v. Chiappone, 2019 WL 1507563, *1. Further, plaintiff explicitly stated that she "does not wish to hide the . . . physical injuries" depicted in the photographs and asserts that they "should be public because sunlight is the best disinfectant". [356] at 2.

Finally, the information depicted in the photographs is already public. The version of the OSI Report produced in response to the FOIL request contains full text descriptions of the decedent's injuries, as depicted in the photographs. *See* [356-1] at 4.

Accordingly, I find that the photographs should not be sealed or redacted.

## CONCLUSION

For these reasons, Eckert's motion [339] is denied, subject to my instructions, above, concerning appropriate redactions. Defendant shall submit to me on or before August 4, 2025, a proposed, redacted version of the OSI Report, for *in camera* review. Once redactions are finalized, the redacted version will replace [323-8] on the public docket.

Dated: July 29, 2025.

                                                /s/   Jeremiah J. McCarthy
                                                  JEREMIAH J. MCCARTHY
                                                  United States Magistrate Judge