UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



_____

DARLENE MCDAY, *individually and
as Executrix of the Estate of Dante
Taylor*, and TEMPLE MCDAY

            Plaintiffs,

    v.

STEWART ECKERT, *Superintendent,
Wende Correctional Facility*;
MARGARET STIRK, *Unit Chief, Wende
Correctional Facility*; KRISTEN
MURATORE, *Forensic Program
Administrator, Wende Correctional
Facility*; SERGEANT TIMOTHY
LEWALSKI; SERGEANT SCOTT
LAMBERT; CORRECTION OFFICER
McDONALD; CORRECTION OFFICER
FREEMAN; CORRECTION OFFICER
THOMAS WHITE; CORRECTION
OFFICER J. HORBETT;
CORRECTION OFFICER D. JANIS;
CORRECTION OFFICER MELVIN
MALDONADO; CORRECTION
OFFICER MARK COLLETT;
CORRECTION OFFICER
GREIGHTON; CORRECTION
OFFICER THEAL; CORRECTION
OFFICER BARON; JILL OLIVIERI,
R.N.; DIANE DIRIENZO, R.N.; LISA
PRISHEL, R.N.; DEBRA STUBEUSZ,
M.D.; ANJUM HAQUE, M.D.;
BERTRAM BARALL, M.D.; KELLY
KONESKY, LCSW-R; DANA
MANCINI, SW2; JOHN and JANE
DOES 1-10; and JOHN and JANE
SMITH 1-14,

            Defendants.

_____

20-CV-233 (JLS) (JJM)

## <u>DECISION AND ORDER</u>

The claims in this action relate to the death of, and alleged assault upon, Dante Taylor, an inmate at Wende Correctional Facility. This Court has referred the case to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. §§ 636(b)(1)(A)–(C). Dkt. 23.

Before the Court are Defendants' motions for summary judgment pursuant to Federal Rule of Civil Procedure 56, *see* Dkt. 323, 325, 328, 329, 330, 332, 333, and Plaintiff Darlene McDay and Defendants' motions to exclude expert testimony. *See* Dkt. 324, 326, 327, 331, 334, 335, 336, 338. On February 11, 2026, Judge McCarthy issued a Report, Recommendation, and Order ("R&R") recommending that this Court deny Defendants' collective summary judgment motions and ordered that (1) Plaintiff's [331] motion to exclude the testimony and opinion of proposed expert John Rourke is granted; and (2) that the parties' remaining [324], [326], [327], [334], [338], [335], and [336] motions to exclude expert witnesses are denied. Dkt. 388 at 26.[1]

The parties filed objections to the R&R as follows:

- Defendant Stewart Eckert objected to the R&R and argues that the R&R erroneously denied his motion for summary judgment on Plaintiff's Eighth Amendment failure to protect claim and erred by denying his motion to exclude the opinions of Plaintiff's

---

[1] Page numbers refer to the CM/ECF generated numbering in the header of each page.

2

proposed corrections supervision expert witness, Patrick Hurley. Dkt. 396.

- Defendant Kelly McDonald objected to the R&R and argues that it erroneously denied her motion for summary judgment.  Dkt. 398.

- Defendant Thomas White objected to the R&R and argues that the R&R erroneously denied his motion to exclude the testimony and opinion of Plaintiff's proposed pain and suffering expert, Dr. Zhonghue Hua, M.D., Ph.D.  Dkt. 399.  Defendant Thomas White also objected separately to the R&R's denial of his motion to exclude the Plaintiff's proposed psychiatric distress expert witness, Daniel Selling, Psy.D.  Dkt. 400.

- Defendant James Horbett objected to the R&R and argues that the R&R erroneously relied on testimonial evidence in denying his motion for summary judgment.  Dkt. 402.

- Defendant Timothy Lewalski objected to the R&R and argues that the R&R erroneously denied his motion for summary judgment and erred in allowing limited testimony from Plaintiff's proposed corrections expert witness, John Ginnitti. Dkt. 403.

3

- Defendant Dylan Janis objected to the R&R and argues that the R&R erroneously relied on testimonial evidence in denying his motion for summary judgment. Dkt. 404.

- Defendant Melvin Maldonado objected to the R&R and argues that the R&R erroneously denied his motion for summary judgment. Dkt. 405.

Plaintiff opposed each Defendant's objections, Dkt. 408, 409, 410, and Defendants Eckert, Horbett, Janis, McDonald, Lewalski, and Maldonado replied. Dkt. 411, 412, 413, 414, 415.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). And a district court "may only set aside a magistrate judge's order on a non-dispositive issue if it is 'clearly erroneous or contrary to law.'" *In re Batbold*, No. 21-MC-218 (RA) (OTW), 2023 WL 2088524, at *2 (S.D.N.Y. Feb. 17, 2023) (quoting 28 U.S.C. § 636(b)(1)(A)); *see also* Fed. R. Civ. P. 72(a). Relevant here, "[t]he decision to admit or exclude expert testimony is considered non-dispositive of an action." *Pac. Life Ins. Co. v. Bank of New York Mellon*, 571 F. Supp. 3d 106, 112 (S.D.N.Y. 2021) (quoting *Sansalone v. Bon Secours Charity Health Sys., Inc.*, No. 05 CIV. 8606 (BSJ), 2009 WL 1649597, at *2 (S.D.N.Y. June 11, 2009)).

4

A "finding is 'clearly erroneous' when[,] although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Laufer*, No. 17CV9424CSJCM, 2023 WL 4200865, at *1 (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). And a "ruling is 'contrary to law' if the magistrate judge failed to apply or misapplied relevant statutes, case law or rules of procedure." *Id.* (citation omitted). It is "well-settled that a magistrate judge's resolution of a non-dispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion." *Id.* (citation omitted). This "'highly deferential' standard 'imposes a heavy burden on the objecting party.'" *Id.* (quoting *United States v. Williams*, 339 F. Supp. 3d 129, 133 (W.D.N.Y. 2018)).

This Court has carefully reviewed the R&R, the objections briefing, and the relevant record. Based on that review, this Court accepts and adopts Judge McCarthy's recommended disposition of Defendants' motions for summary judgment and affirms his orders.

For the reasons stated above and in the R&R, the Court DENIES Defendants' [323], [325], [328], [329], [330], [332], and [333] motions for summary judgment and affirms the balance of the R&R.

The parties shall submit status reports to the Court advising whether the case is trial ready by June 26, 2026, at which time the Court will schedule a status conference.


SO ORDERED.


Dated:        June 12, 2026
              Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

6